1   PAUL W. REIDL (SBN 155221)
    Law Office of Paul W. Reidl
2   285 Troon Way
    Half Moon Bay, CA 94019
3   Telephone: (650) 560-8530

4   *Attorney for Defendants*

5              **UNITED STATES DISTRICT COURT**

6              **EASTERN DISTRICT OF CALIFORNIA**

7                    **(SACRAMENTO DIVISION)**

8   **APPLE HILL GROWERS,**              Case No. 2:17-cv-02085-TLN-CKD

9          Plaintiff,                    **MEMORANDUM IN SUPPORT OF MOTION
                                         TO DISMISS AND FOR SUMMARY**
10         v.                            **JUDGMENT ON THE STATE LAW CLAIMS**

11  **EL DORADO ORCHARDS, et al.,**      **Date:** December 14, 2017

12         Defendant.                    **Time:** 2:00 pm

13                                       **Courtroom:** 2, 15th Floor

14  _____     **Hon. Troy L. Nunley**

15          In this case, a growers' association is asserting monopolistic rights in gross over the use of the

16  geographic term Apple Hill.  In their view, they are the only person who can lawfully use (or license

17  the use of) the term "Apple Hill," and anyone who uses Apple Hill in their business or who promotes

18  goods grown in the Apple Hill growing area without their permission is liable for damages and must

19  be enjoined.  (Complaint ¶ 40).  This Complaint is the culmination of a dispute between the growers'

20  association and the Visman family that began in 2013.

21          The motion seeks dismissal of: (a) Defendants Brad and Kandi Visman, (b) Claims I, II, IV

22  and V against Mason Visman, and (c) Claims I, II, IV and V against Defendants El Dorado Orchards

23  and Brad and Kandi Visman to the extent they are based on their "Twin Apple Logo."  It also seeks

24  summary judgment on the State law claims (IV and V) because the Statute of Limitations has expired.

MEMORANDUM IN SUPPORT OF MOTION
TO DISMISS AND FOR SUMMARY JUDGMENT

## I. FACTUAL BACKGROUND

The Plaintiff is a growers' association in the Apple Hill area. It was founded in 1964. It claims to license the term Apple Hill to growers in the area and to promote goods grown in the Apple Hill area. The Defendants are members of the Visman family and their family business, El Dorado Orchards d/b/a Boa Vista Orchards. Brad and Kandi Visman live and farm in the Apple Hill area. Their son, Mason, is a web entrepreneur who owns and operates a web site that promotes the growers in the Apple Hill area. He has also developed an app to promote the Apple Hill area.

In or about 2012, the Vismans became dissatisfied with the growers' association, and El Dorado Orchards withdrew from it. Mason built the web site to promote the Apple Hill growing area because he believed that the growers' association's efforts were ineffective. In August 2013, the growers' association sent a letter to the Defendants demanding that they cease using the term Apple Hill in their business and that Mason stop promoting goods and services from Apple Hill on his web site. Defendants refused to comply with this demand.

Plaintiff seeks treble damages (as measured by Defendants' profits) and attorneys' fees. It seeks to enjoin all use of the term Apple Hill even though El Dorado is a grower in the Apple Hill growing area and Mason promotes only goods and services originating in the Apple Hill growing area. Plaintiff wants the Court to send an unambiguous message that it has a monopoly over the term Apple Hill and that anyone who uses that term in any way will be punished severely and financially ruined.

## II. LEGAL STANDARDS

### A. Motion to Dismiss

Federal Rule of Civil Procedure 12 (b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." Dismissal is appropriate where the Complaint or defense lacks a cognizable legal theory or sufficient facts to support same. *See Balistreri v. Pacifica Police Dep't,* *901 F.2d 696, 699 (9th Cir. 1990).* A proper pleading under Rule 8 "does not need detailed factual

MEMORANDUM IN SUPPORT OF MOTION
TO DISMISS AND FOR SUMMARY JUDGMENT

1  allegations" but the "[f]actual allegations must be enough to raise a right to relief above the

2  speculative level." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007). "[A] plaintiff's

3  obligation to provide the `grounds' of his `entitle[ment] to relief' requires more than labels and

4  conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.*  The

5  court must accept as true all "well-pleaded factual allegations." *Ashcroft v. Iqbal,* 556 U.S. 652, 129

6  S. Ct. 1937, 1950 (2009). However, the court is not "required to accept as true allegations that are

7  merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden*

8  *State Warriors,* 266 F.3d 979, 988 (9th Cir. 2001); *see also Doe I v. Wal-Mart Stores, Inc.,* 572 F.3d

9  677, 683 (9th Cir. 2009).  "In sum, for a Complaint to survive a motion to dismiss, the non-

10 conclusory factual content, and reasonable inferences from that content, must be plausibly

11 suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Service,* 572 F.3d 962, 969

12 (9th Cir. 2009) (citations omitted).

13  **B.    Motion for Summary Judgment**

14      Summary judgment is appropriate when "there is no genuine issue as to any material fact and

15 [the] moving party is entitled to judgment as a matter of law." Fed.  R. Civ. P. 56 (a); *Celotex Corp.*

16 *v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548 (1986); *Sweats Fashions Inc. v. Pannill Knitting Co., Inc.,*

17 833 F.2d 1560, 1562-1563 (Fed. Cir. 1987).  The burden is on the moving party to demonstrate the

18 absence of a genuine issue of material fact by showing "that there is an absence of evidence to

19 support the nonmoving party's case."  *Celotex* at 325; *Horphag Research Ltd. v. Garcia,* 475 F.3d

20 1029, 1035 (9th Cir. 2007) (citation omitted).  If the moving party meets that initial burden, the

21 nonmoving party is required to submit **specific** facts in the form of admissible evidence to

22 demonstrate that there is a **genuine** issue for trial.  *Celotex* at 324 (emphasis added).  It is insufficient

23 for the nonmoving party to rest on the pleadings, assertions, conjecture, or possibilities; rather, in

24 order to establish the existence of a disputed fact requiring a trial the nonmoving party must point to

MEMORANDUM IN SUPPORT OF MOTION
TO DISMISS AND FOR SUMMARY JUDGMENT

1  an evidentiary conflict **in the record.**  This "[e]vidence must be concrete and cannot rely on `mere

2  speculation, conjecture, or fantasy.'" *O.S.C. Corp. v. Apple Computer, Inc.,* 792 F.2d 1464, 1467 (9th

3  Cir. 1986).  As is especially relevant here, uncorroborated and self-serving testimony or declarations,

4  without more, do not create a genuine issue of material fact. *Villiarama v. Aloha Island Air, Inc.,* 281

5  F.3d 1054, 1061 (9th Cir. 2002); *Kennedy v. Applause, Inc.,* 90 F.3d 1477, 1481 (9th Cir. 1996); *see*

6  *DuBois v. Ass'n Apart. Owners 2987 Kalakaua,* 453 F.3d 1175, 1180 (9th Cir. 2006).  Nor will "a

7  mere `scintilla' of evidence" be sufficient "to defeat a properly supported motion for summary

8  judgment; instead, the nonmoving party must introduce some `significant probative evidence tending

9  to support the complaint.'" *Fazio v. City & County of San Francisco,* 125 F.3d 1328, 1331 (9th Cir.

10  1997).

11        A dispute over a material fact is "genuine" only if a reasonable finder of fact viewing the

12  record as a whole could find in favor of the nonmovant.  *See Olde Tyme Foods, Inc. v. Roundy's*

13  *Inc.,* 961 F.2d 200, 202 (Fed. Cir. 1992).  In deciding the motion, the Court must view the evidence

14  in the light most favorable to the nonmovant, and draw all reasonable inferences from the underlying

15  facts in favor of the nonmovant.  *Id.*  Summary judgment is appropriate on damages claims.  *Lemon*

16  *v. Harlem Globetrotters Int'l, Inc.,* 437 F. Supp. 2d 1089, 1103-1104 (D. Ariz. 2006); *see Aubuan v.*

17  *General Electric Co*., 3 F.3d 359, 332-334 (9th Cir. 1993).

