R. Michael West (SBN 84336)
mwest@saciplaw.com
LAW OFFICES OF R. MICHAEL WEST, APC
1922 21ST Street
Sacramento, CA 95811
Telephone: (916) 444-5444
Facsimile: (916) 444-5441

Catherine Ashley Straight (SBN 119339)
cstraight@cas-law.com
LAW OFFICES OF
CATHERINE ASHLEY STRAIGHT
1922 21st Street
Sacramento, CA 95811
Telephone: (916)-443-9400
Facsimile: (916) 444-5441

Attorneys for Plaintiff
APPLE HILL GROWERS

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| APPLE HILL GROWERS, | ) | Case  No.  2:17-CV-02085-TLN-CKD |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | Date:   December 14, 2017 |
| vs. | ) | Time:  2:00 P.M. |
| | ) | Courtroom:   2, 15th Floor |
| | ) | Judge:  Honorable Troy L. Nunley |
| EL DORADO ORCHARDS, INC., | ) | |
| BRAD VISMAN, KANDI VISMAN, | ) | |
| and MASON VISMAN, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

## AND FOR SUMMARY JUDGMENT RE COUNTS IV AND V

Law Offices Of
R. Michael West
A Professional
Corporation
Patent Trademark
Copyright Law

2:17-CV-02085-TLN-CKD
PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS AND FOR SUMMARY JUDGMENT

**TABLE OF CONTENTS**

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

FACTUAL BACKGROUND - ALLEGED IN THE COMPLAINT . . . . . . . . . . . . . . . . . . . . . 2

MOTION TO DISMISS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

    I. Legal Standard . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

    II. Argument Respecting Defendants' Motion To Dismiss. . . . . . . . . . . . . . . . . . . . . 6

        A. Defendants BRAD VISMAN And KANDI VISMAN Should Not Be Dismissed . . . . 6

        B. Trademark Infringement, False Designation Of Origin And Unfair Competition
           Claims Against Defendant MASON VISMAN Should Not Be Dismissed. . . . . . . . . . 7

          1. TTAB Proceeding To Cancel Mason Visman's Registration Is
            Not Material To The Instant Action. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

          2. Argument Respecting Defendant MASON VISMAN'S "Advertising
            And Promotional Services" . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

          3. Defendant MASON VISMAN's Actions In Fact Have Caused And
            Will Continue To Cause Injury To Plaintiff. . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

        C. Defendants' Argument Respecting Trademark Infringement Claims Against
          Defendants "Based Upon The 'Twin Apple Logo'" Is Unintelligible . . . . . . . . . . . 12

        D. Defendants' Motion To Dismiss Should Be Denied . . . . . . . . . . . . . . . . . . . . . . . 12

MOTION FOR SUMMARY JUDGMENT RESPECTING
STATE LAW CLAIMS FOR UNFAIR COMPETITION (COUNTS IV AND V) . . . . . . . . . . 12

    I. Legal Standard. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

    II. Argument Respecting Defendants' Motion For Summary Judgment. . . . . . . . . . . . . . 14

        A. Statute Of Limitations And Accrual Of Plaintiff's Unfair Competition Claims. . . . . 14

        B. Plaintiff's Claims Brought Under The UCL Are Not Time Barred. . . . . . . . . . . . . . 15

**TABLE OF AUTHORITIES**

*Cases*:

*Anderson  v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). . . . . . . . . . . . . . . . . . . . . . 13, 14

*Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912 (2001). . . . . . . . . . . . . . . . . . . 6

*Aryeh v. Canon Bus. Solutions, Inc.,* 55 Cal. 4th 1185 (2013) . . . . . . . . . . . . . . . . . . 14, 15, 17

Law Offices Of
R. Michael West
A Professional
Corporation
Patent Trademark
Copyright Law

2:17-CV-02085-TLN-CKD

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS AND FOR SUMMARY JUDGMENT

ii

1    *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6

2    *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

3    *Celotex Corp. v. Catrett*,  477 U.S. 317, 323-324 (1986). . . . . . . . . . . . . . . . . . . . . . . . . . . 13

4    *Committee for Idaho's High Desert, Inc. v. Yost*, 92 F.3d 814, 823-824 (9th Cir.1996). . . . . . 7

5    *Cruz v. Beto*, 405 U.S. 319, 322 (1972). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

6    *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

7    *George & Co. LLC v. Imagination Entertainment  Ltd.*, 575 F.3d 383, 391 n.8) . . . . . . . . . . . 8

8    *Retail Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S.746, 753 n.6 (1963). . . . . . . . . . . . . . . . . 6

9    *Skilstaf, Inc. v. CVS Caremark Corp.*  669 F.3d 1005, 1016, fn. (9th Cir.2012) . . . . . . . . . . . 6

10

11   *Federal Statutes and Rules:*

12   15 U.S.C. Section 1125(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7, 8

13   Federal Rule of Civil Procedure, Rule 8(a)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

14   Federal Rules Of Civil Procedure, Rule 56 .. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

15   *California Statutes:*

16   California Business and Professions Code Section 17200. . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

17   California Business and Professions Code Section 17208. . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

18

19

20

21

22

23

24

25

26

27

28

**Law Offices Of
R. Michael West**
A Professional
Corporation
Patent Trademark
Copyright Law

2:17-CV-02085-TLN-CKD

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS AND FOR SUMMARY JUDGMENT

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

**AND FOR SUMMARY JUDGMENT RE COUNTS IV AND V**

Plaintiff APPLE HILL GROWERS hereby opposes Defendants' Motion To Dismiss and for Summary Judgment respecting Counts IV and V of the Complaint. This Opposition is based upon the Complaint, including attachments, the Opposition presented herein, the Declarations and Exhibits submitted herewith, and such other argument and evidence which the Court may permit.

Defendants' Motion To Dismiss does not discuss or analyze the pleadings, it merely argues the case. Defendants ignore critical allegations made in the Complaint, and misstate both the significance and the status of a TTAB proceeding which is not material to the present claims. Defendants also misstate certain allegations set forth in Plaintiff's Complaint, and, conspicuously fail to identify where such purported allegations appear. Defendants advance absurd positions in their moving papers, for which they do not cite legal authority. Defendants' Motion To Dismiss has been brought for the improper purposes of harassment and delay and should be denied.

