1 PAUL W. REIDL (SBN 155221)
Law Office of Paul W. Reidl
2 285 Troon Way
Half Moon Bay, CA 94019
3 Telephone: (650) 560-8530

4 *Attorney for Defendants*

5 UNITED STATES DISTRICT COURT

6 EASTERN DISTRICT OF CALIFORNIA

7 (SACRAMENTO DIVISION)

| 8 **APPLE HILL GROWERS,** | Case No. 2:17-cv-02085-TLN-CKD |
|---|---|
| 9 Plaintiff, | **REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS AND FOR SUMMARY JUDGMENT ON THE STATE LAW CLAIMS** |
| 10 v. | |
| 11 **EL DORADO ORCHARDS, et al.,** | **Date:** December 14, 2017 |
| 12 Defendant. | **Time:** 2:00 pm |
| 13 | **Courtroom:** 2, 15th Floor |
| 14 | **Hon. Troy L. Nunley** |

16 Defendants submit this reply to Plaintiff's opposition memorandum (Docket No. 6).
17 Defendants do not believe that oral argument is necessary.

18 **I. THE CLAIMS AGAINST THE CORPORATE DIRECTOR AND SECRETARY/CFO OF DEFENDANT EL DORADO ORCHARDS SHOULD BE DISMISSED**
19
20 In the Ninth Circuit, a corporate officer may be liable under the Lanham Act for infringement
21 if they personally committed the act or knowingly and substantially participated in the infringing
22 conduct. (Def. Mem. at 6:1-4)(Docket No. 5). Defendants argued that no facts were pleaded that
23 would make it plausible that the two named individuals could be liable under the Ninth Circuit's
24 standard. (Id. at 6:5-12).

Page 1
REPLY MEMORANDUM IN SUPPORT OF MOTION
TO DISMISS AND FOR SUMMARY JUDGMENT

1   Plaintiff acknowledges the Ninth Circuit's standard but argues that because of the Defendants'
2   corporate titles it is "reasonable to infer" that they are responsible for the claimed infringing conduct.
3   (Def. Mem. at 7:14-22).  By this logic, **any** corporate owner, director, Secretary, CFO or officer could
4   be named as a defendant in **any** infringement case and be required to face the daunting potential
5   personal liability and legal fees to defend themselves.

6   *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct 1937 (2009) disagreed.  It taught that Plaintiff must
7   plead more.  In that case, the individual Petitioners were government officials in the chain of command
8   of an alleged *Bivens* violation.  The Court dismissed the claims against them because they were too
9   generalized and the plaintiff did not plead facts specifically tying the defendants to the alleged conduct.
10  129 S.Ct. at 1951.  Thus, before subjecting Mr. and Mrs. Visman to the ruinous cost and exposure of
11  litigation, Rule 8 requires Plaintiff to plead facts showing that they knowingly and substantially
12  participated in the alleged conduct.  *See Bell Atlantic v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1966-
13  1967 (2007).  Plaintiff has not done so.

14  **II.   CLAIMS I, II, IV AND V AGAINST MASON VISMAN SHOULD BE DISMISSED**

15  Mr. Visman has a directory web site that provides information about the growers in the Apple
16  Hill growing area.  The site contains links to the growers and information about them.  In other words,
17  it promotes goods and services of third parties in the Apple Hill growing area.  Mr. Visman is not
18  alleged to make or sell any goods bearing an APPLE HILL trademark.  He has been operating this
19  web site for over four (4) years.

20  Defendants argued that these claims should be dismissed for four (4) reasons: (a) there is no
21  nexus between Defendant's advertising services and Plaintiff's registrations for various goods, and
22  there are no pleaded facts to make an infringement claim plausible (Def. Mem. at 7:11-9:6, (b) Mr.
23  Visman's trademark registration for promotional services has priority over Plaintiff (Id. at 6:15-7:6,
24  8:12-9:14), (c) Plaintiff's attempt to establish priority through a written CIDER PRESS publication is

1  implausible due to the differences in the marks and media (Id. 9:12-10:14), (d) and the theory of injury
2  is implausible (Id. at 10:16-11:2).

3  Plaintiff's responses are unavailing. **First,** it pleads that its registration for fresh fruit and fruit
4  juices plainly gives it priority. (Def. Mem. at 7:25-8:22.) In its opposition memorandum, it drops that
5  argument and asserts priority based on a recently-issued registration for various goods. (Pl. Mem. at
6  8:3-9.)[1] This argument is fallacious but is at the heart of Plaintiff's theory of its case. And this is
7  crucial to the Court's understanding of the Complaint:

8  **Plaintiff believes that because it was the first to adopt APPLE HILL as a trademark**
9  **for goods, it automatically has priority and rights in gross over all uses of Apple Hill**
10 **and all such uses automatically infringe its registrations.**

11 That is not the law.[2] Infringement exists only in the context of the specific goods and services
12 on which the mark is used. *See AMF Inc. v. Sleekcraft Boats*, 599 F.2d 341 (9th Cir. 1979). If they
13 are substantially dissimilar, or the use is a nominative fair use (as Mr. Visman's is here), then there
14 can be no infringement. So, while Plaintiff pleads priority over uses of APPLE HILL for fresh fruit
15 and fruit juices, it does not logically follow that it has priority over web-based promotional services
16 like those performed by Mr. Visman. Plaintiff must plead facts to make this plausible.

