R. Michael West (SBN 84336)
mwest@saciplaw.com
Law Offices of R. Michael West, APC
1922 21ST Street
Sacramento, CA 95811
Telephone: (916) 444-5444

Catherine Ashley Straight (SBN 119339)
cstraight@cas-law.com
Law Offices of Catherine Ashley Straight
1922 21st Street
Sacramento, CA 95811
Telephone: (916)-443-9400

*Attorneys for Plaintiff APPLE HILL GROWERS*

Paul W. Reidl (SBN 155221)
paul@reidllaw.com
Law Office of Paul W. Reidl
285 Troon Way
Half Moon Bay, California 94019
Telephone: (650) 560-8530

*Attorney for DEFENDANTS*

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| APPLE HILL GROWERS, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> EL DORADO ORCHARDS, INC., ) <br> BRAD VISMAN, KANDI VISMAN, ) <br> and MASON VISMAN, ) <br> ) <br> Defendants. ) <br> _____ ) | Case No.  2:17-CV-02085-TLN-CKD <br><br> JOINT STATUS REPORT |

Plaintiff APPLE HILL GROWERS, and Defendants EL DORADO ORCHARDS, INC., BRAD VISMAN, KANDI VISMAN and MASON VISMAN, by and through their respective counsel of record, have met and conferred and hereby submit the following JOINT STATUS REPORT, as per the Court's Order Requiring Joint Status Report [Doc. 3].

**Law Offices Of
R. Michael West**
A Professional
Corporation
Patent Trademark
Copyright Law

-1-                                         2:17-CV-02085-TLN-CKD
JOINT STATUS REPORT

A.   **BRIEF SUMMARY OF THE CLAIMS**

*Plaintiff's Statement:*

This case arises from Defendants's unauthorized and infringing use of Plaintiff's Trademark and Service Mark APPLE HILL.  Some of the Defendants are former licensees of Plaintiff, in connection with the advertising, sale and/or the provision of goods and services under the APPLE HILL mark.  Plaintiff asserted the following Counts in its Complaint: Count I - Trademark Infringement under 15 U.S.C. § 1114; Count II - Trademark Infringement and False Designation of Origin under 15 U.S.C. § 1125(a); Count III - Violation of the Anti-Cybersquatting Consumer Protection Act - 15 U.S.C. § 1125(a), solely against Defendant MASON VISMAN; Count IV - Violation of the California Unfair Competition Law under California Business and Professions Code 17200, et seq.;  and, Count V - Violation of California Common Law - Unfair Competition.

Plaintiff asserts its claims based upon its Federally Registered Trademarks, and upon its common law rights established through over fifty (50) years of use and promotion of the mark APPLE HILL.  Plaintiff has priority of use of the mark in connection with a variety of goods being sold by Defendants, and in connection with certain services provided by Defendants through their unauthorized use of the APPLE HILL mark.  Plaintiff also has priority of use over Defendants in connection with advertising and promotional services provided through various media, including Plaintiff's Web Site.

Defendants are well aware of prior Plaintiff's rights, and as former licensees, Defendants are estopped from challenging the validity, and Plaintiff's ownership, of the APPLE HILL mark. Through their willful actions, Defendants have committed, and continue to commit, a series of wrongful acts which have resulted in damage, injury, and irreparable harm to Plaintiff.

On November 6, 2017,  Defendants filed a Motion To Dismiss under FRCP Rule 12(b)(6) and Motion For Summary Judgment [Doc. 5].  Defendants seek dismissal of the *individual* Defendants BRAD VISMAN and KANDI VISMAN from the action, and Defendant MASON VISMAN from Counts I and II, under Rule 12(b)(6).  Defendants also seek an order dismissing Counts IV and V under Rule 56.  Defendants do not seek to dismiss the corporate Defendant from claims in the Complaint based on infringement of Plaintiff's APPLE HILL mark.

Law Offices Of
R. Michael West
A Professional
Corporation
Patent Trademark
Copyright Law

-2-   2:17-CV-02085-TLN-CKD
JOINT STATUS REPORT

*Defendants' Statement:*

Defendants do not believe it is in the interests of judicial economy to hold the Scheduling Conference before the pleadings have closed. If Defendants' motion is granted the case will take on a wholly different shape and scope.

Defendants deny the allegations in the Complaint and have filed a motion to dismiss certain claims and defendants. They have also filed a summary judgment motion on the State law claims based on the expiration of the statute of limitations. The Court has submitted the motions without argument.

