UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| APPLE HILL GROWERS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>EL DORADO ORCHARDS, et al.,<br><br>　　　　Defendants. | No. 2:17-cv-02085-TLN-CKD<br><br>**ORDER** |

This matter is before the Court pursuant to Defendants El Dorado Orchards, Mason Visman, Brad Visman, and Kandi Visman's (collectively, "Defendants") Motion to Dismiss and Motion for Summary Judgment. (ECF No. 5.) Plaintiff Apple Hill Growers ("Plaintiff") filed an opposition. (ECF No. 6.) For the reasons set forth below, Defendants' Motion to Dismiss is hereby GRANTED in part and DENIED in part, and Defendants' Motion for Summary Judgment is hereby DENIED. (ECF No. 5.)

///
///
///
///
///
///

1

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff, a California corporation, licenses the sale and provision of APPLE HILL brand goods and services through its duly licensed and authorized members/growers. (ECF No. 1 at 2.) Plaintiff alleges the public first became exposed to the APPLE HILL Trademark and Service Mark in 1964. (ECF No. 1 at 4.)

Plaintiff alleges that Defendants Brad Visman and Kandi Visman are corporate officers of Defendant El Dorado Orchards ("EDO"). (ECF No. 1 at 2.) Plaintiff further alleges that Defendants EDO, Brad Visman, and Kandi Visman were members/growers of Plaintiff until 2013, when a dispute arose between Plaintiff and Defendants regarding Defendants' improper use of the APPLE HILL mark, lack of loyalty to Plaintiff, and conflicts of interest. (ECF No. 1 at 6.) Plaintiff revoked Defendants' membership and license to the APPLE HILL mark in early 2014. (ECF No. 1 at 6.)

Plaintiff alleges Defendants violated federal and state trademark infringement and unfair competition law. (ECF No. 1 at 10–14.) For example, in March of 2014, Plaintiff alleges that Defendant Mason Visman created the internet domain www.applehillca.com and additional domains associated with www.applehillca.com, all of which he still owns and operates. (ECF No. 1 at 2–3.) Plaintiff further alleges that Defendant Mason Visman makes unauthorized use of the APPLE HILL mark in his websites and corresponding mobile applications. (ECF No. 1 at 2–8.) Plaintiff also alleges that Defendants Brad Visman, Kandi Visman, and EDO sell goods marked with the term "Apple Hill Family Farm" in violation with Plaintiff's principal register on the term. (ECF No. 1 at 8–9.)

Finally, Plaintiff alleges Defendants improperly used the APPLE HILL mark in coordination with Defendants' "Twin Apple" logo. (ECF No. 1 at 8.) Plaintiff specifically alleges that in 2017, a large billboard displayed the "Twin Apple" logo next to an APPLE HILL mark. (ECF No. 1 at 8.) Plaintiff alleges similar placement of the two parties' marks on Defendant Mason Visman's websites and online applications. (ECF No. 1 at 8.)

On October 9, 2017, Plaintiff filed suit against Defendants, alleging five causes of action: (1) trademark infringement under 15 U.S.C. § 1114 against all Defendants; (2) trademark

infringement and false designation of origin under 15 U.S.C. § 1125(a) against all Defendants; (3) violation of the Lanham Act's Anti-Cybersquatting Consumer Protection Act (15 U.S.C. § 1125(d)) against Defendant Mason Visman; (4) violation of California Unfair Competition Law ("UCL") under California Business & Professions Code sections 17200, 17500 et seq. against all Defendants; and (5) violation of California common law unfair competition against all Defendants. (ECF No. 1 at 10–14.)

**II.    ANALYSIS**

Defendants first argue the Court should dismiss various claims pursuant to Rule 12(b)(6). (ECF No. 5-1 at 5–11.) Defendants then move for summary judgment as to Plaintiff's fourth and fifth claims based on the statute of limitations. (ECF No. 5-1 at 11–12.) The Court will address each motion in turn.

A.    Motion to Dismiss

Defendants present three grounds for dismissal, which the Court will address separately. First, Defendants move the Court to dismiss Brad Visman and Kandi Visman as individual Defendants. (ECF No. 5-1 at 5–6.) Second, Defendants move the Court to dismiss the first, second, fourth, and fifth claims against Defendant Mason Visman. (ECF No. 5-1 at 6–11.) Third, Defendants move the Court to dismiss the first, second, fourth, and fifth claims against Defendants El Dorado Orchards, Brad Visman, and Kandi Visman to the extent they are based on the "Twin Apple" logo. (ECF No. 5-1 at 11.)