18  **III.    SUMMARY OF ARGUMENT**

19        The Plaintiff has bundled together all of the allegations against all of the Defendants.  But

20  when they are unbundled and examined in the context of what each specific Defendant is alleged to

21  have done, certain claims should be dismissed.

22        Mr. and Mrs. Visman have been sued in their individual capacity; however, Plaintiff has not

23  pleaded any facts that make it plausible that either was personally involved in the alleged infringement.

24  They should therefore be dismissed as defendants.

MEMORANDUM IN SUPPORT OF MOTION
TO DISMISS AND FOR SUMMARY JUDGMENT

1    Mason Visman is alleged to have a web site and an app that promote third party goods and

2    services grown and offered by growers in the Apple Hill area.  These include Plaintiff's members.

3    The claims against him should be dismissed for several reasons.  First, there are no facts pleaded that

4    would make it plausible that a reasonable consumer would believe that his web site is the source of

5    the third party goods he promotes on it.  The Trademark Trial and Appeal Board dismissed the same

6    allegations in the cancellation proceeding brought by Plaintiff.  Similarly, Plaintiff has failed to plead

7    that it has priority over the web-based services offered by Mr. Visman; its attempt to assert priority

8    based on a publication called CIDER PRESS is implausible because the mark is totally dissimilar to

9    APPLE HILL.  Finally, Mr. Visman's web site does not injure Plaintiff or its members because it

10   promotes the goods of Apple Hill growers and directs business to them.

11   To the extent that Plaintiff claims that Defendant El Dorado's "Twin Apple Logo" is infringing

12   the APPLE HILL registered mark, Plaintiff has failed to allege any facts that would make consumer

13   confusion plausible because the two marks are totally dissimilar.

14   Summary Judgment should be granted on the state law claims because Plaintiff's demanded

15   that Defendants cease and desist their conduct in August 2013, Defendants refused, and the four (4)

16   year statute of limitations has plainly lapsed.

17   **IV.    ARGUMENT ON MOTION TO DISMISS**

18   **A.    Claims I-V Against Brad and Kandi Visman Should be Dismissed**

19   The Complaint alleges that Defendant El Dorado Orchards is a California corporation that does

20   business under the name Boa Vista Orchards.  (Complaint ¶ 2).  It further alleges that Defendant Brad

21   Visman is a Director of El Dorado (Id. ¶ 3) and his wife Kandi Visman is its Secretary/Treasurer and

22   CFO. (Id. ¶ 4). Obviously, the individuals were sued for the ad terrorum effect and the publicity that

23   the association whipped up after the Complaint was filed.

24   //

MEMORANDUM IN SUPPORT OF MOTION
TO DISMISS AND FOR SUMMARY JUDGMENT

1    Corporate officers may be held liable for trademark infringement, but such liability is not

2    automatic.  The plaintiff must plead and prove that the corporate officer personally committed the act

3    or knowingly and substantially participated in the infringing conduct.  *See, e.g., Committee ore Idaho's*

4    *High Desert, Inc. v. Yost,* 92 F. 3d 814, 823-24 (9th Cir. 1996).

5    Other than generalized boilerplate allegations that the "Defendants" collectively engaged in

6    the allegedly infringing conduct, there are no facts alleged that would make it plausible that a

7    Corporate Director (Mr. Visman) or a Corporate Secretary/Treasurer and CFO (Mrs. Visman) were

8    personally involved in it or knowingly and substantially participated in it.  In fact, it would be quite

9    unusual for a corporate Director or CFO to be involved personally in trademark infringement.  Before

10   putting the individuals personally through the expense of litigation, it is incumbent on the Plaintiff to

11   plead facts which make their liability plausible.  Since none have been pleaded, they must therefore

12   be dismissed as Defendants.

13   **B.      The Trademark Infringement, False Association Claims and Unfair
              Competition Claims Against Mason Visman Should Be Dismissed.**
14   **(Claims I, II, IV, V)**

15   The Complaint selectively ignores certain key facts and in the process misleads the Court about

16   what has transpired between the parties.  Plaintiff and Mason Visman are litigants in a Trademark

17   Trial and Appeal Board ("TTAB") cancellation action proceeding initiated by Plaintiff in May 2016.[1]

18   Therein, Plaintiff seeks to cancel Mr. Visman's registration on the Supplemental Register of APPLE

19   HILL for:

20        Advertising and directory services, namely, promoting the services of others by
          providing a web page featuring links to the websites of others; advertising and marketing
21        of spirits, alcoholic beverages and beer; promoting the goods of others, namely,
          providing coupons, rebates and vouchers for the goods of others; promotion and
22        marketing services and related consulting; providing an on-line commercial information

23   ─────────────
     [1]      Defendant Mason Visman has moved to stay the TTAB proceeding in accordance with 37
24   C.F.R. § 2.117.  Plaintiff has opposed this motion.

Page 6

directory on the internet; providing marketing and promotion of special events; all of the foregoing for goods and services originating in the Apple Hill area of California.[2]

This registration was granted on December 22, 2014 and the application to register was filed on December 6, 2012. A copy of that registration (no. 4,682,963) is attached as Exhibit A and the Court is asked to take judicial notice of it since it is a public record and its accuracy cannot be reasonably questioned.[3]

The reason why Plaintiff did not tell the Court about the registration is that its existence, and the TTAB proceeding, makes their apparently clean *prima facie* case against Mr. Visman much murkier. First of all, Mr. Visman has filing priority over Plaintiff's Registration no. 5,034,321 (which according to Exhibit B to the Complaint was filed on May 15, 2015.) Thus, as he cannot infringe that registration because he has prior rights.

Secondly, the Plaintiff made the same argument to the TTAB that it makes in its Complaint, namely, that Mr. Visman's advertising and promotional services infringe Plaintiff's rights in the "fresh fruit and fruit Juices" covered by its 1996 registration (no.1,945,541)(Complaint ¶ 15) and various common law rights in the licensed goods. Defendant Mason Visman moved to dismiss these claims in the TTAB proceeding, and in its decision of September 16, 2016 the TTAB granted that motion /

//

---

[2]    A registration on the Supplemental Register means that the mark is not inherently distinctive, in this case, that it is primarily geographically descriptive of the Apple Hill growing area. *In re Chippendales USA, Inc.,* 622 F.3d 1346, 1353 n.9 (Fed. Cir. 2010). Although Plaintiff alleges in its anti-cybersquatting claim that Mr. Visman "has no rights or legitimate interest" in the domain names containing the term "apple hill," the Plaintiff can only make that statement if it ignores the fact that Mr. Visman has a trademark registration for the term. *See* 15 U.S.C. § 1125 (d)(1)(B)(i)(I). Plaintiff also ignores the law in this Circuit that using a trademark in the domain name of a web site that sells or promotes goods bearing that mark is a non-actionable nominative fair use. Id. § 1125 (d)(1)(B)(i)(IV); *Toyota Motor Sales, USA, Inc. v. Tabari,* 610 F. 3d 1171 (9th Cir 2010).

[3]    This Court may take judicial notice of facts that are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). Courts may rely on information subject to judicial notice when deciding a Rule 12 motion. *Swartz v. KPMG LLP,* 476 F.3d 756, 763 (9th Cir. 2007).