Defendants' Motion For Summary Judgment is premised upon a glaring misreading of the law, and should be summarily denied.

## INTRODUCTION

The Motion To Dismiss seeks dismissal of certain Defendants and certain of the claims set forth in the Complaint of Plaintiff APPLE HILL GROWERS, pursuant to Federal Rules of Civil Procedure, Rule 12(b)(6). The Complaint [Doc. 1] asserts the following:

COUNT I  Trademark Infringement, Under 15 U.S.C. Section 1114;

COUNT II  Trademark Infringement and False Designation Of Origin, Under 15 U.S.C. Section 1125(a);

COUNT III  Anti-Cybersquatting Consumer Protection Act, Under 15 U.S.C. Section 1125(d) against Defendant MASON VISMAN;

COUNT IV  Violation Of California Unfair Competition Law, Under California Business & Professions Code, Sections 17200, 17500 et seq.; and,

COUNT V  Violation Of California Common Law - Unfair Competition.

As set forth in their Memorandum In Support Of Motion To Dismiss And For Summary

Law Offices Of
R. Michael West
A Professional
Corporation
Patent Trademark
Copyright Law

Judgment On The State Law Claims [Doc. 5-1], Defendants seek dismissal as follows:

(a)     Defendants BRAD VISMAN and KANDI VISMAN from the entire action on the grounds that said Defendants "have been sued in their individual capacity" but that "Plaintiff has not pleaded facts that make it plausible that either was personally involved in the alleged infringement" [ Doc. 5-1, 4:22-23];

(b)     Defendant MASON VISMAN respecting Counts I, II, IV, and V on the grounds that: said Defendant cannot infringe Plaintiff's rights because of an application filed by said Defendant which has "filing priority over Plaintiff's Registration no. 5,034,321," which was attached as Exhibit B to the Complaint [Doc. 1, p. 20]; that Plaintiff "has not pleaded a plausible claim of priority" [Doc. 5-1, 9:18-19]; and, the "only injury suffered by Plaintiff is to its ego" [Doc. 5-1, 10:17]; and,

(c)     Defendants EL DORADO ORCHARDS, INC., BRAD VISMAN, and KANDI VISMAN should be dismissed from the Trademark Infringement claims which are based on the "Twin Apple Logo" on grounds that "Plaintiff does not plead any prior rights in an apple logo or a BOA VISTA trademark" [Doc. 5-1, 11:11-12].

Defendants also seek Summary Adjudication respecting Plaintiff's Counts IV and V which are brought under California statutory and common law, on the grounds that these claims are barred by the Statute Of Limitations.

## FACTUAL BACKGROUND - ALLEGED IN THE COMPLAINT

Plaintiff APPLE HILL GROWERS ("AHG"), is a California corporation, which licenses the sale and provision of APPLE HILL goods and services through its duly licensed and authorized Member/Growers.  In July 1964, the predecessor in interest of AHG coined the term APPLE HILL, commenced promotion of the new mark, and initiated branding of the goods and services provided to the public by Member/Growers.  AHG has licensed the sale of goods and services, in commerce, continuously since 1964 to the present. [Doc. 1, ¶¶ 1, 10, 11]

Plaintiff AHG also provides advertising and promotional services, under the APPLE HILL Service Mark, for the goods and services of its Members/Growers through, *inter alia*: its Website www.applehill.com; distribution of printed media; social media accounts;  downloadable application

Law Offices Of
R. Michael West
A Professional
Corporation
Patent Trademark
Copyright Law

2                                2:17-CV-02085-TLN-CKD
PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS AND FOR SUMMARY JUDGMENT

1   for mobile devices;  distribution of printed materials; and, display of authorized point of purchase

2   signage indicating Member/Grower  membership and a unique member identification number for

3   each Member/Grower.  AHG has provided advertising and promotional services in commerce,

4   continuously since 1964 with respect to its Member/Growers. [Doc. 1, ¶ 13]

5       Plaintiff AHG also provides advertising and promotional services under the APPLE HILL

6   Service Mark, for the goods and services of others, through: its Website www.applehill.com;

7   downloadable application for mobile devices; and, the distribution of printed materials.  AHG has

8   provided advertising and promotional services in commerce, for the goods and services of others

9   continuously since at least 1978.[Doc. 1, ¶ 14]

10      Plaintiff AHG is the owner of incontestible Federal Registration No. 1,945,541 (the '541

11  Registration), issued January 2, 1996, for Fresh Fruit, in International Class 31, and for Fruit Juices,

12  in International Class 32 [Doc. 1, ¶ 15 and Exh. A].

13      Plaintiff AHG is also the owner of valid and subsising Federal Registration No. 5,034,321

14  (the '321 Registration), issued September 6, 2016, for: Cook Books, Printed Guides For Visitors To

15  Fruit Orchards, Christmas Tree Farms, And Wineries, in International Class 16; Bakery Goods,

16  Barbeque Sauce, Fruit Pies, Ketchup, Sauces, And Spice Blends, in International Class 30; and, Live

17  Christmas Trees, in International Class 31 [Doc. 1, ¶ 16 and Exh. B].

18       Defendant EL DORADO ORCHARDS, INC. ("EDO"), is a California Corporation, which

19  does business under the fictitious business name of Boa Vista Orchards in Placerville, California.

20  Individual Defendants BRAD VISMAN and KANDI VISMAN are doing business under the

21  fictitious business names Boa Vista Wines and Boa Vista Vineyards at the same location as

22  Defendant EDO.  Defendant BRAD VISMAN is a director of Defendant EDO, and Defendant

23  KANDI VISMAN is the Secretary/Treasure and Chief Financial Officer of the corporate Defendant.

24  [Doc. 1, ¶¶ 2, 3, 4]

25      In connection with their Boa Vista enterprises, Defendants BRAD VISMAN,  KANDI

26  VISMAN, and EDO have for many years used a particular logo depicting two apples.  This "Twin

27  Apple Logo" is shown in the photograph of the billboard attached as Exhibit C to the Complaint, and

28  is  also prominently displayed on the www.boavista.com Web Site. [Doc. 1, ¶ 26 and Exh. C].