17 **Second,** Plaintiff pooh-poohs the two TTAB decisions that ultimately led to the dismissal with
18 prejudice of its claims against Mr. Visman based on the fresh fruit and fruit juice registration (and the
19 other allegedly licensed goods that ultimately became covered by Plaintiff's new registration). It
20 argues that TTAB decisions are not binding on this Court, and that it ultimately filed an acceptable

---

[1] Plaintiff's assertion that the statutory presumption of validity of a registration attaches to the alleged date of first use is wrong. (PL. Mem. at 8:3-7.) It only attaches to ownership of the mark. 15 U.S.C. § 1057 (b). The first use dates are hearsay and must still be proven. In any case, Mr. Visman's filing date for his registration precedes that of Plaintiff's new registration.

[2] Plaintiff has not pleaded a claim under the anti-dilution provisions of the Lanham Act, 15 U.S.C. § 1125 (c), which could lead to liability irrespective of Defendants' goods or services.

1  Cancellation petition so the decisions have been "superseded" anyway. (Id. at 8:25-9:19).[3] Plaintiff
2  is understandably sensitive that its claims were dismissed with prejudice and, perhaps not surprisingly,
3  it **never argues that the TTAB decisions were incorrect.** By its silence Plaintiff tacitly concedes
4  Defendants' point.

5  The TTAB is the expert administrative adjudicative body for trademark issues. It dismissed
6  the petition once, and then dismissed it again with prejudice because Plaintiff could not plead any facts
7  that made it plausible that consumers were likely to believe the third-party goods and services
8  allegedly licensed by Plaintiff originate from Defendant Visman's web site. Plaintiff again pleads no
9  facts making that claim plausible.[4] It simply makes the generalized assertion that confusion is likely.
10 Given Mr. Visman's operation of the web site for over four (4) years, if confusion was occurring,
11 Plaintiff undoubtedly would have pleaded many examples of it.

12 **Third,** Plaintiff claims that it has pleaded priority because it also has a web site. (Pl. Mem. at
13 9:22-10:13.) When the Court strips out the vituperative language and looks at what was pleaded in
14 the Complaint, it will not find a claim that Plaintiff was the first to offer on-line third party promotional
15 services and an app. That's because it wasn't. Plaintiff's claim of priority over advertising services
16 is based on its CIDER PRESS newsletter. Plaintiff mocks Defendants' argument regarding the CIDER
17 PRESS mark (Pl. Mem. at 11:1-11), but that is what it pleads: it has had a newsletter called CIDER
18 PRESS since the 1960's and this establishes its priority over advertising services. (Def. Mem. at 9:12-
19 10:14). This mark is totally dissimilar to APPLE HILL and there is no pleaded plausible basis for
20 concluding that Mr. Visman's web site infringes that mark or that reasonable consumers who obtain

---

[3]  Plaintiff did not object to Defendants' requests for judicial notice. They should be treated as conceded.

[4]  While it is true that Plaintiff filed a second amended petition with the TTAB, it was obviously on a different theory than the one that was dismissed with prejudice (or that was filed here.) Dismissal with prejudice means the same thing to the TTAB as it does to this Court: the plaintiff is barred from pursing the dismissed claims.

the CIDER PRESS newsletter will believe mistakenly that he is its source.  Without a plausible claim of priority Plaintiff has not pleaded an infringement cause of action.

**Finally**, Plaintiff mocks Defendants' argument that a directory that provides information about the goods and services offered by growers in the Apple Hill growing area injures neither Plaintiff nor its growers.  Mockery is not argument.  Plaintiff begs the question: it **assumes** that Mr. Visman is an infringer and **therefore** he is by definition causing them injury. (Pl. Mem. at 11:14-27). Assuming that Mr. Visman is an infringer (when injury is an element of a valid claim) does not constitute pleading facts making it plausible that Mr. Visman's web site is causing them injury.[5]

At bottom, Plaintiff raises no serious argument as to why these claims against Mr. Visman should not be dismissed just as they were dismissed twice by the TTAB, and ultimately with prejudice.  In this case, trademark infringement would occur if an appreciable number of consumers were likely to believe that Defendant's services originate from Plaintiff, or that Defendant is the source of the goods allegedly licensed by Plaintiff and promoted on his web site.  All that Ms. Visman is alleged to have done is to host a web site that contains information about the growers in the Apple Hill growing area and where to find the goods and services offered by them.  There are simply no facts pleaded by which the Court could plausibly conclude that consumers are likely to believe that Mr. Visman is the source of those goods and services.  Mr. Visman is an individual, and as reflected by the teachings of the *Ashcroft* and *Twombly* cases, before he is subjected to the costs and risks of litigation, the Plaintiff must plead a plausible theory of liability.  It has not done so.