If Plaintiff's trademark claims based on their registered marks remain in the case, Defendants will likely counterclaim for cancellation of Plaintiff's trademark registrations based on abandonment due to naked licensing. On the merits, Defendants have not engaged in any infringing conduct, and they have a right to use Apple Hill in their businesses because that is the name of the growing area in which they farm and work. Assuming that Plaintiff has valid trademark rights, Defendant Mason Visman's operation of a web site that promotes the goods and services in the Apple Hill area is a protected nominative fair use of the trademark. *Toyota Motor Sales, USA, Inc. v. Tabari,* 610 F. 3d 1171 (9th Cir 2010). Defendants would also assert other defenses such as laches and trademark misuse.

**B.   STATUS OF SERVICE UPON ALL DEFENDANTS AND CROSS-DEFENDANTS**

All named Defendants were served on October 17, 2017, and proof of such service has been filed with the Court [Doc. 4].

Defendants have not filed an Answer.

There are no cross-defendants named in the action at this time.

**C.   POSSIBLE JOINDER OF ADDITIONAL PARTIES**

*Neither Plaintiff nor Defendants* anticipate the need to join additional parties at this time.

**D.   CONTEMPLATED AMENDMENTS TO THE PLEADINGS**

Plaintiff does not contemplate amendment of its Complaint at this time. However, the Motion To Dismiss and Motion For Summary Judgment [Doc. 5], respecting which Opposition [Doc. 6] and Reply [Doc. 7] briefs have been filed, is currently pending before the Court. Depending

Law Offices Of
R. Michael West
A Professional
Corporation
Patent Trademark
Copyright Law

-3-                      2:17-CV-02085-TLN-CKD
JOINT STATUS REPORT

upon the Court's ruling on the combined motions, Plaintiff may seek to amend its pleading.

Defendants have not yet filed an Answer in the action.

### E. THE STATUTORY BASIS FOR JURISDICTION AND VENUE

The Court has subject matter jurisdiction over this action pursuant to: 15 U.S.C. Section 1121 (Claims arising under the Lanham Act), 28 U.S.C. Section 1331 (Federal Question), 28 U.S.C. Section 1338(a) and (b) (Trademark Infringement and substantially related Unfair Competition Claims), and 28 U.S.C. Section 1367 (Supplemental Jurisdiction over State Law Claims).

Venue is proper in this District pursuant to 28 U.S.C. Sections 1391(b) and 1391(c) because a substantial portion of the events and actions giving rise to the claims occurred in this District. The Court has personal jurisdiction over each of the Defendants, *inter alia*, because: the corporate Defendant is a California corporation with its principal place of business in this District; Defendants conduct their business activities in this District; Defendants are alleged to have advertised, promoted, distributed and sold goods and/or services bearing or identified by an infringing mark in this District; and, each of the Defendants either resides in, and/or owns a business located within, this District.

### F. ANTICIPATED DISCOVERY AND SCHEDULING OF DISCOVERY

#### 1. Initial Disclosures Under Rule 26(a)

Respecting what changes, if any, should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement as to when disclosures under Rule 26(a)(1) were made or will be made:

*Plaintiff's Statement.* Plaintiff does not believe that any changes need to be made respecting Rule 26(a). Under the Rule, Plaintiff believes that initial disclosures would be due by December 29, 2017, and is prepared to make initial disclosures by that date. Under the circumstances of this particular action, Plaintiff believes such disclosure is appropriate. Defendants, however, have indicated that they do not agree that initial disclosure is appropriate at that time.

*Defendants' Statement.* While Defendants understand why Plaintiff wants to hurry this case along, until the pleadings close no one knows which parties and claims are in the case. Defendants do not believe that either initial disclosures nor discovery should proceed until the pleadings have closed.

Law Offices Of
R. Michael West
A Professional
Corporation
Patent Trademark
Copyright Law

-4-     2:17-CV-02085-TLN-CKD
JOINT STATUS REPORT

**2.     Subjects And Phasing Of Discovery**

Respecting the subjects on which discovery may be needed; when discovery should be completed, and whether discovery should be conducted in phases:

*Plaintiff's Statement.*  Generally, the subject matter of discovery includes Defendants' use of the APPLE HILL mark in connection with the sale of goods and provision of services, and the creation, activation, and content of Defendants' Web Sites and social media sites on which APPLE HILL is displayed.  Discovery is also anticipated to include:  Defendants' financial information related to such sales of goods, provision of services, and use of the Web Sites and social media sites; contracts a Defendant may have with third parties; and, any insurance coverage a Defendant may have.  Plaintiff does not anticipate at this time requesting phasing of discovery.  Plaintiff proposes that discovery be completed by August 31, 2018.

*Defendants' Statement.*  Defendants do not believe that discovery should commence or the discovery period should be set until the pleadings have closed.  This is especially important as certain of the Defendants may be dismissed from the case as a result of the motion, and while Plaintiff would undoubtedly love to see their personal tax and financial information, it would be an intrusion on their privacy to require them to produce that if they are ultimately dismissed from the case.