*i.    Standard of Law*

A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Federal Rule of Civil Procedure 8(a) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). Under notice pleading in federal court, the complaint must "give the defendant fair notice of what the claim . . . is and the grounds upon which it rests." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted). "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to

3

dispose of unmeritorious claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

On a motion to dismiss, the factual allegations of the complaint must be accepted as true. *Cruz v. Beto*, 405 U.S. 319, 322 (1972). A court is bound to give plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. *Retail Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n.6 (1963). A plaintiff need not allege "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to relief." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. 544, 556 (2007)).

Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of factual allegations." *United States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant–unlawfully–harmed–me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume that the plaintiff "can prove facts that it has not alleged or that the Defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 697 (quoting *Twombly*, 550 U.S. at 570). Only where a plaintiff has failed to "nudge[] [his or her] claims . . . across the line from conceivable to plausible," is the complaint properly dismissed. *Id.* at 680. While the plausibility requirement is not akin to a probability requirement, it demands more than "a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. This plausibility inquiry is "a context–specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

If a complaint fails to state a plausible claim, "[a] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 484, 497 (9th Cir. 1995)); *see also Gardner v. Marino*, 563 F.3d 981, 990 (9th Cir. 2009) (finding no abuse of discretion in denying leave to amend when amendment would be futile). Although a district court should freely give leave to amend when justice so requires under Rule 15(a)(2), "the court's discretion to deny such leave is 'particularly broad' where the plaintiff has previously amended its complaint." *Ecological Rights Found. v. Pac. Gas & Elec. Co.*, 713 F.3d 502, 520 (9th Cir. 2013) (quoting *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004)).

### ii. Motion to Dismiss Defendants Brad Visman and Kandi Visman

Plaintiff sues Defendants Brad Visman and Kandi Visman in their individual capacities as corporate officers of EDO and co-owners of Boa Vista Wines and Boa Vista Vineyards. (ECF No. 1 at 2.) Defendants move to dismiss Brad Visman and Kandi Visman, arguing Plaintiff fails to demonstrate they were personally involved in the allegedly infringing conduct or knowingly and substantially participated in such conduct. (ECF No. 5-1 at 6.)

In opposition, Plaintiff notes that it alleges Defendant EDO does business under the fictitious business names of Boa Vista Orchards and Boa Vista Winery, as well as the fact that Brad Visman and Kandi Visman jointly own these fictitious business names. (ECF No. 6 at 7.) Based on their joint ownership of the fictitious business names and their corporate roles for Defendant EDO, Plaintiff contends that it is "reasonable to infer" Defendants have undertaken to control and direct the allegedly infringing activities of EDO, Boa Vista Orchards, and Boa Vista Winery. (ECF No. 6 at 7.)

A corporate officer or director may be held personally liable for trademark infringement when he personally commits the act or knowingly and substantially participates in the infringing conduct. *See Comm. for Idaho's High Desert, Inc. v. Yost*, 92 F.3d 814, 823–24 (9th Cir. 1996) (hereinafter "*CIHD*"). Moreover, "[a] corporate officer or director is, in general, personally liable for all torts which he authorizes or directs or in which he participates, notwithstanding that he

acted as an agent of the corporation and not on his own behalf." *Transgo, Inc. v. Ajac Transmission Parts Corp.*, 768 F.2d 1001, 1021 (9th Cir. 1985) (citation omitted).

Beyond their corporate roles for EDO and ownership of Boa Vista Wines and Boa Vista Vineyards,[1] the Complaint provides no facts about specific actions taken by Defendants Brad Visman or Kandi Visman to demonstrate their personal involvement in the infringing conduct. Moreover, Plaintiff's comparison to *CIHD* is unpersuasive. In *CIHD*, the Ninth Circuit found a wide range of evidence supporting the corporate officer's individual liability, such as his own testimony and his act of forming a corporation under the allegedly trademarked name. 92 F.3d at 823–24. Here, Plaintiff makes no such allegations. Rather, the Complaint merely includes a conclusory statement that Defendants Brad Visman and Kandi Visman have undertaken to control and direct the infringing activities of EDO, Boa Vista Orchards, and Boa Vista Winery by virtue of their roles as corporate officers and owners. (ECF No. 6 at 7.) Plaintiff fails to plead facts that specifically tie Defendants Brad and Kandi Visman to the infringing conduct and show they knowingly and substantially participated in such conduct. *See Twombly*, 550 U.S. at 555. For these reasons, the Court finds Plaintiff has not stated a claim for relief against Defendants Brad and Kandi Visman in their individual capacities. *See Iqbal*, 556 U.S. at 681.