MEMORANDUM IN SUPPORT OF MOTION
TO DISMISS AND FOR SUMMARY JUDGMENT

with leave to amend. (A copy of the Board's decision is attached as Exhibit B and the Court is requested to take judicial notice of it.)  As the Board held:

> In addition, because there is no clear relationship between the wide range of goods and services referred to in this paragraph and Respondent's advertising, directory, promotion and marketing services, a claim of consumer confusion with respect to these goods and services requires further details regarding the relationship of the goods and services to Respondent's services and the similarities in the channels of trade in order to give Respondent fair notice of the claim.

Order, Slip op. at 8.

Plaintiff then amended its Cancellation Petition to plead the same goods that it pleads in paragraphs 15 and 16 of the Complaint (i.e. the goods covered by the two registrations pleaded in paragraphs 15 and 16).  Finding that insufficient, in its Order of January 10, 2017. the TTAB again DISMISSED the claims, this time with prejudice. (A copy of that Order is attached as Exhibit C and the Court is asked to take judicial notice of it.)  As the Board held:

> In the first amended petition for cancellation, Petitioner alleges that "the goods and services which Petitioner licenses" under the APPLE HILL mark are related, if not identical to, the goods and services provided by "Third Parties" to whom Respondent provides his advertising and promotional services. Petitioner's amended allegations of likelihood of confusion with respect to its licensed goods and services consist solely of allegations of confusion with goods and services that are not identified in the subject registration (no. 1,945,541) and not alleged to be provided by Respondent. Because Petitioner has failed to allege any factual circumstances by which Respondent's mark, when used in connection with the services named in the subject registration, is likely to cause confusion, mistake or to deceive consumers with respect to Petitioner's licensed goods and services (including the goods named in the pleaded registrations), Petitioner has failed to allege a prima facie claim of likelihood of confusion with respect to such goods and services.

Order, Slip op. at  4-5.

The TTAB's decision makes eminent sense and should be followed by the Court.  As alleged, Mr. Visman simply promotes third party goods that originate in the Apple Hill growing area on his web site and app by providing information about the Apple Hill growing area and links to various growers in that area. (Complaint ¶¶ 24, 27, 29).  There is no allegation that **he** uses an APPLE HILL

1  trademark on any of the goods allegedly licensed by Petitioner.  In fact, Plaintiff claims that some of

2  the listings on Mr. Visman's site are its own members! (Complaint ¶ 23.)  How a truthful listing for

3  the goods of Plaintiff's members or other growers in the Apple Hill growing area can cause source

4  confusion between Plaintiff and Mr. Visman is unexplained – and implausible.  In short, there is no

5  factual allegation that a consumer who sees the goods promoted on Mr. Visman's web site will believe

6  that they originate **with him** simply because he is advertising and promoting them.

7      At bottom, there are no facts alleged that would make it plausible that consumers are likely to

8  believe that Mr. Visman's web site **is the source of the goods promoted by him** – especially since

9  he is not alleged to make any goods and his services consist of identifying the producer of the goods

10  so a consumer can go to that grower and purchase them.

11      **2.      Plaintiff's Claim About Advertising and Promotional Services**

12      Plaintiff alleges that Mr. Visman provides web-based advertising and promotional services for

13  goods originating in the Apple Hill growing area.  Plaintiff also alleges that it provides such web-

14  based services and has its own app.  (Complaint ¶ 13.)  It claims that it has provided these services

15  since 1964.  (Id.).  It further alleges that for fifty (50) years it has published a brochure called CIDER

16  PRESS the promotes goods originating in the Apple Hill growing area.  (Id. ¶ 18.) [4]

17      In order to prevail on its Complaint, Plaintiff must plead and prove priority.  *Sengoku Works*

18  *Ltd. v. RMC Intern., Ltd.,* 96 F. 3d 1217, 1219 (9th Cir. 1996).  Plaintiff has failed to state a claim

19  because it has not pleaded a plausible claim of priority.  As alleged by Plaintiff, Mr. Visman's services

20  are web-based.  Plaintiff does not allege that it was the first to use this platform or to develop an app,

21  //

22

23  [4]      The assertion that no one but the Plaintiff can advertise or promote goods and services that
    originate in the Apple Hill growing area without its permission raises significant First Amendment
24  concerns. *See Brookfield Communications v. West Coast Entertainment*, 174 F.3d 1036, 1065 - 1066
    (9th Cir. 1999)(acknowledging that fair use considerations apply to cyberspace.)

MEMORANDUM IN SUPPORT OF MOTION
TO DISMISS AND FOR SUMMARY JUDGMENT

1   or that it was the first to achieve secondary meaning for the trademark Apple Hill on these platforms.

2   Without such an allegation it has not pleaded a prima facie case of infringement.

3        Instead, Plaintiff pleads a "belt and suspenders" approach to priority.  It claims that it has

4   common law rights dating from 1964 (the year in which it allegedly coined the term Apple Hill) based

5   on a printed brochure/map called the CIDER PRESS.  Obviously, the title of this publication is a very

6   different trademark than Apple Hill, and dissimilar in sight, sound and meaning such that confusion is

7   implausible. *Champagne Louis Roederer, S.A. v. Delicato Vineyards,* 148 F.3d 1373, 1375 (Fed.

8   Cir.1998)(a single factor "may be dispositive in a likelihood of confusion analysis, especially when

9   that single factor is the dissimilarity of the marks.")   There are no facts pleaded to support the claim

10  that users of Mr. Visman's web site will think that he is the source of the CIDER PRESS brochure.

11  Moreover, despite what Plaintiff's plead, in 1964 "the internet" was the stuff of science fiction novels

12  and the fact that Plaintiff had a brochure/map called CIDER PRESS does not make it plausible that it

13  has priority on all manner of advertising or promoting goods and services in any medium, especially

14  one that would not be invented for another thirty (30) years.  Thus, the claim is implausible.

15       **3.    Promoting Goods from the Apple Hill Growing Area
            Does Not Cause Injury to Plaintiff or its Members.**

16  The only injury suffered by Plaintiff is to its ego, and that is not actionable.

17       Plaintiff claims that Mr. Mason Visman's actions somehow cause injury to it and its members.

18  (Complaint ¶ 42, 45, 69, 73).  But if the Court steps back from the generalized assertions, it should see

19  that the claim is implausible.

20       Mr. Visman is not alleged to be a grower or a producer of goods who competes with Plaintiff's

21  members; he is alleged to be an internet entrepreneur who is promoting goods grown by the growers

22  in the Apple Hill growing area.  By promoting goods of Plaintiff's members, he is providing a service

23  //

24

MEMORANDUM IN SUPPORT OF MOTION
TO DISMISS AND FOR SUMMARY JUDGMENT

1  that **is beneficial** to Plaintiff's members.  He is directing traffic to their businesses.  Obviously,

2  increased business cannot be actionable injury to them or their licensor.

3      **C.**    **The Trademark Infringement Claims Against Defendants El Dorado Orchards,**
        **Brad Visman and Kandi Visman Based on their "Twin Apple Logo" Must be**
4       **Dismissed (Claims I, II, IV, AND V).**

5      The Complaint alleges that El Dorado Orchards uses a "Twin Apple Logo."  (Complaint ¶ ¶

6  26, 30, 31.)  This is alleged to have directed potential customers to licensees of the association, who

7  were then allegedly disappointed that the licenses were closed.  (Id. ¶ 31.)  These allegations are

8  incorporated by reference into each of the Claims in the Complaint. (Id. ¶, 43, 49, 64, 71).  The Twin

9  Apple Logo is depicted in Exhibit C to the Complaint (Id.).  It consists of the word BOA VISTA

10  superimposed on two apples.