**Law Offices Of**
**R. Michael West**
A Professional
Corporation
Patent Trademark
Copyright Law

3                                    2:17-CV-02085-TLN-CKD
PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS AND FOR SUMMARY JUDGMENT

1    Defendants BRAD VISMAN,  KANDI VISMAN, and EDO, doing business under various

2    of the BOA VISTA fictitious names, were for many years a Member/Grower of AHG; and, as such,

3    these Defendants were licensees, authorized to use the APPLE HILL mark in connection with their

4    business activities.  In early 2014, the Grower/Member status of these Defendants was terminated.

5    Accordingly, Defendants' license to use the APPLE HILL mark was revoked.  As former licensees,

6    Defendants are estopped from challenging both Plaintiff's ownership, and the validity, of the APPLE

7    HILL mark. [Doc. 1, ¶¶ 20 and 21]

8    On March 11, 2014, Defendant MASON VISMAN registered the Internet Domain Name

9    APPLEHILLCA.COM.  Shortly thereafter, under the direction and control of Defendant MASON

10   VISMAN the Web Site www.applehillca.com was activated, representing to the public that it was

11   the "Official Site Of Apple Hill CA."  This Web Site indicates that its situs is located at the same

12   address as BOA  VISTA and  displays the "Twin Apple Logo" which for many years has been

13   associated with the BOA VISTA enterprises of Defendants BRAD VISMAN,  KANDI VISMAN,

14   and EDO.  Defendant MASON VISMAN is also doing business under the fictitious business names

15   Apple Hill and Boa Vista Cider at this same address.  [Doc. 1, ¶¶ 5, 22, 23, 24 and 25]

16   The Web Site www.applehillca.com, prominently displays the mark APPLE HILL and the

17   "Twin Apple Logo" and includes Internet links to the Web Site of  Boa Vista Orchards and Boa

18   Vista Wines, www.boavista.com, which is owned and/or controlled by Defendants BRAD VISMAN,

19   KANDI VISMAN, and EDO.  The Web Site www.applehillca.com falsely represents to the public

20   that the Web Site is the "Official Site Of Apple Hill CA" and that the Web Site is the source of "The

21   Official Apple Hill® App".  The Web Site www.applehillca.com, also includes links which lead to:

22   the "Apple App Store" and to "Google Play" from which mobile applications ("apps"), which

23   include the mark APPLE HILL next to the Boa Vista "Twin Apple Logo," can be downloaded; and

24   to social media sites, including Facebook and Twitter where the APPLE HILL mark and the Boa

25   Vista "Twin Apple Logo" are prominently displayed . [Doc. 1, ¶¶ 26, 27, 28 and 29]

26   During the summer of 2017, a large billboard located on Highway 50 west of Placerville,

27   directing consumers to Defendants' Boa Vista enterprises, displayed the words BOA VISTA

28   impressed over the "Twin Apple Logo" on one side of the billboard, and "APPLE HILL OPEN" on

Law Offices Of
R. Michael West
A Professional
Corporation
Patent Trademark
Copyright Law

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS AND FOR SUMMARY JUDGMENT

the other side. [Doc. 1, ¶ 30]

Plaintiff has also alleged that each of the Defendants was in some manner responsible for the acts complained of in the Complaint, and the harm suffered by AHG as a result thereof; and that each Defendant was the agent, principal, and/or alter ego of one or more of the other Defendants, acting in the course and scope of such agency and/or acted with the permission, consent, authorization, or ratification of one or more of the other Defendants. [Doc. 1, ¶ 6]

Defendants sell and offer goods and services to the public using the APPLE HILL mark or variants thereof; which along with the Web Site www.applehillca.com, mobile apps, social media sites, billboard, and various links to BOA VISTA, are all attempts by Defendants to misappropriate Plaintiff's APPLE HILL mark and to create a false association between BOA VISTA and the APPLE HILL mark, all of which have caused and are continuing to cause injury and damages to Plaintiff AHG. [Doc. 1, ¶¶ 33 through 41]

## MOTION TO DISMISS

**I. Legal Standard**

Federal Rule of Civil Procedure 8(a)(2) requires a pleading that states a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." To meet this standard, the pleading must allege "enough facts to state a claim to relief which is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although Rule 8 does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Citing *Twombly*, the Court stated that to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face," and that a claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *See, Ashcroft v. Iqbal*, 556 U.S. at 678.

On a Motion To Dismiss, the factual allegations of the Complaint must be accepted as true. *Cruz v. Beto*, 405 U.S. 319, 322 (1972); see also *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011)(holding that courts "accept factual allegations in the complaint as true and construe the

Law Offices Of
R. Michael West
A Professional
Corporation
Patent Trademark
Copyright Law

1  pleadings in the light most favorable to the non-moving party"). A court is bound to give plaintiff

2  the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the

3  complaint. *Retail Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S.746, 753 n.6 (1963).

4  In ruling upon a Motion To Dismiss, the general rule is that extraneous evidence outside the

5  complaint should not be considered *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912

6  (2001). "One exception to this general rule is that a "court may take judicial notice of matters of

7  public record without converting a motion to dismiss into a motion for summary judgment, as long

8  as the facts noticed are not subject to reasonable dispute." *Skilstaf, Inc. v. CVS Caremark Corp.* 669

9  F.3d 1005, 1016, fn. (9th Cir.2012).

10  Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged "enough

11  facts to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. at 697 (quoting

12  Twombly, 550 U.S. at 570). Only where a plaintiff has failed to nudge his or her claims "across the

13  line from conceivable to plausible" is the complaint properly dismissed. *Id.* at 680 (quoting Twombly,

14  550 U.S. at 570).

15  **II.  Argument Respecting Defendants' Motion To Dismiss**

16  The methodology employed by Defendants in their Motion To Dismiss does not address the

17  facts actually plead in the Complaint, but rather argues the case using conclusory statements and

18  advancing  positions for which Defendants have no basis in fact or law.