In this context it is worth repeating that Plaintiff's arguments can be understood only by remembering that it believes it has rights **in gross** to the term Apple Hill, and therefore any use by anyone other than Plaintiff (and its licensees) is an "infringement."  That is not the law.

---

[5]   Although Plaintiff's memorandum asserts that he is only directing traffic to the other Defendants (Pl. Mem. at 11:26-27), the Complaint pleads otherwise (Def. Mem. at 9:2).

### III. ANY CLAIMS REGARDING THE TWIN APPLE LOGO SHOULD BE DISMISSED

Plaintiff's Complaint made a big deal about the "Twin Apple Logo" (even attaching it as an Exhibit) but did not explain how this was infringing any valid rights of Plaintiff. (Def. Mem. at 11:5-15). Plaintiff's memorandum dismissed this argument is "unintelligible." (Pl. Mem. at 12:3-15). Defendants disagree; Plaintiff does not plead any facts from which it can plausibly be claimed that the "Twin Apple Logo" infringes on any rights of Plaintiff. To the extent that Plaintiff is making such claims, they should be dismissed.

### IV. THE STATE LAW CLAIMS ARE BARRED BY THE STATUTE OF LIMITATIONS

Defendants moved for summary judgment on the state law claims because the statute of limitations has expired. (Def. Mem. at 12:7-15). Although Plaintiff tries to create a genuine issue of material fact, there really isn't one. The admitted facts are that Plaintiff sent the demand letter based on the same conduct complained of here on August 23, 2013, it referred to that conduct as "infringement," it threatened to sue, and then failed to follow through on that threat until after the expiration of the four (4) year statute of limitations period.[6]

Plaintiff argues that there are many "issues" of material fact for trial. These are not "genuine" issues. The "fact" that Mr. Visman changed the address of his web site does not create a genuine issue because the alleged infringement was the **content** of the web site, not its address. Similarly, the fact that other recipients of the letter may have abandoned their trademark applications is of no consequence because the infringement was their infringing **conduct**, which continued. And, too, Mr. Visman did not abandon his application. It matured into the registration that is being challenged by Plaintiff at the TTAB. Although Plaintiff asserts that its claims arose only after Defendants had been

---

[6] Defendants inadvertently filed the Visman Declaration without the demand letter attached. The full declaration is being filed with the reply. There is no prejudice to Plaintiff as their lawyer was the author of the letter, they have a copy of it, and they admit to its contents in their statement of disputed facts.

1  expelled from their association, their lawyers' August 2013 demand letter says otherwise. Having
2  admitted to the existence of the demand letter, Plaintiff does not create a genuine issue of material fact
3  for trial by interjecting "facts" concerning the measures it allegedly took in response to Defendants'
4  refusal to comply with it.  The only relevant fact is that Plaintiff did not sue until over four (4) years
5  had passed since the sending of the letter.

6       In short, the August 2013 demand letter unequivocally proves that as of that date Plaintiff
7  believed it had a fully accrued infringement claim against Defendants whose conduct has continued
8  to this day.  What happened after that is irrelevant.  Plaintiff waited more than four (4) years to sue.  It
9  never denies that the claim was fully accrued in August 2013 nor does it offer any explanation as to
10 why it did not sue within the four (4) year period.

11      The heart of Plaintiff's argument is, in effect, that the statute of limitations does not bar the
12 claim because the conduct is "continuing."  It relies on the California Supreme Court's decision in
13 *Aryeh.*  There the Court affirmed that the four (4) year statute of limitations contained in the UCL is
14 alive and well but that the traditional common law limited exceptions also applied to UCL claims. The
15 court acknowledged that the Defendants bear the burden of establishing that the statutory period had
16 run. Thereafter, the burden shifts to Plaintiff to show that one of the limited common law exceptions
17 applies.  *Aryeh v. Canon Business Solutions, Inc.,* 55 Cal 4th 1185, 1197 (2013).  Here there is no
18 genuine dispute that Plaintiff's claim was fully accrued at the time it sent the demand letter.  Indeed,
19 it threatened to sue unless the conduct ceased.