Defendants believe that discovery should close ten months after the status conference. Discovery will include Plaintiff's alleged use of the mark and their alleged licenses of the mark, third party discovery on the nature of the quality control done by Plaintiff over the allegedly licenses goods and services; and related discovery.  The scope of such discovery depends on what claims are left in the case.

**3.     Changes In Limitations On Discovery From Rules Of Civil Procedure**

Respecting what changes, if any, need to be made in the limitations on discovery imposed under the Federal Rules Of Civil Procedure, or that other  limitations should be imposed.

*Plaintiff's Statement.*  At this time, Plaintiff does not believe that any changes need to be made.

*Defendants' Statement.*  There is the possibility that Defendants may need more than ten (10) depositions.  Most of these would be third party depositions, would be short, and would focus

Law Offices Of
R. Michael West
A Professional
Corporation
Patent Trademark
Copyright Law

-5-     2:17-CV-02085-TLN-CKD
JOINT STATUS REPORT

1  on the means by which Plaintiff controls the quality of their licensed goods and services. The
2  need for more than ten (10) depositions arises because Plaintiff claims to have dozens and dozens
3  of licensees.

### 4. Expert Witness Disclosure Under Rule 26(a)(2)

Respecting the timing of the disclosure of expert witnesses and information required by Rule 26(a)(2):

*Plaintiff's Statement.* Plaintiff does not believe that any changes need to be made respecting the time of disclosure or information required under Rule 26(a)(2).

*Defendants' Statement.* Defendants may use one of more expert witnesses, depending on which claims are left in the case following the closure of the pleadings. They do not believe that any changes need to be made to the disclosure of information under Rule 26 (a)(2).

### 5. Proposed Dates For Discovery Cut-off

*Plaintiff's Statement.* Plaintiff proposes that fact discovery be completed by August 31, 2018.

*Defendants Statement.* Defendants do not believe that discovery should commence or the discovery period should be set until the pleadings have closed. Defendants believe that discovery should close ten months after the status conference.

### G. PROPOSED DATE FOR FILING ALL NON-DISCOVERY MOTIONS

*Plaintiff's Statement.* Plaintiff proposes that all non-discovery motions be **heard** by January 10, 2019.

*Defendants' Statement.* Defendants do not believe that the motion deadline should be set until the pleadings have closed. Defendants believe that such motions should be heard two months after the close of expert discovery.

### H. PROPOSED DATES FOR FINAL PRETRIAL CONFERENCE AND TRIAL

*Plaintiff's Statement.* Plaintiff proposes that the Final Pretrial Conference be set for March 19, 2019, and that Trial be set to commence April 29, 2019. Plaintiff anticipates four (4) to five (5) days for Trial.

*Defendants' Statement.* Defendants do not believe that these dates should be set until the

Law Offices Of
R. Michael West
A Professional
Corporation
Patent Trademark
Copyright Law

-6-    2:17-CV-02085-TLN-CKD
JOINT STATUS REPORT

pleadings have closed. The Pretrial Conference should be set for three months after the motion deadline and the trial thereafter as the Court's calendar permits.

Defendants believe that the length of the trial depends on the number of defendants and issues left in the case. In its current configuration, Defendants believe that six (6) – (8) trial days would be a better estimate. If the issues are narrowed as per the motion to dismiss the trial would likely take three (3) – four (4) days.

Defendants believe that the trial should be bifurcated, addressing liability first. This is because of the individual defendants named in the Complaint. Plaintiff's damages theory (that it is entitled to all of their profits) /gains would require them to discuss their personal finances and tax returns in a public forum. They should not be required to do so until Plaintiff has established both their liability and Plaintiff's entitlement to their profits as a measure of damages.

**I.     JURY DEMAND AND ESTIMATE OF DAYS OF TRIAL**

Plaintiff has demanded a jury trial [Doc. 1, pp. 1 and 16; Doc. 1-1, p.1].

Defendant has not yet filed and answer.

**J.      APPROPRIATENESS OF SPECIAL PROCEDURES**

***Plaintiff's and Defendants' Statement.*** At this time, the parties do not anticipate a need for any special procedures, to request any reference to a special master, or to agree to try the matter before a Magistrate Judge pursuant to 28 U.S.C. 636(c).

**K.     PROPOSED MODIFICATION OF STANDARD PRETRIAL PROCEDURES**

***Plaintiff's and Defendants' Statement.***  At this time, the parties do not propose any modification of the standard pretrial procedures due to the special nature of the case.