Accordingly, the Court GRANTS Defendants' motion to dismiss Defendants Brad Visman and Kandi Visman in their individual capacity with leave to amend.

          iii.    *Motion to Dismiss Plaintiff's First, Second, Fourth, and Fifth Claims against Defendant Mason Visman*

Defendants next move the Court to dismiss the first, second, fourth, and fifth claims against Mason Visman.[2] Defendants make two arguments in support of their motion: (1) Plaintiff

---

[1] The Court notes Plaintiff addresses three "fictitious business names" in the Complaint—Boa Vista Orchards, Boa Vista Wines, and Boa Vista Vineyards. (ECF No. 1 at 2.) Plaintiff's opposition misstates the facts alleged in the Complaint by stating, "[t]he Complaint further alleges that Defendant EDO does business under the fictitious business names of Boa Vista Orchards and Boa Vista Winery. As individuals, BRAD VISMAN and KANDI VISMAN jointly own both of these fictitious business names." (*See* ECF No. 6 at 7.) In other words, the Complaint states that Defendant EDO does business under the fictitious name Boa Vista Orchards, not Boa Vista Winery. (*See* ECF No. 1 at 2.) Further, the Complaint alleges that Brad Visman and Kandi Visman are co-owners of Boa Vista Wines and Boa Vista Vineyards, not Boa Vista Orchards. (*See* ECF No. 1 at 2.)

[2] Defendants request the Court take judicial notice of three exhibits. (*See* ECF No. 5-1 at 7–8.) Exhibit A is a Supplemental Register of APPLE HILL for various advertising and directory services, which the United States Patent and Trademark Office granted to Defendant Mason Visman on February 3, 2015. (ECF No. 5-1 at 16.) Exhibits B

has not pleaded priority of use; and (2) Plaintiff has not pleaded actionable injury. The Court will discuss Defendants' arguments in turn.

### a. Priority of Use

Defendants argue Plaintiff fails to plead priority of use over the term "Apple Hill" for promotional and advertising services. (ECF No. 5-1 at 9.) Defendants argue that Plaintiff's CIDER PRESS brochure only promotes and advertises Plaintiff's members/growers through print and does not establish priority of use through websites and mobile applications. (ECF No. 5-1 at 9.) In opposition, Plaintiff argues Defendants attempt to mislead the Court by providing a skewed view of Plaintiff's claim of priority. (*See* ECF No. 6 at 10.)

Establishing ownership of a trademark through "priority of use" is a necessary element of a trademark infringement case. *Sengoku Works Ltd. v. RMC Int'l, Ltd.*, 96 F.3d 1217, 1219 (9th Cir. 1996). Priority of use exists when the party claiming ownership is the first to actually use the mark in the sale of goods or services. *Id.*

The Court notes that Defendants narrowly focus on whether the CIDER PRESS brochure sufficiently establishes priority of use. (ECF No. 5-1 at 10.) In doing so, Defendants essentially challenge the merits of Plaintiff's claim. However, Plaintiff is not required to prove its claims at this stage. Rather, in ruling on a 12(b)(6) motion, a court determines only whether the operative complaint contains "enough facts to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 697 (quoting *Twombly*, 550 U.S. at 570). Plaintiff's allegations must be taken as true and given the benefit of "every reasonable inference." *Retail Clerks Int'l Ass'n*, 373 U.S at 753 n.6.