11      The Claims based on this logo should be dismissed because Plaintiff does not plead any prior

12  rights in an apple logo or a BOA VISTA trademark; its registrations are for the word marks APPLE

13  HILL (Complaint ¶¶ 15, 16 and Exh. A and B.)  There are thus no pleaded facts which would make a

14  claim of infringement based on that logo plausible.  The logo has nothing in common with the word

15  marks that are pleaded as the basis for the Claims.

16  **IV.    SUMMARY JUDGMENT SHOULD BE GRANTED ON THE STATE LAW CLAIMS**
        **BECAUSE THE STATUTE OF LIMITATIONS HAS EXPIRED (CLAIMS IV AND V)**
17
        Plaintiff pleads claims of unfair competition under California statutory and common law.
18
   (Claims IV and V.)  The Ninth Circuit has held that the standard for deciding trademark claims under
19
   California unfair competition law is "substantially congruent" to trademark infringement under the
20
   Lanham Act.  *Academy of Motion Picture Arts v. Creative House Promotions, Inc.*, 944 F. 2d 1446,
21
   1457 (9th Cir. 1991).  Under both, the "ultimate test'" is "whether the public is likely to be deceived
22
   or confused by the similarity of the marks." Id.
23
   //
24

MEMORANDUM IN SUPPORT OF MOTION
TO DISMISS AND FOR SUMMARY JUDGMENT

1    The statute of limitations for trademark-related unfair competition claims in California is four

2    (4) years.  Cal. Bus. & Prof. Code § 17208; *Internet Specialties W., Inc. v. Milon-DiGiorgio Enters.,*

3    *Inc.,* 559 F.3d 985, 990 n2. 996 (9th Cir. 2009*); Jarrow Formulas, Inc. v. Nutrition Now, Inc*., 304

4    F.3d 829, 835-36 (9th Cir. 2002).

5    The Plaintiff is again selective in what it discloses in the Complaint, and that is because it

6    knows that the statute of limitations has expired.

7    Plaintiff first sent a demand letter to Defendant Boa Vista Vineyards (c/o Defendant Brad

8    Visman) and Mason Visman on August 23, 2013.  (Statement of Undisputed Facts ¶ 1)("SUF").  Citing

9    registration no. 1,945,541)(Complaint ¶ 15), it claimed that Defendants were engaged in "numerous

10   infringements."  (SUF ¶¶ 2-3).  It cited Defendant Mason Visman's trademark application (which has

11   since been registered and is attached as Exhibit ___), and it argued that this infringement was

12   intentional and entitled Plaintiff to treble damages and attorneys' fees. (SUF ¶¶ 1, 6).   It demanded

13   that the Defendants cease and desist their conduct (SUF ¶¶ 7,8).  The letter said that they would be

14   sued if the conduct was not ceased in two weeks.  (SUF ¶P 9-10).  Mr. Visman replied that they were

15   not going to cease the allegedly infringing conduct.  (SUF ¶ 11).

16   This is the same conduct complained-of in the Complaint.  Plaintiff believed at the time that

17   the conduct was infringing and it demanded prompt cessation of the infringing conduct.  It understood

18   that it had a fully accrued claim because it stated unequivocally that it would sue if the conduct was

19   not stopped within two (2) weeks.

20   Despite its tough talk, Plaintiff did not sue until October 10, 2017 – four (4) years and three

21   (3) months later.  Since this is more than four (4) years after the claims were fully accrued, the two

22   state law claims (Claims IV and V) must be dismissed as time-barred.

23   //

24   //

MEMORANDUM IN SUPPORT OF MOTION
TO DISMISS AND FOR SUMMARY JUDGMENT

1 | **V.    CONCLUSION**

2 |     For all of the foregoing reasons, the motions should be granted.

3 |     Respectfully Submitted,

4 |     **LAW OFFICE OF PAUL W. REIDL**

5 |

6 |     By:   /s/ Paul W. Reidl

7 |     PAUL W. REIDL (SBN 155221)
Law Office of Paul W. Reidl
285 Troon Way

8 | Dated: November 6, 2017     Half Moon Bay, CA 94019
Telephone: (650) 560-8530
Email: paul@reidllaw.com

9 |

10 |     *Attorney for Defendants*

11 |

12 |

13 |

14 |

15 |

16 |

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

MEMORANDUM IN SUPPORT OF MOTION
TO DISMISS AND FOR SUMMARY JUDGMENT

**PROOF OF SERVICE**

I, the undersigned, declare and certify as follows:

I am over the age of eighteen (18) years and employed in the County of San Mateo, State of California.  I am a member of the Bar of the above-entitled Court.  My business address is 285 Troon Way, Half Moon Bay, California, 94019

On November 6, 2017, I served the following document (attached hereto):

**MEMORANDUM IN SUPPORT OF**

**MOTION TO DISMISS AND SUMMARY JUDGMENT**

**(XX)**  **VIA CM/ECF FILING SYSTEM.**  The undersigned hereby certifies that he caused a copy of the foregoing document(s) to be filed with the clerk of the U.S. District Court, Eastern District of California, using the CM/ECF filing system, which caused a copy to be electronically mailed to the following CM/ECF Participant(s) on November 6, 2017:

R. Michael West
mwest@saciplaw.com

Catherine Ashley Straight
cstraight@cas-law.com

Executed on November 6, 2017, at Half Moon Bay, California.

/s/ Paul W. Reidl

Page 14

MEMORANDUM IN SUPPORT OF MOTION
TO DISMISS AND FOR SUMMARY JUDGMENT

EXHIBIT A

# United States of America

## United States Patent and Trademark Office

# Apple Hill

**Reg. No. 4,682,963**

**Registered Feb. 3, 2015**

**Int. Cl.: 35**

**SERVICE MARK**

**SUPPLEMENTAL REGISTER**

VISMAN, MASON (UNITED STATES INDIVIDUAL)
2952 CARSON ROAD
PLACERVILLE, CA 95667

FOR: ADVERTISING AND DIRECTORY SERVICES, NAMELY, PROMOTING THE SERVICES OF OTHERS BY PROVIDING A WEB PAGE FEATURING LINKS TO THE WEBSITES OF OTHERS; ADVERTISING AND MARKETING OF SPIRITS, ALCOHOLIC BEVERAGES AND BEER; PROMOTING THE GOODS OF OTHERS, NAMELY, PROVIDING COUPONS, REBATES AND VOUCHERS FOR THE GOODS OF OTHERS; PROMOTION AND MARKETING SERVICES AND RELATED CONSULTING; PROVIDING AN ON-LINE COMMERCIAL INFORMATION DIRECTORY ON THE INTERNET; PROVIDING MARKETING AND PROMOTION OF SPECIAL EVENTS; ALL OF THE FOREGOING FOR GOODS AND SERVICES ORIGINATING IN THE APPLE HILL AREA OF CALIFORNIA, IN CLASS 35 (U.S. CLS. 100, 101 AND 102).

FIRST USE 12-11-2012; IN COMMERCE 12-11-2012.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

SER. NO. 85-796,695, FILED P.R. 12-6-2012; AM. S.R. 12-22-2014.

ALEXANDER L. POWERS, EXAMINING ATTORNEY



**Deputy Director of the United States**
**Patent and Trademark Office**

<div style="border:1px solid black;">

**REQUIREMENTS TO MAINTAIN YOUR FEDERAL
TRADEMARK REGISTRATION**

**WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE
DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

</div>

**Requirements in the First Ten Years***
**What and When to File:**

> *First Filing Deadline:*  You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years after the registration date.  *See* 15 U.S.C. §§1058, 1141k.  If the declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.