19  **A.     Defendants BRAD VISMAN And KANDI VISMAN Should Not Be Dismissed**

20  Defendants assert that these individually named Defendants should be dismissed from the

21  entire action because Plaintiff has not pleaded a claim that has facial plausibility against them for

22  infringement. As grounds, Defendants assert that Plaintiff seeks to hold the individual Defendants

23  liable for infringement solely on the basis of their status as a corporate officer or director. Such is

24  simply not true.

25  15 U.S.C. Section 1125(a) of the Lanham Act, cited in part below, imposes civil liability on:

26  (1)  Any person who, on or in connection with any goods or services,
    or any container for goods, uses in commerce any word, term, name,

27  symbol, or device, or any combination thereof, or any false designation
    of origin, false or misleading description of fact, or false or misleading

28  representation of fact, which—

**Law Offices Of
R. Michael West**
A Professional
Corporation
Patent Trademark
Copyright Law

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS AND FOR SUMMARY JUDGMENT

1

2

3

> (A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person.

4   Plaintiff has alleged, in the various Counts of the Complaint, that the unauthorized and

5   infringing use of Plaintiff's mark by Defendants causes, and is likely to cause, confusion or mistake,

6   and  deceives the consuming public, and that Plaintiff has been damaged thereby.

7   The courts have recognized the principle that  a "corporate officer or director is, in general,

8   personally liable for all torts which he authorizes or directs or in which he participates,

9   notwithstanding that he acted as an agent of the corporation and not on his own behalf" is applicable

10   in trademark infringement and unfair competition cases. ***Committee for Idaho's High Desert, Inc.***

11   ***v. Yost***, 92 F.3d 814, 823-824 (9th Cir.1996)(citing *Transgo, Inc. v. Ajac Transmission Parts Corp.*,

12   768 F.2d 1001, 1021 (9th Cir.), and *Polo Fashions, Inc. v. Craftex, Inc.*, 816 F.2d 145, 149 (4th

13   Cir.1987)).

14   The Complaint further alleges that Defendant  EDO does business under the fictitious business

15   names of Boa Vista Orchards and Boa Vista Winery.  As individuals, BRAD VISMAN and KANDI

16   VISMAN jointly own both of these fictitious business names; and, along with EDO, said Defendants

17   do business thereunder.  KANDI VISMAN is the Chief Financial Officer and Secretary of corporate

18   Defendant EDO; and, BRAD VISMAN is a Director of EDO.   From these facts, it is reasonable to

19   infer that these Defendants have undertaken to control and direct the infringing activities of  EDO and

20   of Boa Vista Orchards and Boa Vista Winery.  In other words, these Defendants are liable both as

21   individuals by virtue of their corporate positions, and as individuals owning and  controlling the

22   fictitious business names under which they and EDO do business.  They should not be dismissed.

23   **B.**      **Trademark Infringement, False Designation Of Origin And Unfair Competition**

24   **Claims Against Defendant MASON VISMAN Should Not Be Dismissed**

25   Defendants seek dismissal of MASON VISMAN from Counts I, II, IV, and V on the grounds

26   that:  Defendant MASON VISMAN cannot infringe Plaintiff's rights because an application filed by

27   said Defendant has "filing priority over Plaintiff's Registration no. 5,034,321," (attached as Exhibit

28   B to the Complaint) and that Plaintiff "has not pleaded a plausible claim of priority."  "Thus, as [sic]

**Law Offices Of
R. Michael West**
A Professional
Corporation
Patent Trademark
Copyright Law

1  he cannot infringe that registration because he has prior rights." [Doc. 5-1, 7:9-10]

2          Defendants fail to support this absurd position with any legal authority.

3          In the United States, it is not registration (nor the filing of an application), but actual use of

4  a mark which creates rights over others.  The facts evident from a review of the '321 Registration

5  [Doc. 1, Exh. B], must be accepted as true for purposes of the motion.  The Registration was granted

6  on the ***Principal Register*** of the United States Patent and Trademark Office ("USPTO"), and it <u>recites</u>

7  <u>use in connection with various goods in 1964 and 1965</u>.  Registration on the ***Principal Register*** is

8  prima facie evidence of certain facts including validity of the registered mark and the registration, and

9  of registrant's ownership of the mark. (*See,* 15 U.S.C. § 1115(a))

10         A review of Defendant MASON VISMAN's Registration No. 4,682,963 [Doc. 5-1, Exh. A],

11  establishes that it was granted on the ***Supplemental Register***, and the presumptions accorded to

12  registrations on the ***Principal Register*** do not apply.  Unlike a registration on the ***Principal Register***,

13  registration on the ***Supplemental Register*** is not prima facie evidence of the validity of the registered

14  mark, of ownership of the mark, or of the registrant's exclusive right to use the registered mark in

15  commerce. (*See, **George & Co. LLC v. Imagination Entertainment  Ltd.**,* 575 F.3d 383, 391 n.8).

16         It is clear from a review of Plaintiff's cited Registrations that its use of the mark predates that

17  of Defendant MASON VISMAN by many years.  Further, there are many facts alleged in the

18  Complaint respecting Plaintiff's priority of use for a wide variety of goods and services, including

19  providing advertising and promotional services in commerce, for the goods and services for Grower

20  Members continuously since 1964 [Doc. 1, ¶ 13], and for the goods and services of others

21  continuously since at least 1978 [Doc. 1, ¶ 14].  Plaintiff has in fact asserted priority, and a plausible

22  claim for infringement against Defendant MASON VISMAN.

23          **1.      TTAB Proceeding To Cancel Mason Visman's Registration Is Not**

24                  **Material To The Instant Action**

25         The proceeding before the Trademark Trial and Appeal Board ("TTAB") respecting Mason

26  Visman's Registration No. 4,682,963 is not material to the legal and factual issues presented in the

27  Complaint and is not mentioned anywhere in the Complaint for that reason.

28         Defendants moving papers seek to have this Court "follow" the TTAB's purported "decision."

Law Offices Of
R. Michael West
A Professional
Corporation
Patent Trademark
Copyright Law

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS AND FOR SUMMARY JUDGMENT

1    [Doc 5-1, 8:10]   Once again, Defendants' position lacks any legal support.  Defendants know (or

2    should know), that TTAB proceedings involving ownership of a Federal Registration, are neither

3    binding upon nor determinative of Federal District Court claims involving trademark infringement,

4    false association, anti-cybersquatting, and unfair competition.