20      Plaintiff argues, however, that the violations are "continuing" and therefore the statute of
21 limitations should not bar its claims.   (Pl. Mem. at 17:5-25).  This argument transforms the limited
22 exceptions in *Aryeh* into a broad exception that would excuse the statute of limitations as long as the
23 conduct was continuing even though Plaintiff had a fully accrued claim prior to the expiration of the
24 //

1  limitations period.  By this theory, Plaintiff could wait five, ten, fifteen or twenty years before filing a
2  UCL claim even though it had a fully accrued claim within the statutory period.

3  That is not the law.  *Aryeh* discussed the two continuing conduct exceptions at length.  Neither
4  is applicable. The "continuing violation" exception does not apply here because Plaintiff was fully
5  aware of the infringing conduct more than four years before it sued Defendants; there were not a series
6  of discrete acts that cumulatively created the cause of action.  55 Cal. 4th at 1198.  It could have sued
7  in August 2013 but it did not – and it does not offer any explanation as to why it let the infringing
8  conduct continue until October 2017.  The "continuous accrual theory" also does not apply because
9  there was no continuing or recurring obligation at issue as in *Aryeh* where the Defendant included the
10 alleged overcharge in each monthly bill.  Id. at 1199, 1201 n.8.

11 Under Plaintiff's view of these exceptions, they would swallow the rule and the statute of
12 limitations would never apply in a trademark infringement case because the conduct will always be
13 "continuing."  That is not the law.  Plaintiff had a fully accrued infringement claim and for reasons it
14 has not shared with the Court it waited over four years to make good on its demand letter.  The claims
15 are barred.

16 **V.    CONCLUSION**

17 As reflected by the language used in its opposition memorandum, Plaintiff takes Defendants'
18 conduct personally and it freely tosses around inflammatory terms like "false," "misleading,"
19 "specious," "intentionally misleading," "fabricated issues," "absurd position," "absurd propositions,"
20 "misstate" a "glaring misreading of the law," and claims that Defendants have brought this motion
21 "for the improper purposes of harassment and delay."  While these might make good pull quotes for a
22 *Sacramento Bee* reporter, they are not persuasive legal argument.  Insofar as the motion to dismiss the
23 claims against Mr. Mason Visman, the TTAB agreed with Defendants not once but twice.
24 //

REPLY MEMORANDUM IN SUPPORT OF MOTION
TO DISMISS AND FOR SUMMARY JUDGMENT

Plaintiff's entire Complaint rests on its belief that because it coined and registered as a trademark the term Apple Hill in 1964 for fruit and fruit juices, it is the only person who can use that term for **anything** having to do with the Apple Hill growing area. But saying it is so does not make it so. Having a sincere belief is not a substitute for the requirement to plead plausible claims. There is much that Defendants could say about the allegations in the Complaint, namely, that Defendant El Dorado is not using an Apple Hill trademark as alleged, Defendant Visman is not calling his web site the "official" Apple Hill web site, and that Defendant Visman's use of Apple Hill on his web site and in a domain name to promote the goods originating in the Apple Hill growing area is a protected nominative fair use under very clear Ninth Circuit law, (Def. Mem. at 7 n.2). But before Defendants get that far, Plaintiff must plead plausible claims against them. It has not done so, and therefore the motion to dismiss should be granted. Summary judgment should be granted on the state law claims because the statute of limitations has plainly expired.

Respectfully Submitted,

**LAW OFFICE OF PAUL W. REIDL**

By: /s/ Paul W. Reidl

PAUL W. REIDL (SBN 155221)
Law Office of Paul W. Reidl
285 Troon Way
Half Moon Bay, CA 94019
Telephone: (650) 560-8530
Email: paul@reidllaw.com

Dated: December 7, 2017

**PROOF OF SERVICE**

I, the undersigned, declare and certify as follows:

I am over the age of eighteen (18) years and employed in the County of San Mateo, State of California. I am a member of the Bar of the above-entitled Court. My business address is 285 Troon Way, Half Moon Bay, California, 94019

On December 7, 2017, I served the following document (attached hereto):

**REPLY MEMORANDUM IN SUPPORT OF**

**MOTION TO DISMISS AND SUMMARY JUDGMENT**

**(XX)   VIA CM/ECF FILING SYSTEM.**  The undersigned hereby certifies that he caused a copy of the foregoing document(s) to be filed with the clerk of the U.S. District Court, Eastern District of California, using the CM/ECF filing system, which caused a copy to be electronically mailed to the following CM/ECF Participant(s) on December 7, 2017:

R. Michael West
mwest@saciplaw.com

Catherine Ashley Straight
cstraight@cas-law.com

Executed on December 7, 2017, at Half Moon Bay, California.

/s/ Paul W. Reidl

Page 10
REPLY MEMORANDUM IN SUPPORT OF MOTION
TO DISMISS AND FOR SUMMARY JUDGMENT