**L.     RELATED CASE(S) INCLUDING BANKRUPTCY**

***Plaintiff's Statement.***  The instant case is not related to any other case.

There is a Cancellation Proceeding pending in the Trademark Trial and Appeal Board ("TTAB"), between Plaintiff and one (1) of the Defendants, Mason Visman, respecting the ownership of a service mark registration. Said service mark registration is not involved in the instant case, and the outcome of the TTAB Proceeding has no bearing on the disposition of the instant case. In addition, default against Defendant Mason Visman has been entered and the TTAB Ordered said

Law Offices Of
R. Michael West
A Professional
Corporation
Patent Trademark
Copyright Law

-7-                    2:17-CV-02085-TLN-CKD
JOINT STATUS REPORT

Defendant To Show Cause Why Default Judgment Should Not Be Entered. Thereafter, Defendant Mason Visman filed a motion with the TTAB to suspend the proceeding. As such motion was in contravention to the TTAB's prior order, Plaintiff requested that the TTAB disregard Defendant's motion. No action on the suspension request has been taken by the TTAB, and a ruling of the TTAB on the Order To Show Cause Why Default Judgment Should Not Be Entered against Defendant Mason Visman is currently pending.

***Defendants' Statement.*** The service mark registration is very much a part of this case; however, Defendant has asked the TTAB to suspend the proceeding pending the outcome of this case as required by 37 C.F.R. § 2.117. Although Plaintiff has opposed this motion, it is the TTAB's practice to suspend proceedings because this Court's findings are binding on it, and the TTAB's findings are not binding on the Court. *New Orleans Louisiana Saints LLC v. Who Dat? Inc.,* 99 U.S.P.Q.2d 1550, 1552 (TTAB 2011)(citing J. McCarthy, 6 McCarthy on Trade marks and Unfair Competition, § 32:47 (4th ed. updated June 2011) ("lt is standard procedure for the Trademark Board to stay Administrative proceedings pending the outcome of court litigation between the same parties involving related issues.")).

**M.  SETTLEMENT CONFERENCE**

Respecting the prospects for settlement, including whether a settlement conference should be scheduled:

***Plaintiff's Statement***. Plaintiff is amenable to a settlement conference at an appropriate time, after Defendants have filed an Answer, and Plaintiff has had an opportunity to bring a Motion For Preliminary Injunction.

***Defendants' Statement.*** Defendant believes that before the parties spend excessive amounts of money, and this Court's time, on this case, a settlement conference with a Magistrate Judge would be useful. This should be held at the earliest opportunity. For reasons set forth in the motion to dismiss, it is difficult to imagine that Plaintiff could prove actual, irreparable harm to the high standard required by the Ninth Circuit. *Herb Reed Enterprises v. Florida Entertainment Management,* 736 F. 3d 1239, 1249-1251 (9th Ctr. 2013).

**N.  OTHER MATTERS**

Law Offices Of
R. Michael West
A Professional
Corporation
Patent Trademark
Copyright Law

-8-                                    2:17-CV-02085-TLN-CKD
JOINT STATUS REPORT

Respecting other matters that may be conducive to the just and expeditious disposition of the case, including whether counsel will waive any disqualification and stipulate to the Trial Judge or Magistrate Judge acting as a settlement judge:

*Plaintiff's Statement*. Plaintiff anticipates filing a Motion For Preliminary Injunction to enjoin Defendants from continuing to use the APPLE HILL mark in connection with the sale of goods or provision of services, and in connection with their Web Sites and social media sites. Plaintiff would agree to have the Magistrate Judge serve as settlement judge for a settlement conference.

*Defendants' Statement.* Defendant does not believe there is any proper basis for a preliminary injunction motion, especially since (as described in Defendants' motion for summary judgment on the State law claims), the complained-of conduct has been going on for over four (4) years. Defendants would welcome the intercession of a Magistrate Judge to see if a settlement can be reached as Defendants' efforts have been futile – the sooner the better.

Dated: December 15, 2017            Respectfully submitted,

   /s/ R. Michael West
R. Michael West (SBN 84336)
Law Offices of R. Michael West, APC
1922 21st Street
Sacramento, California 95811
Telephone  (916) 444-5444
E-mail: mwest@saciplaw.com

   /s/ Catherine Ashley Straight
Catherine Ashley Straight  (SBN 119339)
Law Offices of Catherine Ashley Straight
1922 21st Street
Sacramento, California 95811
Telephone  (916) 443-9400
E-mail: cstraight@cas-law.com

*Attorneys for Plaintiff  APPLE HILL GROWERS*

**Signatures continue on following page**

                              /s/ Paul W. Reidl
                              Paul W. Reidl (SBN 155221)
                              Law Office of Paul W. Reidl
                              285 Troon Way
                              Half Moon Bay, California 94019
                              Telephone: (650) 560-8530
                              E-mail: paul@reidllaw.com

                              *Attorney for All Defendants*

Law Offices Of
R. Michael West
A Professional Corporation
Patent Trademark Copyright Law

-10-     2:17-CV-02085-TLN-CKD
JOINT STATUS REPORT