Here, even apart from its reference to the CIDER PRESS brochure, Plaintiff makes other

---

and C are copies of Trademark Trial and Appeal Board ("TTAB") decisions regarding Defendants' Supplemental Register (Exhibit A). (ECF No. 5-1 at 6.) A court may "consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). Further, under the Federal Rules of Evidence, courts can judicially notice facts that are not subject to reasonable dispute so long as the facts are "(1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned." Fed. R. Evid. 201. The Court notes that Exhibits A, B, and C are all publicly available government records, and Plaintiff does not question the accuracy of the exhibits nor does it directly object to Defendants' request that the Court take judicial notice of the exhibits. Accordingly, Exhibits A, B, and C to Defendants' instant motion are the proper subject of judicial notice, and the Court GRANTS Defendants' request to take notice of those exhibits. The Court will consider these exhibits insofar as they are relevant to the Court's analysis of Defendants' motion.

non-speculative allegations related to priority of use. Plaintiff alleges that its website provides various promotional and advertising services to its members and nonmembers and Plaintiff has provided services under the APPLE HILL mark since 1964. (ECF No. 1 at 4–5.) Taken as true, the Court finds that Plaintiff's factual allegations state a plausible claim for priority of use. Therefore, the Court declines to grant Defendants' motion to dismiss based on Defendants' priority of use argument.

### b. Actionable Injury

Defendants next argue Plaintiff fails to plead an actionable injury because Defendant Mason Visman's actions benefit Plaintiff's members. (ECF No. 5-1 at 10–11.) In opposition, Plaintiff argues that Defendant Mason Visman's infringing actions redirect commerce to Defendants, which injures Plaintiff. (ECF No. 6 at 11.)

Looking to the Complaint, Plaintiff specifically alleges that Defendants' efforts to conflate the APPLE HILL mark with EDO's business operation lead the public to believe Defendants' goods are licensed by Plaintiff. (ECF No. 1 at 9.) Plaintiff further alleges that the goods promoted and sold by both parties are sold in identical trade channels, in the same geographic region, and to identical classes of consumers. (ECF No. 1 at 9.) These are specific and non-speculative allegations of injury rather than generalized claims. Accepting Plaintiff's allegations as true, the Court finds that Plaintiff's Complaint alleges a plausible and actionable injury.

For these reasons, the Court DENIES Defendants' motion to dismiss Plaintiff's first, second, third, and fifth claims against Defendant Mason Visman.

### iv. *Motion to Dismiss the First, Second, Fourth, and Fifth Claims against Defendants' EDO, Brad Visman, and Kandi Visman Based on the "Twin Apple" Logo*

Defendants urge the Court to dismiss the first, second, fourth, and fifth claims against Defendants EDO, Brad Visman, and Kandi Visman to the extent those claims are based on the "Twin Apple" logo, arguing that Plaintiff does not plead any prior rights in an apple logo or a BOA VISTA trademark. (ECF No. 5-1 at 11.) Plaintiff responds that it makes no claim of rights in Defendants' BOA VISTA mark or "Twin Apple" logo. (ECF No. 6 at 12.) Rather, Plaintiff

argues that Defendants' use of their own mark and logo with Plaintiff's APPLE HILL mark constitutes trademark infringement by creating confusion and an appearance that Defendants' goods and services are authorized by or affiliated with Plaintiff. (ECF No. 6 at 12.)

Defendants' argument is unpersuasive. Defendants apparently misconstrue Plaintiff's Complaint as alleging the "Twin Apple" logo itself constitutes infringing conduct or violations of unfair competition laws. That is not the case. Plaintiff instead alleges the placement of Defendants' logo next to or in conjunction with Plaintiff's APPLE HILL mark misappropriates Plaintiff's mark and creates a false association between Plaintiff's and Defendants' marks. (ECF No. 1 at 8.) Plaintiff specifically alleges Defendants' websites and mobile applications include Plaintiff's mark and Defendants' logo, and the billboard set up in the summer of 2017 likewise placed the mark and logo next to each other. (ECF No. 1 at 8.)

It is clear to the Court that Plaintiff does not allege the "Twin Apple" logo alone infringes upon any rights of Plaintiff. Moreover, the Court finds the Complaint sufficiently details how Defendants' use of its "Twin Apple" logo *in conjunction with* Plaintiff's APPLE HILL mark constitutes the conduct for which Defendants may be held liable. *Iqbal*, 556 U.S. at 678.

Accordingly, the Court hereby DENIES Defendants' motion to dismiss the first, second, fourth, and fifth claims against Defendants EDO, Brad Visman, and Kandi Visman to the extent those claims are based on the "Twin Apple" logo.