> *Second Filing Deadline:*  You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between the 9th and 10th years after the registration date.*
> *See* 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods***
**What and When to File:**

> You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between every 9th and 10th-year period, calculated from the registration date.*

**Grace Period Filings***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

**\*ATTENTION MADRID PROTOCOL REGISTRANTS:**  The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the United States Patent and Trademark Office (USPTO). The time periods for filing are based on the U.S. registration date (not the international registration date).   The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations.   *See* 15 U.S.C. §§1058, 1141k.  However, owners of international registrations do not file renewal applications at the USPTO. Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration.   *See* 15 U.S.C. §1141j.  For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE:  Fees and requirements for maintaining registrations are subject to change.  Please check the USPTO website for further information.  With the exception of renewal applications for registered extensions of protection, you can file the registration maintenance documents referenced above online at** http://www.uspto.gov.

**NOTE:  A courtesy e-mail reminder of USPTO maintenance filing deadlines will be sent to trademark owners/holders who authorize e-mail communication and maintain a current e-mail address with the USPTO. To ensure that e-mail is authorized and your address is current, please use the Trademark Electronic Application System (TEAS) Correspondence Address and Change of Owner Address Forms available at**  http://www.uspto.gov.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

# EXHIBIT B

MEDIATION STATEMENT
Case No. 2:16-cv-06127 JAK (SS)

UNITED STATES PATENT AND TRADEMARK OFFICE
**Trademark Trial and Appeal Board**
**P.O. Box 1451**
**Alexandria, VA  22313-1451**
General Contact Number: 571-272-8500

MW                              Mailed:  September 16, 2016

                                Cancellation No. 92063781

                                *Apple Hill Growers*

                                        *v.*

                                *Mason Visman*

## By the Trademark Trial and Appeal Board:

On May 16, 2016, Apple Hill Growers ("Petitioner") filed a petition for cancellation

of the standard character mark APPLE HILL for the following services in

International Class 35:

> Advertising and directory services, namely, promoting the services of others by
> providing a web page featuring links to the websites of others; advertising and
> marketing of spirits, alcoholic beverages and beer; promoting the goods of
> others, namely, providing coupons, rebates and vouchers for the goods of
> others; promotion and marketing services and related consulting; providing an
> on-line commercial information directory on the internet; providing marketing
> and promotion of special events; all of the foregoing for goods and services
> originating in the Apple Hill area of California.[1]

As grounds for opposition, Petitioner claims likelihood of confusion based on

common law use of the mark APPLE HILL for various goods and services since 1964.[2]

---

[1] Registration No. 4682963 issued on February 3, 2015 claiming dates of first use and first
use in commerce as December 11, 2012.  The underlying application was filed on December
6, 2012.

[2] Petitioner also pleads ownership of Registration No. 1945541 for the mark APPLE HILL in
typed letters for "fresh fruit" in International Class 31 "fruit juices" in International Class

Cancellation No. 92063781

In lieu of an answer, Mason Visman ("Respondent") filed a motion (dated July 5, 2016) to dismiss the petition for cancellation under Fed. R. Civ. P. 12(b)(6). The motion is fully briefed.

Respondent argues that Petitioner's claim of likelihood of confusion based on Registration No. 1945451 should be dismissed because "Petitioner asserts no facts on which the Board could find it plausible that consumers are likely to believe that by promoting the goods of others in the Apple Hill area Respondent is the source of [Petitioner's] goods." 4 TTABVUE at 4.

Respondent further argues that Petitioner's likelihood of confusion claim is not plausibly pleaded because (1) there is no allegation that Petitioner has any rights in the mark APPLE HILL for the goods or services of its members; (2) there is no factual basis for the Board to conclude that by promoting the goods and services of others in the Apple Hill growing area Respondent is likely to be perceived as the source of the goods and services of third parties; and (3) "there is no plausible basis for concluding that Petitioner or its members suffer any damage or injury as a result of their goods and services being promoted by Respondent." 4 TTABVUE at 7.

In addition to Respondent's motion to dismiss pursuant to Rule 12(b)(6), Respondent contends that Petitioner's allegations regarding its pending application Serial No. 86818393 in paragraphs 6 and 7 of the petition for cancellation should be dismissed with prejudice or stricken as immaterial pursuant to Fed. R. Civ. P. 12(f).[3]

---

32. The registration was issued on January 2, 1996 and claims July 31, 1966 as the date of first use and first use in commerce for the goods in both classes.

[3] Under Fed. R. Civ. P. 12(f), the Board may strike from a pleading any redundant, immaterial, impertinent, or scandalous matter.

Cancellation No. 92063781

In response to the motion, Petitioner states that the allegations regarding its pending application support its standing to file petition.  In addition, Petitioner contends that it has sufficiently pleaded a claim of likelihood of confusion between Respondent's subject registration and Petitioner's mark because Petitioner has adopted and used the APPLE HILL mark both as a trademark and service mark in connection with a variety of goods and services in addition to advertising and promotional services for the goods and services of its members.

In his reply, Respondent argues that Petitioner's response does not address the allegations in the motion to dismiss, namely, that the petition does not plead any common law rights and that the claims of likelihood of confusion of Respondent's services with certain goods are implausible.  Respondent argues that "it is implausible to allege that consumers will think that the third party promoter of the goods is, in fact, the source of the goods." 6 TTABVUE at 3.

A motion to dismiss under Rule 12(b)(6) is solely a test of the sufficiency of a complaint. *Advanced Cardiovascular Systems Inc. v. SciMed Life Systems Inc.*, 988 F.2d 1157, 26 USPQ2d 1038, 1041 (Fed. Cir. 1993); *NSM Research Corp. v. Microsoft Corp.*, 113 USPQ2d 1029, 1032 (TTAB 2014).   In order for Petitioner to withstand a motion to dismiss, the petition for cancellation need only allege such facts as would, if proved, establish that the Petitioner is entitled to the relief sought.  *See* TBMP §503.02 (2014) (and cases cited therein).  For purposes of the motion to dismiss, all of Petitioner's well-pleaded allegations in the petition must be accepted as true and the complaint must be construed in the light most favorable to Petitioner.  *See Advanced*

Cancellation No. 92063781

*Cardiovascular Systems Inc. v. SciMed Life Systems Inc.*, 988 F.2d 1157, 26 USPQ2d 1038 (Fed. Cir. 1993).

In the petition for cancellation, Petitioner must establish that (1) it has standing to maintain the proceeding, and (2) a valid ground exists for cancelling the mark. *Lipton Industries, Inc. v. Ralston Purina Co.*, 670 F. 2d 1024, 213 USPQ 185, 187 (CCPA 1982); *Id.* At the motion to dismiss stage, the Board does not consider the merits of Petitioner's standing or its claims but only considers whether the pleading is sufficient to state a claim to relief that is plausible on its face. *Bell Atl. Corp. v Twombly*, 550 U.S. 544, 570 (2007); *Libertyville Saddle Shop Inc. v. E. Jeffries & Sons, Ltd.*, 22 USPQ2d 1594, 1597 (TTAB 1992).

<u>Standing</u>

Turning first to the issue of Petitioner's standing, all that is required for a plaintiff to plead standing to file the complaint is that the plaintiff allege facts sufficient to show a "real interest" in the proceeding. *Int'l Order of Job's Daughters v. Lindeburg & Co.*, 727 F.2d 1087, 220 USPQ 1017, 1020 (Fed. Cir. 1984). Under the Lanham Act, standing requires only that a plaintiff believe that it is likely to be damaged by the registration. *See Cunningham v. Laser Golf Corp.*, 222 F.3d 943, 55 USPQ2d 1842, 1844 (Fed. Cir. 2000).

Here, Petitioner has sufficiently alleged its standing to file the petition for cancellation through allegations of likelihood of confusion that are not wholly without merit based on prior use of a confusingly similar mark.[4] *See Cunningham v. Laser*

---

[4] *See* Petition for Cancellation, ¶¶ 1 and 2; 1 TTABVUE at 4.