5         Even more egregious, Defendants seek to mislead this Court with false statements respecting

6    the TTAB proceeding, attaching as Exhibits [Doc. 5-1, Exhs. B and C] *interlocutory rulings* which

7    were subsequently *superseded*.  These ***interlocutory rulings*** of the TTAB, involved 12(b)(6) motions

8    which are irrelevant to the present Federal and State Law claims, brought before this Court.

9         Defendants also falsely represent to the Court the status of the TTAB proceeding.  The

10   ***interlocutory rulings*** attached to, and discussed in[1], the moving papers [Doc 5-1, 6:15  through 8:24,

11   Exhs. B and C] have been entirely superseded.  Defendants intentionally omit the fact that Petitioner

12   filed a Second Amended Petition For Cancellation which has been accepted by the TTAB.  The

13   TTAB entered same as the operative pleading without any limitation on the matters plead therein.

14   Defendants also fail to inform this Court that default was entered in this TTAB proceeding against

15   Defendant Mason Visman, and that a ruling of the TTAB on an Order To Show Cause Why Default

16   Judgment Should Not Be Entered against Defendant Mason Visman is still currently  pending.

17        Defendants' arguments based on the TTAB proceeding are irrelevant to the instant action and

18   have no bearing on a Motion To Dismiss.  They have been interposed in an attempt to obscure the real

19   issues in this action, Defendants' infringement of Plaintiff's trademark and service mark.

20        **2.    Argument Respecting Defendant MASON VISMAN'S "Advertising And**

21        **Promotional Services"**

22        Once again, Defendants misstate what is plead in the Complaint, and then assert that "Plaintiff

23   failed to state a claim because it has not pleaded a plausible claim for priority" [Doc 5-1, 9:18-19].

24        Plaintiff has pleaded priority of advertising and promotional services, inter alia, through

25   printed media and web-based services [Doc 1, ¶¶ 13, 14].  Defendants attempt, once again, to

26   fabricate an issue, where none exists.  Plaintiff did not plead that its Internet advertising services date

27

28   1.   Numerous misstatements by Defendants respecting the TTAB proceeding, Petitioner's claims
     therein, and the ***interlocutory rulings*** will not be addressed here as they are not relevant.

**Law Offices Of
R. Michael West**
A Professional
Corporation
Patent Trademark
Copyright Law

9                                                    2:17-CV-02085-TLN-CKD
PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS AND FOR SUMMARY JUDGMENT

1   back to 1964, as Defendants frivolously suggest.  However, Plaintiff does allege that it provides such

2   services on its Web Site,  www.applehill.com, both to Member/Growers and to others [Doc 1, ¶¶ 13,

3   14].   Plaintiff also alleges that Defendant MASON VISMAN registered the Domain Name

4   APPLEHILLCA.COM on March 11, 2014 [Doc. 1, ¶ 23] and that said Defendant owns the Web Sites

5   www.applehillca.com and www.applehillmap.com, which incorporate the APPLE HILL mark [Doc

6   1, ¶ 33].  Defendant MASON VISMAN's www.applehillca.com prominently displays APPLE HILL,

7   and states thereon "Apple Hill® Open 8am to 6pm Daily 2952 Carson Road, Ste. 1, Placerville, CA"

8   [Doc 1, ¶ 24].   Although Plaintiff did not specify an exact date respecting the activation of its

9   www.applehill.com Web Site, the reasonable inference to be drawn is that *Plaintiff already owned*

10  *the Domain Name and related Website*, and it was therefore not available, when Defendant MASON

11  VISMAN registered the Domain Names for his Web Sites  www.applehillca.com  and

12  www.applehillmap.com in 2014[2].  In other words, Defendant MASON VISMAN had to add the terms

13  "ca" and "map" to apple hill to gain the registrations of the Domain Names.

14        Moreover, Plaintiff has alleged advertising and promotional services under the APPLE HILL

15  mark dating back to 1964.  In view of the fact that consumers have become accustomed to advertising

16  and promotional service of a mark through various media, including printed media and on the

17  internet, Defendant MASON VISMAN's assertion that Plaintiff has not made a priority claim is

18  specious.

19        In yet another example of Defendants' fabricated issues, Defendants attempt to mislead the

20  Court by stating that the Plaintiff must plead that its APPLE HILL mark has achieved "secondary

21  meaning," or its claims fail [Doc 5-1, 10:1-2].  To the contrary, Plaintiff's mark APPLE HILL was

22  a coined term, having no descriptive meaning or significance when it was adopted and first used in

23  1964.  Plaintiff's mark is *inherently distinctive*, and both of Plaintiff's cited Registrations [Doc 1,

24  Exh. A and B] were granted on that basis.  As such, Plaintiff has no pleading requirement nor

25  evidentiary obligation to prove that "secondary meaning" has attached to the APPLE HILL mark.

26

27  2.  *See also,* Declaration of Catherine Ashley Straight, ¶¶ 4 and 5, and Exhibits A and B (filed in
    Support Of The Opposition To The Motion For Summary Judgment) showing the dates of creation
28  of these two (2) Domain Names in March of 2014.

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS AND FOR SUMMARY JUDGMENT

Law Offices Of
R. Michael West
A Professional
Corporation
Patent Trademark
Copyright Law

1    Defendants also make the intentionally misleading argument that Plaintiff is asserting a

2   priority claim for infringement of the publication the CIDER PRESS [Doc 5-1, 10:3-9].  Of course,

3   Defendants fail to indicate where these allegations appear in the Complaint.  That is because they do

4   not.  The CIDER PRESS publication is discussed in only one paragraph of the Complaint, which

5   describes some of the extensive efforts undertaken by Plaintiff over the past fifty (50) years to

6   advertise and promote the APPLE HILL mark.   Plaintiff's pleading clearly states that the CIDER

7   PRESS was one of the vehicles for promotion of the APPLE HILL mark: including numerous

8   references on its pages displaying APPLE HILL, information about the association's APPLE HILL

9   members, and a map of the area showing the business locations of those Member/Growers [Doc 1,

10   ¶ 18].  To suggest Defendants' scenario, that Plaintiff is asserting infringement of the CIDER PRESS

11   mark, is disingenuous indeed.