B. Motion for Summary Judgment

Defendants move for summary judgment on Plaintiff's fourth and fifth claims, arguing those claims are time-barred by the applicable statute of limitations. (ECF No. 5-1 at 11.) Plaintiff responds that its fourth and fifth claims accrued within the applicable limitations period. (ECF No. 6 at 16–17.)

*i. Legal Standard*

Summary judgment is appropriate when the moving party demonstrates no genuine issue as to any material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). Under summary judgment practice, the moving party always bears the initial responsibility of informing the

district court of the basis of its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file together with affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the pleadings, depositions, answers to interrogatories, and admissions on file." *Id.* at 324 (internal quotations omitted). Indeed, summary judgment should be entered against a party who does not make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585–87 (1986); *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 288–89 (1968). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the denials of its pleadings, but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. Fed. R. Civ. P. 56(c). The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Id.* at 251–52.

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *First Nat'l Bank*, 391 U.S. at 288–89. Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" *Matsushita*, 475 U.S. at 587 (quoting Rule 56(e) advisory committee's note on 1963 amendments).

In resolving the summary judgment motion, the court examines the pleadings, depositions,

answers to interrogatories, and admissions on file, together with any applicable affidavits. Fed. R. Civ. P. 56(c); *SEC v. Seaboard Corp.*, 677 F.2d 1301, 1305–06 (9th Cir. 1982). The evidence of the opposing party is to be believed, and all reasonable inferences that may be drawn from the facts pleaded before the court must be drawn in favor of the opposing party. *Anderson*, 477 U.S. at 255. Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. *Richards v. Nielsen Freight Lines*, 602 F. Supp. 1224, 1244–45 (E.D. Cal. 1985), *aff'd*, 810 F.2d 898 (9th Cir. 1987). Finally, to demonstrate a genuine issue that necessitates a jury trial, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Id.* at 587.

       *ii. Analysis*

  Defendants argue that a four-year statute of limitations applies to Plaintiff's trademark-related unfair competition claims. (ECF No. 5-1 at 12.) Defendants further contend that Plaintiff's fourth and fifth claims fully accrued outside the limitations period as evidenced by a demand letter Plaintiff sent to Defendants on August 23, 2013, wherein Plaintiff requested Defendants stop the allegedly infringing conduct. (ECF No. 5-1 at 12.) Defendants argue that Plaintiff filed the Complaint four years after the demand letter, and Plaintiff's fourth and fifth claims are therefore time-barred. (ECF No. 5-1 at 12.)

  Plaintiff agrees that a four-year statute of limitations applies to its fourth and fifth claims, but it disagrees as to the accrual date of those claims. (ECF No. 6 at 14.) Plaintiff contends that its unfair competition claims stem from Defendants' conduct after Plaintiff revoked Defendants' membership in 2014. (ECF No. 6 at 16.) Plaintiff argues that only after that date did Defendants become Plaintiff's competitors. (ECF No. 6–17.) Plaintiff also argues that its claims against Defendant Mason Visman based on his websites arise within the limitations period because Defendant Mason Visman created the websites in March of 2014, which falls within the four-year limitations period.[3] (ECF No. 6 at 17.)

---

[3] Alternatively, Plaintiff argues that even if the actions occurred outside the four-year period, equitable

11

The applicable statute of limitations for a UCL claim is four years. *Aryeh v. Canon Bus. Sols., Inc.*, 55 Cal. 4th 1185, 1192 (2013) ("Any action to enforce any cause of action pursuant to [the UCL] shall be commenced within four years after the cause of action accrued."); *see also* Cal. Bus. & Prof. Code § 17208. Neither section 17208 nor any part of the UCL defines what it means for a UCL claim to accrue. Therefore, "[t]his silence triggers a presumption in favor of permitting settled common law accrual rules to apply." *Aryeh*, 55 Cal. 4th at 1193. "Traditionally at common law, a cause of action accrues 'when [it] is complete with all of its elements'—those elements being wrongdoing, harm, and causation." *Id.* (quoting *Pooshs v. Philip Morris USA, Inc.*, 51 Cal. 4th 788, 797 (2011)).