Cancellation No. 92063781

*Golf Corp.*, 222 F.3d 943, 55 USPQ2d 1842, 1844 (Fed. Cir. 2000); *see also, First Niagara Insurance Brokers Inc. v. First Niagara Financial Group Inc.*, 476 F.3d 867, 81 USPQ2d 1375, 1378 (Fed. Cir. 2007) (intrastate use by foreign opposer).

In addition, Petitioner has further pleaded its standing through allegations in paragraphs 6 and 7 of the petition that its pending application has been refused registration under Section 2(d) of the Trademark Act based on Respondent's subject registration.  *See Empresa Cubana del Tabaco v. General Cigar Co.*, 111 USPQ2d 1058, 1062 (Fed. Cir. 2014) (plaintiff's application refused based on defendant's registrations); *Saddlesprings Inc. v Mad Croc Brands Inc.*, 104 USPQ2d 1948, 1950 (TTAB 2012) (standing adequately alleged by allegation that petitioner's intent-to-use application has been refused based on respondent's registrations).

In view of the above, the Board finds that Respondent's argument that paragraphs 6 and 7 of the petition for cancellation are immaterial is without merit.  Accordingly, Respondent's motion to strike paragraphs 6 and 7 under Fed. R. Civ. P. 12(f) is **DENIED**.

Grounds – Likelihood of Confusion

In order to plead a legally sufficient claim of likelihood of confusion, a plaintiff must plead both priority of use and allegations, either directly or hypothetically, that the defendant's mark, as applied to the goods or services in the application or registration, so resembles the mark previously used by the plaintiff as to be likely to cause confusion or mistake.  *Intersat Corp. v. International Telecommunications Satellite Organization*, 226 USPQ 154 (TTAB 1985).

Cancellation No. 92063781

In paragraph 1 of the petition for cancellation, Petitioner alleges that it provides "advertising and promotional services" under the APPLE HILL service mark for the goods and services of group members and that Petitioner has continuously provided the services in commerce since 1964.  Petitioner further alleges that its use of the mark is long prior to Respondent's filing date of the registered mark and Respondent's claimed date of first use.[5]

In addition, Petitioner avers that the registered mark is identical it its mark;[6] that the services are identical or closely related;[7] and that Respondent's use of the mark with the services identified in the subject registration is likely to cause confusion or mistake as to the source of the services.[8]

First, with respect to Respondent's argument that Petitioner's likelihood of confusion claim is implausible because Respondent's services are clearly limited to advertising and promoting third party goods and services "that originate in the Apple Hill growing area," this argument relates to the merits of the claim in the petition for cancellation and not the legal sufficiency of the pleading.[9]  At the motion to dismiss stage the Board must construe all of Petitioner's well-pleaded claims as true.  *See Advanced Cardiovascular Systems Inc. v. SciMed Life Systems Inc.*, 988 F.2d 1157, 26 USPQ2d 1038 (Fed. Cir. 1993).  Regarding the requirement for stating a legally sufficient claim, the Supreme Court stated, "[a]sking for plausible grounds does not

---

[5] Petition for Cancellation, at ¶ 16.
[6] *Id.* at ¶ 14.
[7] *Id.* at ¶ 15.
[8] *Id.* at ¶ 17.
[9] 4 TTABVUE at 5.

Cancellation No. 92063781

impose a probability requirement at the pleading stage . . . ." *Bell Atlantic Corp. v. Twombly*, 550 U.S. at 570.

In view of the above, the Board finds that Petitioner has set forth a legally sufficient claim of likelihood of confusion based on its common law use of the mark APPLE HILL in connection with the advertising and promotional services identified in paragraph 1 of the petition for cancellation.

However, to the extent that Petitioner claims likelihood of confusion based on use of the mark APPLE HILL in connection with "selling goods and providing services... through its duly licensed and authorized members," in paragraph 2 of the petition for cancellation, the claim is insufficiently pleaded because the nature of Petitioner's rights with respect to the goods and services identified therein is unclear.  Based on the allegations in this paragraph it is unclear whether Petitioner is selling its own goods or services bearing the mark through member retailers or franchisees; whether Petitioner's members are using the mark as a collective membership mark; or whether Petitioner is alleging use of its mark on the goods and services of others through a controlled license, which use inures to the benefit of Petitioner.[10]  *See, e.g., Hunt Control Systems Inc. v. Koninklijke Philips Electronics N.V.*, 98 USPQ2d 1558, 1562 (TTAB 2011).  Because Petitioner's use of the mark in relation to the goods or

---

[10] *See Cent. Fid. Banks, Inc. v. First Bankers Corp. of Fla.*, 225 USPQ 438, 440 (TTAB 1984) (holding that use of the mark by petitioner's affiliated banks considered to inure to the benefit of petitioner bank holding company, even though the bank holding company could not legally render banking services and, thus, could not use the mark). *Cf. See Hurricane Fence Co. v. A-1 Hurricane Fence Co.*, 468 F. Supp. 975, 986; 208 USPQ 314, 325 (S.D. Ala. 1979).

Cancellation No. 92063781

services is not specifically alleged the reason for the alleged consumer confusion is unclear.

Further, to the extent that Petitioner claims that there is a likelihood of confusion between Respondent's services and the goods and services of licensees listed in paragraph 2, the identification of the alleged goods and services is unspecific and does not give Respondent fair notice of the claim. *See generally, Fair Indigo LLC v. Style Conscious*, 85 USPQ2d 1536, 1538 (TTAB 2007) (elements of each claim should include enough detail to give the defendant fair notice). The wording "such goods and services include but are not limited to" is indefinite and refers to unlimited and unspecified goods and services. In addition, because there is no clear relationship between the wide range of goods and services referred to in this paragraph and Respondent's advertising, directory, promotion and marketing services, a claim of consumer confusion with respect to these goods and services requires further details regarding the relationship of the goods and services to Respondent's services and the similarities in the channels of trade in order to give Respondent fair notice of the claim. *Id.*

Similarly, while Petitioner's allegation, in paragraph 15 of the petition for cancellation, that the advertising and promotional services recited in the subject registration are closely related if not identical to Petitioner's advertising and promotional services in paragraph 1, the allegations are insufficient to support a

Cancellation No. 92063781

*prima facie* claim of likelihood of confusion between Respondent's services and the fruit and juice products identified in Petitioner's pleaded registration.[11]   *Id.*

In view of the above, Respondent's motion to dismiss is **DENIED** inasmuch as Petitioner has alleged a legally sufficient claim of likelihood of confusion with respect to the services identified in paragraph 1 of the petition for cancellation.  Respondent's motion to dismiss is **GRANTED** to the extent that Petitioner's claim of likelihood of confusion is insufficiently pleaded with respect to the goods and services identified in paragraphs 2 and 5 of the petition for cancellation, including the goods in Petitioner's pleaded registration.  Accordingly, Paragraphs 2 and 5 are hereby dismissed from the petition without prejudice.

It is the Board's practice, when finding a pleading deficient, to grant leave to amend the pleading, if leave to replead is not futile. *Dragon Bleu (SARL) v. VENM, LLC*, 112 USPQ2d 1925, 1929 n.10 (TTAB 2014).  In view thereof, Petitioner is allowed <u>until October 6, 2016</u> to file an amended petition for cancellation, if necessary, properly alleging a claim of likelihood of confusion with goods or services in addition to the advertising and promotional services in paragraph 1 of the petition. If petitioner fails to file an amended petition for cancellation by the date allowed, the proceeding will move forward on the remaining claim in the original pleading.

Respondent's time to answer, conferencing, disclosure, discovery and trial dates are reset as follows:

| | |
|---|---|
| Time to Answer | **11/5/2016** |
| Deadline for Discovery Conference | **12/5/2016** |

---

[11] Petition for Cancellation, at ¶ 5.