12   **3.    Defendant MASON VISMAN's Actions In Fact Have Caused And Will**

13   **Continue To Cause Injury To Plaintiff**

14    Unauthorized and misleading promotion and use of APPLE HILL is damaging to the Plaintiff

15   and its Member/Growers.  It matters little whether Defendant Mason Visman is a grower, or not,

16   because he is misrepresenting himself, on his Web Site, app and social media, as the "official" Web

17   Site of APPLE HILL, and the source of the "official" APPLE HILL App, for use with consumers'

18   smart phones [Doc 1, ¶¶ 23, 24, 25, 28, 29].  Defendant MASON VISMAN intentionally conflates

19   Plaintiff's APPLE HILL mark with BOA VISTA and/or with the mark used by Defendants, the "Twin

20   Apple Logo," in connection with their various business enterprises [Doc 1, ¶¶ 26, 27, 29, 30].

21    Defendants' specious argument is that Defendant MASON VISMAN "is providing a service

22   that is beneficial" [Doc 5-1, 10:22-11:1] and that the owner of a trademark should be pleased by the

23   conduct of an infringer, because the infringing activity actually helps in directing commerce to the

24   trademark owner.  The Court will appreciate that all infringers would be free from liability if that

25   were a plausible defense.

26    In reality, Defendant MASON VISMAN is, through his infringing actions, directing

27   commerce to the enterprises of Defendants, causing injury to Plaintiff.

28

**Law Offices Of
R. Michael West**
A Professional
Corporation
Patent Trademark
Copyright Law

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS AND FOR SUMMARY JUDGMENT

**C.     Defendants' Argument Respecting Trademark Infringement Claims Against Defendants "Based Upon The 'Twin Apple Logo'" Is Unintelligible**

Plaintiff makes no claim of rights in Defendants' BOA VISTA mark or its "Twin Apple Logo." Plaintiff's factual allegations are that ***Defendants conflate*** their BOA VISTA mark and the "Twin Apple Logo" with Plaintiff's APPLE HILL mark [Doc 1, ¶¶ 26, 27, 29, 30]. Plaintiff further alleges that Defendants' acts constitute trademark infringement, as they have caused confusion, and are likely to continue to cause confusion, or to cause mistake, or to deceive the consuming public into believing that Defendants' goods and services are authorized, sponsored or approved by or are affiliated with Plaintiff AHG [Doc 1, Count I and II]. Further alleged is that such acts by Defendants, as competitors of Plaintiff, constitute actionable unfair competition [Doc 1, Count IV and V].

The truth of the matter is that Defendants EDO, BRAD VISMAN and KANDI VISMAN lost their authorization to use Plaintiff's APPLE HILL mark in early 2014 when they were removed as Members of Plaintiff's association, but these Defendants still wish to reap the benefits of membership, at the expense of Plaintiff and its Member/Growers, by continuing to use Plaintiff's Trademark and mislead the public.

**D.     Defendants' Motion To Dismiss Should Be Denied**

As discussed above, the arguments presented in Defendants' Motion To Dismiss: misrepresent what is actually alleged in Plaintiff's Complaint; misstate numerous facts; and, are not supported by existing law. The Motion was brought for an improper purpose, intended to cause unnecessary delay and needlessly increase the cost of litigation. Defendants' Motion To Dismiss should be denied.

**MOTION FOR SUMMARY JUDGMENT RESPECTING**

**STATE LAW CLAIMS FOR UNFAIR COMPETITION (COUNTS IV AND V)**

Defendants also seek Summary Adjudication respecting Plaintiff's Counts IV and V, brought under California's unfair competition law, on the grounds that these claims are barred by the Statute Of Limitations. Defendants support their Motion with the Declaration of Defendant MASON VISMAN, and a referenced Exhibit thereto which was not attached.[3]

_____

3.   Defendants did not file the referenced Exhibit in contravention to Local Rule of Court 230(b).

Law Offices Of
R. Michael West
A Professional
Corporation
Patent Trademark
Copyright Law

In support of its Opposition, Plaintiff submits: its Statement Of Genuine Issues in Opposition to Defendants' Motion For Summary Judgment regarding Counts IV and V of the Complaint, pursuant to Eastern District Of California Local Rule 260(b); the Declaration of Christopher J. Delfino; the Declaration of Catherine Ashley Straight; and, such documentary evidence attached to said declarations.

## I. **Legal Standard**

Under Federal Rules Of Civil Procedure, Rule 56, summary judgment is appropriate when the moving party demonstrates no genuine issue as to any material fact exists, and that the moving party is entitled to judgment as a matter of law.  The moving party must cite to those particular parts of "the materials in the record, including depositions, documents, electronically stored information, affidvits or declarations, admissions, interrogatory answers, or other materials" which it believes demonstrate the absence of a genuine issue of material fact. [*See,* Fed. R. Civ. P. 56(c)(1)(A)]   "One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses" ***Celotex Corp. v. Catrett***, 477 U.S. 317, 323-324 (1986).

Rule 56(c)(1) requires that the party opposing the motion must support its position as follows:

> Supporting Factual Positions. A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> (A)   citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B)   showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

The opposing party need not establish a material issue of fact conclusively in its favor, as "summary judgment will not lie if the dispute about a material fact is "genuine," that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." ***Anderson v. Liberty Lobby, Inc.,*** 477 U.S. 242, 248 (1986)(citing *First Nat'l Bank of Ariz. v. Cities Service Co.*, 391 U.S. 253, 288–89 (1968)).   In ruling on a summary judgment motion, "evidence of the

**Law Offices Of
R. Michael West**
A Professional
Corporation
Patent Trademark
Copyright Law

13                                      2:17-CV-02085-TLN-CKD
PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS AND FOR SUMMARY JUDGMENT

1  nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." **Anderson,**

2  477 at 255 (citing, *Adickes v. S. H. Kress & Co.*, 398 U.S. 144 (1970)).