Defendants' motion hinges on the 2013 demand letter.[4] Looking to the demand letter, it outlines Defendants' allegedly infringing conduct in a single paragraph. (*See* ECF No. 7-1 at 6.) Plaintiff writes in relevant part,

> It has come to the attention of [Plaintiff] that Visman Enterprises is infringing the mark APPLE HILL® by using the mark on the website www.visitapplehill.com. On this website are numerous infringements of the APPLE HILL® mark, many of which pertain to the usage of APPLE HILL® to denote fruit and fruit juices. Additionally, this website denotes a geographical area known as "Apple Hill" which does not exist.

(ECF No. 7-1 at 6.) The letter also references trademark applications by Defendants Mason Visman and Brad Visman to use the mark APPLE HILL for beer, other alcoholic beverages, and for advertising. (ECF No 7-1 at 7.) Finally, the letter demands that Defendants "remove any reference to 'Apple Hill' from its website www.visitapplehill.com," select a new domain name "which does not include the words 'Apple Hill,'" and abandon "all three trademark applications." (ECF No. 7-1 at 7.)

Reasonable minds could differ as to whether any of Plaintiff's various infringement

---

exceptions to the limitations period apply. (ECF No. 6 at 17.) Because the Court finds that there is a genuine issue of material fact as to whether the fourth and fifth claims accrued within the limitations period, the Court need not and does not reach Plaintiff's arguments as to equitable exceptions to the statute of limitations.

[4] The parties do not dispute the authenticity of the letter, nor does Plaintiff object to Defendants' reliance on the letter. (ECF No. 6-1.) Therefore, the Court will consider the letter in ruling on Defendants' motion for summary judgment.

12

claims accrued before the sending of the 2013 demand letter.  The letter did not specifically request that Defendants stop using the websites www.applehillca.com or www.applehillmap.com, stop any promotional or advertising services, stop the sale of any goods, or refrain from putting up a billboard.  (*See* ECF No. 7-1 at 5–7.)  Although the parties dispute whether www.visitapplehill.com routed to www.applehillca.com at the time the letter was sent, Plaintiff clarifies that the Complaint is directed at the domain names www.applehillca.com and www.applehillmap.com, both of which were not created until March of 2014.  (ECF No. 6-3 ¶ 7; *see also* ECF No. 1 at 6–8.)

Moreover, the parties disagree as to whether the letter claimed Defendants were selling fruits and juices containing the APPLE HILL mark through the www.visitapplehill.com website. (ECF No. 6-3 ¶ 5.)  The letter only refers to the "usage of APPLE HILL® to denote fruit and fruit juices." (ECF No. 7-1 at 6.)  The letter does not explicitly refer to the sale of such goods.  (*See* ECF No. 7-1 at 5–7.)  Further, the Complaint itself does not make allegations about the sale of fresh *fruit* or fresh *juice* by Defendants.  Therefore, even if the 2013 demand letter explicitly referred to the sale of fruit and fruit juices, such actions do not correspond to allegations in the Complaint.  Finally, it appears Plaintiff filed suit within the four-year limitations period as it relates to at least some of its allegations, such as the billboard displayed in the summer of 2017.[5] (ECF No. 1 ¶ 31)

Looking at the evidence in the light most favorable to Plaintiff, the Court cannot rule as a matter of law that Plaintiff's fourth and fifth claims accrued before Plaintiff sent the 2013 demand letter.  Accordingly, the Court DENIES Defendants' motion for summary judgment.

### III. CONCLUSION

For the foregoing reasons, the Court GRANTS IN PART and DENIES IN PART Defendants' Motion to Dismiss and DENIES Defendants' Motion for Summary Judgment.  (ECF No. 5.)  The Court orders as follows:

1. Defendants' Motion to Dismiss all claims against Defendants Brad and Kandi Visman

---

[5] The parties have not addressed any disagreement about the timeliness of claims based on the GOOGLE® special advertising insert (*see* ECF No. 1 ¶ 35), so the Court will not address the date that claim may have accrued for the purpose of the instant motion.

in their individual capacity is GRANTED with leave to amend;

2. Defendants' Motion to Dismiss Plaintiff's first, second, fourth, and fifth claims against Defendant Mason Visman is DENIED;

3. Defendants' Motion to Dismiss Plaintiff's first, second, fourth, and fifth claims against Defendants EDO, Brad Visman, and Kandi Visman based on the "Twin Apple" logo is DENIED; and

4. Defendants' Motion for Summary Judgment is DENIED.

IT IS SO ORDERED.

Dated: November 6, 2019

_____
Troy L. Nunley
United States District Judge