Cancellation No. 92063781

| | |
|---|---|
| Discovery Opens | **12/5/2016** |
| Initial Disclosures Due | **1/4/2017** |
| Expert Disclosures Due | **5/4/2017** |
| Discovery Closes | **6/3/2017** |
| Plaintiff's Pretrial Disclosures | **7/18/2017** |
| Plaintiff's 30-day Trial Period Ends | **9/1/2017** |
| Defendant's Pretrial Disclosures | **9/16/2017** |
| Defendant's 30-day Trial Period Ends | **10/31/2017** |
| Plaintiff's Rebuttal Disclosures | **11/15/2017** |
| Plaintiff's 15-day Rebuttal Period Ends | **12/15/2017** |

In each instance, a copy of the transcript of testimony, together with copies of documentary exhibits, must be served on the adverse party within thirty days after completion of the taking of testimony.  Trademark Rule 2.125.

Briefs shall be filed in accordance with Trademark Rules 2.128(a) and (b).  An oral hearing will be set only upon request filed as provided by Trademark Rule 2.129.

EXHIBIT C

**UNITED STATES PATENT AND TRADEMARK OFFICE**
**Trademark Trial and Appeal Board**
**P.O. Box 1451**
**Alexandria, VA  22313-1451**
General Contact Number: 571-272-8500

Mailed:  January 10, 2017

Cancellation No. 92063781

*Apple Hill Growers*

*v.*

*Mason Visman*

**Michael Webster, Interlocutory Attorney:**

This case now comes before the Board for consideration of Respondent's motion (filed October 17, 2016) to dismiss Petitioner's first amended petition for cancellation for failure to state a claim under Fed. R. Civ. P. 12(b)(6). By way of background, in an order dated September 16, 2016, the Board granted, in part, Respondent's first motion to dismiss the original petition for cancellation with respect to Petitioner's likelihood of confusion claims under Section 2(d), 15 U.S.C. § 1052(d), based on the allegations in paragraphs 2 and 5 in the petition.[1] The Board denied the motion with

---

[1] In its response in opposition to the current motion to dismiss, Petitioner erroneously states that the Board granted the motion with respect to paragraph 15. However, the Board granted the motion to dismiss with respect to the goods in paragraph 5 because the allegations in paragraph 15 are insufficient to support a claim of likelihood of confusion with Petitioner's pleaded registration No. 1945541 identified in paragraph 5.

Cancellation No. 92063781

respect Petitioner's likelihood of confusion claim based on common law use of the mark with the services identified in paragraph 1 of the petition for cancellation.[2]

In the first amended petition for cancellation, Petitioner's amended its likelihood of confusion claims are based on the following: (1) common law use of the mark APPLE HILL since 1964 on particular goods and services provided by Petitioner's members who license the use of the mark from Petitioner, which inures to the benefit of Petitioner;[3] (2) ownership of Registration No. 1945541 for the mark APPLE HILL for "fresh fruit" in International Class 31;[4] and (3) ownership of Registration No. 5034321 for the mark APPLE HILL for "Cook books; Printed guides for visitors to fruit orchards, Christmas tree farms, and wineries" in International Classes 16, for "Bakery goods; Barbeque sauce; Fruit pies; Ketchup; Sauces; Spice blends" in International Class 30; and "Live Christmas trees" in International Class 31.[5] The allegations in paragraph 1 of the original petition for cancellation remain the same in the amended petition.

In his motion to dismiss the first amended petition, Respondent argues that, while Petitioner has amended the petition to add many paragraphs of irrelevant

---

[2] In paragraph 1 of the petition for cancellation, Petitioner claims common law use of the mark APPLE HILL for "advertising and promotional services" since 1964.
[3] First Amended Petition for Cancellation, at ¶ 2, 9 TTABVUE 3.
[4] First Amended Petition for Cancellation, at ¶ 5, 9 TTABVUE 4.
[5] First Amended Petition for Cancellation, at ¶ 6, 9 TTABVUE 4. Registration No. 5034321 registered on September 6, 2016 and claims 1965 as the date of first use and first use in commerce for each class of goods.

Cancellation No. 92063781

information, the additional pleaded facts are insufficient to establish a connection between the Respondent's promotional services and the goods licensed by Petitioner.[6]

In response, Petitioner argues that it has amended the petition to specifically identify the goods and services upon which it claims common law rights and included "additional facts and circumstances" to address the relationship between its licensed goods and Respondent's services.[7] Thus, Petitioner argues, if all of the alleged facts are presumed to be true and all reasonable inferences are drawn in its favor, the Board should find Petitioner's likelihood of confusion claims well-founded.

In its reply, Respondent argues that the petition fails to state a likelihood of confusion claim because the alleged likelihood of confusion is with the unlicensed third party goods being promoted by Respondent, not the promotional services identified in Respondent's registration.

To withstand a motion to dismiss for failure to state a claim upon which relief can be granted, a plaintiff need only allege sufficient factual content that, if proved, would allow the Board to conclude, or draw a reasonable inference, that the plaintiff has standing to maintain the proceeding, and a valid ground exists for opposing or cancelling the registration.[8] *Doyle v. Al Johnson's Swedish Restaurant & Butik Inc.,*

---

[6] Respondent also states that, in the September 16, 2016 order, the Board "recognized" that an allegation of likelihood of confusion between Petitioner's licensed goods and Respondent's promotional services "was implausible." 8 TTABVUE 6. This statement is incorrect. The Board specifically rejected Respondent's implausibility argument on page 6 of the order. The Board dismissed the Section 2(d) claim with respect to Petitioner's licensed goods because Petitioner failed to provide sufficient factual allegations to support a *prima facie* claim of likelihood of confusion.

[7] 12 TTABVUE 7.

[8] In the September 16, 2016 order, the Board found that Petitioner had sufficiently pleaded its standing.

Cancellation No. 92063781

101 USPQ2d 1780 (TTAB 2012) (*citing Young v. AGB Corp.*, 152 F.2d 1377, 47 USPQ2d 1752, 1754 (Fed. Cir. 1998); TBMP § 503.02 (2016). Specifically, a complaint must allege sufficient facts which, accepted as true, "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atlantic v. Twombly*, 550 U.S. 544 (2007).

A legally sufficient claim of likelihood of confusion under Section 2(d) includes assertions that the defendant's mark so resembles the plaintiff's previously used or registered mark as to be likely, when used on or in connection with the goods (or services) of the defendant, to cause confusion, mistake or to deceive. 15 U.S.C. § 1052(d). In a Section 2(d) claim, the nature of the defendant's goods or services is determined on the basis of the goods or services recited in the application or registration. *See Hewlett-Packard Co. v. Packard Press Inc.*, 281 F.3d 1261, 62 USPQ2d 1001, 1004 (Fed. Cir. 2002); *CBS, Inc. v. Morrow*, 708 F.2d 1579, 1581, 218 USPQ 198, 199 (Fed. Cir. 1983) (likelihood of confusion is based not only on the involved marks, but on consideration of the goods named in the application and in the plaintiff's registration).