3  **II.  Argument Respecting Defendants' Motion For Summary Judgment**

4         Defendants acknowledge that a four (4) year Statute Of Limitations from the accrual of the

5  cause of action applies to Plaintiff's claims asserted in Counts IV and V [Doc 5-1, 12:1-2].

6  Defendants, however, misstate the facts and ignore controlling legal authority respecting the *accrual*

7  *of Plaintiff's claims*.

8         A.      **Statute Of Limitations And Accrual Of Plaintiff's Unfair Competition Claims**

9         Plaintiff pleads claims against Defendants under California Unfair Competition Law [Doc.

10  1, Counts IV and V].  The allegations include claims under California Business and Professions Code,

11  Chapter 5 - Enforcement [17200 - 17210]:

12        California Business and Professions Code Section 17200 provides that:

13              "As used in this chapter, unfair competition shall mean and include
              any unlawful, unfair or fraudulent business act or practice and unfair,

14              deceptive, untrue or misleading advertising and any act prohibited by
              Chapter 1 (commencing with Section 17500) of Part 3 of Division 7

15              of the Business and Professions Code."

16        The statute of limitations for such claims is set forth in Section 17208, which states as follows:

17               "Any action to enforce any cause of action pursuant to this chapter
              shall be commenced within four years after the cause of action

18              accrued. No cause of action barred under existing law on the effective
              date of this section shall be revived by its enactment."

19

20        The California Supreme Court, in ***Aryeh v. Canon Bus. Solutions, Inc.***, 55 Cal. 4th 1185,

21  1191 (2013), discussed the general principles of the accrual of a cause of action, for claims brought

22  under California's Unfair Competition Law ("UCL"):

23              Traditionally at common law, a 'cause of action accrues' when [it] is
              complete with all of its elements'—those elements being wrongdoing,

24              harm, and causation."   This is the 'last element' accrual rule:
              ordinarily, the statute of limitations runs from 'the occurrence of the

25              last element essential to the cause of action.'"   *[Internal citations
              omitted]*

26

27  However, there are equitable exceptions to, and modifications of, the usual rules governing

28  limitations periods which may alter the rules governing either the initial accrual of a claim, the

**Law Offices Of
R. Michael West**
A Professional
Corporation
Patent Trademark
Copyright Law

1    subsequent running of the limitations period, or both. These doctrines, discussed by the court as set

2    forth following, have applicability with respect to Plaintiff's claims brought under the UCL:

> (3) To align the actual application of the limitations defense more closely with the policy goals animating it, the courts and the Legislature have over time developed a handful of equitable exceptions to and modifications of the usual rules governing limitations periods. These doctrines may alter the rules governing either the initial accrual of a claim, the subsequent running of the limitations period, or both. The "'most important'" of these doctrines, the discovery rule, where applicable, "postpones accrual of a cause of action until the plaintiff discovers, or has reason to discover, the cause of action." (*Norgart v. Upjohn Co., supra,* 21 Cal.4th at p. 397; accord, *Fox v. Ethicon Endo-Surgery, Inc., supra,* 35 Cal.4th at p. 807.) Equitable tolling, in turn, may suspend or extend the statute of limitations when a plaintiff has reasonably and in good faith chosen to pursue one among several remedies and the statute of limitations' notice function has been served. (*McDonald v. Antelope Valley Community College Dist.* (2008) 45 Cal.4th 88, 99-100 84 Cal.Rptr.3d 734, 194 P.3d 1026].) The doctrine of fraudulent concealment tolls the statute of limitations where a defendant, through deceptive conduct, has caused a claim to grow stale. (*Regents of University of California v. Superior Court* (1999) 20 Cal.4th 509, 533 [85 Cal.Rptr.2d 257, 976 P.2d 808].)
>
> (4) **The continuing violation doctrine aggregates a series of wrongs or injuries for purposes of the statute of limitations, treating the limitations period as accruing for all of them upon commission or sufferance of the last of them**. (*Richards v. CH2M Hill, Inc.* (2001) 26 Cal.4th 798, 811-818 [111 Cal.Rptr.2d 87, 29 P.3d 175]; see *National Railroad Passenger Corporation v. Morgan* (2002) 536 U.S. 101, 118 [153 L.E.2d 106, 122 S.Ct. 2061].) *(Emphasis added)*
>
> (5) Finally, **under the theory of continuous accrual, a series of wrongs or injuries may be viewed as each triggering its own limitations period, such that a suit for relief may be partially time-barred as to older events but timely as to those within the applicable limitations period.** (*Howard Jarvis Taxpayers Assn. v. City of La Habra,* supra, 25 Cal.4th at pp. 818-822.) *(Emphasis added)*

22   *Aryeh*, 55 Cal. 4th at 1192.

23   **B.      Plaintiff's Claims Brought Under The UCL Are Not Time Barred**

24   Prior to early 2014, Defendants EDO, BRAD VISMAN and KANDI VISMAN, doing

25   business under their various BOA VISTA fictitious business names, were Grower/Members of

26   Plaintiff. As such, said Defendants were licensed to use the APPLE HILL trademark and to display

27   their unique Member/Grower identification sign.

28   Alleged in the Complaint, in 2013, a dispute arose between Plaintiff AHG, and some of its

Law Offices Of
R. Michael West
A Professional
Corporation
Patent Trademark
Copyright Law

1   Member/Growers, including the BOA VISTA Defendants, regarding improper use of the APPLE

2   HILL mark, conflicts of interest, and a lack of loyalty to AHG.[4]  The dispute did ultimately lead to

3   the termination of Defendants EDO, BRAD VISMAN and KANDI VISMAN, and their BOA VISTA

4   enterprises, as Member/Grower's of Plaintiff.  However, the claims in the Complaint are not based

5   thereon.