In the first amended petition for cancellation, Petitioner alleges that "the goods and services which Petitioner licenses" under the APPLE HILL mark are related, if not identical to, the goods and services provided by "Third Parties" to whom Respondent provides his advertising and promotional services.[9] Petitioner's amended allegations of likelihood of confusion with respect to its licensed goods and services

---

[9] *See* First Amended Petition for Cancellation, at ¶¶ 29-30, 32, 9 TTABVUE 19-20.

consist solely of allegations of confusion with goods and services that are not identified in the subject registration and not alleged to be provided by Respondent.[10] Because Petitioner has failed to allege any factual circumstances by which Respondent's mark, when used in connection with *the services named in the subject registration*, is likely to cause confusion, mistake or to deceive consumers with respect to Petitioner's licensed goods and services (including the goods named in the pleaded registrations), Petitioner has failed to allege a *prima facie* claim of likelihood of confusion with respect to such goods and services.[11]

In view of the foregoing, Respondent's motion to dismiss is **granted** with respect to Petitioner's claims of likelihood of confusion based on its licensed goods and services in paragraph 2 and its ownership of Registration Nos. 1945541 and 5034321.[12] Because the claims are based on allegations of confusion with goods not named in the subject registration and not provided by Respondent, Petitioner has

---

[10] The amended petition also contains allegations in paragraphs 18 to 23 referring to third parties that are not relevant to the proceeding.

[11] The Board notes that Petitioner alleges four separate grounds for likelihood of confusion based on: (1) advertising and promotional services in paragraph 1; (2) licensing a variety of goods and services of others in paragraph 2; (3) ownership of Registration No. 1945541 covering "fruit juices"; and (4) ownership of Registration No. 5034321 for a variety of goods in Classes 16, 30, and 31. However, Petitioner only generally alleges likelihood of confusion with goods and services licensed by Petitioner despite the wide variety of goods and services claimed based on licensing and ownership of the two registrations. Each claim in a petition should be stated in a separate count whenever, as here, separation would facilitate the clear presentation of matters pleaded. *See* Fed. R. Civ. P. 10(b); *O.C. Seacrets Inc. v. Hotelplan Italia S.p.A.*, 95 USPQ2d 1327, 1329 (TTAB 2010) ("claims must be separately stated . . . We will not parse an asserted ground to see if any of the elements that go to pleading that ground would independently state a separate ground"); and TBMP § 309.03(a)(2).

[12] Because the amended petition does not separately identify a claim of likelihood of confusion with the goods in newly pleaded Registration No. 5034321, the Board must presume Petitioner is referencing the goods in the registration when Petitioner broadly refers to the goods and services licensed by Petitioner.

Cancellation No. 92063781

failed to allege a valid claim under Section 2(d) and Petitioner cannot prevail on the claims as a matter of law. Thus, further amendment to the petition for cancellation with respect to such claims is <u>denied</u> and the claims are dismissed <u>with prejudice</u>. *See Dragon Bleu (SARL) v. VENM, LLC* 112 USPQ2d 1925, 1929 n.10 (TTAB 2014) (Board did not grant leave to replead fraud claim due to futility and lack of plausibility based on recited facts); *Bayer Consumer Care AG v. Belmora LLC*, 90 USPQ2d 1587, 1590-91 (TTAB 2009) (because petitioner twice failed to properly allege prior use, petitioner's Trademark Act § 2(d) claim was dismissed with prejudice); *Institut National des Appellations d'Origine v. Brown-Forman Corp.*, 47 USPQ2d 1875, 1896 (TTAB 1998) (amendment would be futile because opposers cannot prevail on claim as a matter of law); *McDonnell Douglas Corp. v. National Data Corp.*, 228 USPQ 45, 48 (TTAB 1985) (plaintiff had already been allowed two opportunities to perfect its pleading, therefore, the Board did not find that it was in the interests of justice to grant plaintiff an additional opportunity to amend the complaint).

In view of the above, proceedings herein are resumed solely with respect to Petitioners claim of likelihood of confusion based on allegations of common law use of its mark in connection with the advertising and promotional services identified in paragraphs 1 and 28 of the first amended petition for cancellation.

Answer, discovery and trial dates are reset as follows:

| | |
|---|---|
| Time to Answer | **2/10/2017** |
| Deadline for Discovery Conference | **3/12/2017** |
| Discovery Opens | **3/12/2017** |
| Initial Disclosures Due | **4/11/2017** |

Cancellation No. 92063781

| | |
|---|---|
| Expert Disclosures Due | **8/9/2017** |
| Discovery Closes | **9/8/2017** |
| Plaintiff's Pretrial Disclosures | **10/23/2017** |
| Plaintiff's 30-day Trial Period Ends | **12/7/2017** |
| Defendant's Pretrial Disclosures | **12/22/2017** |
| Defendant's 30-day Trial Period Ends | **2/5/2018** |
| Plaintiff's Rebuttal Disclosures | **2/20/2018** |
| Plaintiff's 15-day Rebuttal Period Ends | **3/22/2018** |

In each instance, a copy of the transcript of testimony, together with copies of documentary exhibits, must be served on the adverse party within thirty days after completion of the taking of testimony. Trademark Rule 2.125.

Briefs shall be filed in accordance with Trademark Rules 2.128(a) and (b). An oral hearing will be set only upon request filed as provided by Trademark Rule 2.129.

Cancellation No. 92063781

**NOTICE**: CHANGES TO THE TRADEMARK TRIAL AND APPEAL BOARD ("BOARD") RULES OF PRACTICE WILL BE **EFFECTIVE JANUARY 14, 2017**
The USPTO published a Notice of Final Rulemaking in the Federal Register on October 7 2016, at 81 Fed. Reg. 69950. It sets forth **several** amendments to the rules that govern *inter partes* (oppositions, cancellations, concurrent use) and ex parte appeal proceedings. A correction to the final rule was published on December 12, 2016, at 81 Fed. Reg. 89382.
For complete information, the parties are referred to:
- The Board's home page on the uspto.gov website: http://www.uspto.gov/trademarks-application-process/trademark-trial-and-appeal-board-ttab
- The final rule: http://www.uspto.gov/sites/default/files/documents/81%20FR%2069950.pdf
- The correction to the final rule: http://www.uspto.gov/sites/default/files/documents/81%20FR%2089382.pdf
- A chart summarizing the affected rules and changes: http://www.uspto.gov/sites/default/files/documents/Chart%20Summarizing%20Rule%20Changes%2012-9-16.pdf

For **all** proceedings, including those **already in progress on January 14, 2017**, some of the changes are:
- All pleadings and submissions must be filed through ESTTA. Trademark Rules 2.101, 2.102, 2.106, 2.111, 2.114, 2.121, 2.123, 2.126, 2.190 and 2.191.
- Service of all papers must be made by email, unless otherwise stipulated. Trademark Rule 2.119.
- Response periods are no longer extended by five days for service by first-class mail, Priority Mail Express®, or overnight courier. Trademark Rule 2.119.
- Deadlines for submissions to the Board that are initiated by a date of service are 20 days. Trademark Rule 2.119. Responses to motions for summary judgment remain 30 days. Similarly, deadlines for responses to discovery requests remain 30 days.
- All discovery requests must be served early enough to allow for responses prior to the close of discovery. Trademark Rule 2.120. Duty to supplement discovery responses will continue after the close of discovery.
- Motions to compel initial disclosures must be filed within 30 days after the deadline for serving initial disclosures. Trademark Rule 2.120.
- Motions to compel discovery, motions to test the sufficiency of responses or objections, and motions for summary judgment must be filed prior to the first pretrial disclosure deadline. Trademark Rules 2.120 and 2.127.
- Requests for production and requests for admission, as well as interrogatories, are each limited to 75. Trademark Rule 2.120.
- Testimony may be submitted in the form of an affidavit or declaration. Trademark Rules 2.121, 2.123 and 2.125
- New requirements for the submission of trial evidence and deposition transcripts. Trademark Rules 2.122, 2.123, and 2.125.
- For proceedings **filed on or after January 14, 2017**, in addition to the changes set forth above, the Board's notice of institution constitutes service of complaints. Trademark Rules 2.105(a) and 2.113(a).

Cancellation No. 92063781

This is only a summary of the significant content of the Final Rule. All parties involved in or contemplating filing a Board proceeding, regardless of the date of commencement of the proceeding, should read the entire Final Rule.