6        Plaintiff AHG undertook efforts to resolve the dispute which arose in 2013 with the particular

7   Member/Growers involved. In January, 2014, the Board of Directors of AHG passed a motion to

8   revoke the membership of the entities controlled by the Visman families, unless they agreed to certain

9   terms and executed an Annual Certificate of Compliance indicating compliance with the association's

10  conflict of interest policy.   Christopher J. Delfino, AHG's Chairman of the Membership and Ethics

11  Committee, personally contacted the particular Member/Growers, including Defendant BRAD

12  VISMAN at Boa Vista Orchards. Mr. Defino discussed the AHG's compliance requirements and hand

13  delivered the documents to be executed.   Mr. Delfino followed up with the particular

14  Member/Growers, and reported to the Board of AHG during a meeting in February, 2014, that BOA

15  VISTA,  EL DORADO ORCHARDS, and High Sierra, all had refused to sign the conflict of interest

16  policy and abide by the Board's requests.  At that meeting, the AHG Board passed motions to begin

17  the process of revoking the memberships of each of these members and to pick up the Apple Hill

18  Grower logo signs which the Member/Growers used.   Shortly after the February Board meeting, Mr.

19  Delfino personally picked up the Apple Hill Grower logo signs from these entities.  (Declaration of

20  Christopher J. Delfino, ¶¶ 4, 5, and 6)

21        Plaintiff's unfair competition claims against Defendants EDO, BRAD VISMAN and KANDI

22  VISMAN are based upon actions undertaken *after* their membership in AHG had been revoked in

23  2014 and such Defendants were no longer Member/Growers, as discussed above.  After such date,

24

25  4.  This dispute was based, in part, upon certain of Defendant BRAD VISMAN's actions, including
26  the filing with the United States Patent and Trademark Office of two (2) applications for registration
    of the trademark APPLE HILL on March 14, 2013. These applications were abandoned, in January,
27  2014, after the Trademark Office refused registration, on the grounds that the applied-for mark was
    likely to cause confusion with Plaintiff's APPLE HILL trademark - Registration No. 1,945,541.
28  *See,* Dec. C. Straight ¶ 6, and Exh. C (TESS status re filing date of application and abandonment).

Law Offices Of
R. Michael West
A Professional
Corporation
Patent Trademark
Copyright Law

1   Defendants became *competitors* of AHG rather than licensees, and Defendants' sales of various

2   products, and the advertising and promotion thereof, using the APPLE HILL mark, constitute unfair

3   business practices under the UCL.  All such activities clearly have occurred within the four (4) year

4   period prior to the filing of the Complaint.

5        Plaintiff's claims against Defendant MASON VISMAN, as alleged in the Complaint, also arise

6   within the limitations period.  These claims are based upon the use of two Domain Names

7   APPLEHILLCA.COM  and  APPLEHILLMAP.COM, owned by Defendant MASON VISMAN,

8   which are used in connection with URL addresses www.applehillca.com and www.applehillmap.com

9   in the manner which is likely to cause confusion, and harm to Plaintiff.  Plaintiff's claims are further

10  based upon Defendant MASON VISMAN's use of downloadable "apps" and social media sites which

11  are linked to, and can be accessed from, these Web Sites.   The two (2) Domain Names,

12  APPLEHILLMAP.COM and APPLEHILLCA.COM, were **created** on March 5, 2014 and March 11,

13  2014, respectively (*See,* Dec. C. Straight ¶¶ 4 and 5, Exh. A and B).  The Web Sites based upon these

14  Domain Names could not have existed, and been active, prior to the dates the Domain Names were

15  created, each of which is within the limitations period.

16       Under the doctrines discussed in ***Aryeh v. Canon Bus. Solutions, Inc.***, 55 Cal. 4th 1185

17  (2013), even *if* some of the acts complained of in the Complaint were outside that period, Plaintiff's

18  claims would not be time barred.  Defendant MASON VISMAN provided sworn testimony that: "We

19  did not stop the infringing conduct because we did not believe we were doing anything wrong.  I and

20  Boa Vista Orchards are still doing the same things today as were complained of in August 2013." (Dec.

21  Mason Visman, Doc. 5-3, ¶ 8.)

22       Defendants have engaged in continuing violations of the law, as well as a series of different

23  wrongs and/or injuries, including the unauthorized use of the trademark in variety of manners and in

24  connection with a variety of goods and services.  Defendant MASON VISMAN continues to revise

25  his Web Site www.applehillca.com, to change and/or incorporate infringing content and false claims[5];

26

27     5. *See*, Dec. Straight, ¶ 7, and Exh. D, Terms Of Service page from Defendant MASON VISMAN'S

28  Web Site www.applehillca.com which states "last modified on April 20, 2017," and which includes,
    for example, the representation that the Site and the content "are owned by Apple Hill."

Law Offices Of
R. Michael West
A Professional
Corporation
Patent Trademark
Copyright Law

2:17-CV-02085-TLN-CKD

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS AND FOR SUMMARY JUDGMENT

1   and Defendants undertake such other unfair business practices as erecting the freeway sign in the

2   summer of 2017 using Plaintiff's APPLE HILL mark.  These varied activities constitute continuing

3   violations, or result in the continual accrual of Plaintiff's claims by triggering its own limitations

4   period with respect to each act.

5          Defendants' Motion For Summary Judgment of the State Law claims, based upon an alleged

6   passage of a Statute Of Limitations, should be given no consideration, as it is contrary to controlling

7   California law.  Plaintiff respectfully requests that said Motion be denied.

8

9   Dated: November 30, 2017                  Respectfully submitted,

10

11          _/s/ R. Michael West_____
            R. Michael West (SBN 84336)
12          Law Offices of R. Michael West, APC
            1922 21st Street
13          Sacramento, California 95811
            Telephone  (916) 444-5444
14          Facsimile   (916) 444-5441
            E-mail: mwest@saciplaw.com
15

16          _/s/ Catherine Ashley Straight_____
            Catherine Ashley Straight  (SBN 119339)
17          Law Offices of Catherine Ashley Straight
            1922 21st Street
18          Sacramento, California 95811
            Telephone  (916) 443-9400
19          Facsimile   (916) 444-5441
            E-mail: cstraight@cas-law.com
20

21          *Attorneys for Plaintiff  APPLE HILL GROWERS*

22

23

24

25

26

27

28

Law Offices Of
R. Michael West
A Professional
Corporation
Patent Trademark
Copyright Law

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS AND FOR SUMMARY JUDGMENT