1 | PAUL W. REIDL (SBN 155221)
Law Office of Paul W. Reidl
2 | 25 Pinehurst Lane
Half Moon Bay, CA 94019
3 | Telephone: (650) 560-8530

4 | *Attorney for Defendants*

5 | **UNITED STATES DISTRICT COURT**

6 | **EASTERN DISTRICT OF CALIFORNIA**

7 | **(SACRAMENTO DIVISION)**

8 |

9 | **APPLE HILL GROWERS,**                    Case No. 2:17-cv-02085-TLN-CKD

        Plaintiff,                            **MEMORANDUM IN SUPPORT OF**
10 |                                          **DEFENDANTS' MOTION TO DISMISS THE**
            v.                                **FIRST AMENDED COMPLAINT**
11 |

12 | **EL DORADO ORCHARDS, et al.,**           **Date**: January 23, 2020

        Defendant.                           **Time**: 2:00 pm
13 |

14 |                                          **Courtroom**: 2, 15th Floor

15 |                                          **Hon. Troy L. Nunley**

16 |     Defendants move to dismiss the First Amended Complaint ("FAC") on two grounds: (a)

17 | Plaintiff has not alleged that El Dorado Orchards and its officers, Brad and Kandi Visman ("El Dorado

18 | defendants"), are currently using a mark identical or similar to Plaintiff's APPLE HILL mark for any

19 | similar goods or services for which Plaintiff has pleaded rights (Claims 1,2,4,5), and (b) Plaintiff has

20 | failed to plead facts plausibly suggestive that Mr. Mason Visman is a cybersquatter (Claim 3).

21 | **I.     BACKGROUND**

22 |     Plaintiff is a growers' association in Camino. In 1996, it registered the term APPLE HILL as

23 | a trademark for fresh fruit and fruit juices. It obtained a second registration in 2016 for: "Cook books;

24 | printed guides for visitors to fruit orchards, Christmas tree farms, and wineries; bakery goods;

1  barbeque sauce; fruit pies; ketchup; sauces; spice blends; live Christmas trees." Except for the printed

2  guides, Plaintiff does not make or own any of any of the goods specified in its registrations; it allegedly

3  licenses the APPLE HILL mark to people in the Apple Hill growing area. (FAC ¶ ¶ 1, 15). Plaintiff

4  believes that because it was the first to adopt the term "Apple Hill" for fresh fruit and fruit juices,  it

5  has the absolute and exclusive right to control the use of the term on **all goods and services rendered**

6  **by anyone in the Apple Hill growing area of El Dorado County**, and that no one may use the term

7  **in any way** without its permission.  It will not give that permission to Defendants.

8        The El Dorado defendants own a farm in the Apple Hill growing area. The Visman's son,

9  Mason, operates a web site that provides information to consumers about the Apple Hill growing area,

10  including information about Plaintiff's members. Plaintiff claims that the Defendants are infringing

11  its APPLE HILL trademarks because they use the term Apple Hill without Plaintiff's permission.

12  Plaintiff also claims that, notwithstanding the First Amendment, it has the exclusive right to promote

13  the goods and services offered in the Apple Hill growing area.  It also claims that Mr. Visman is a

14  cybersquatter because he uses "apple hill" in the domain name for his web site.

15        In its Order of November 7, 2019, the Court dismissed Mr. and Mrs. Visman from the case but

16  gave the Plaintiff an opportunity to replead.  (Order, ECF No. 15).  The FAC significantly rewrote the

17  factual allegations in the original Complaint.

18  **II.    STANDARDS**

19        The standards for deciding this motion are set forth in the Court's Order of November 7, 2019

20  (Order, ECF No. 15, 3:20 – 5:10).

21  **III.    ARGUMENT**

22        **A.    The Infringement Claims Against the El Dorado Defendants (Claims 1,2,4,5).**

23        The FAC contains a glaring omission in its rewritten allegations against the El Dorado

24  defendants: it fails to allege that they are *currently* using an APPLE HILL trademark on *any* goods or

1  services identical or similar to those covered by Plaintiff's trademark registrations. Without such an

2  allegation, there can be no prima facie case of infringement.

3      A close reading of the FAC discloses that Plaintiff alleges that El Dorado defendants used the

4  trademark APPLE HILL FARMS on several goods **in 2000 and 2014,** and it attaches as Exhibits

5  screen shots from the WayBack machine showing their web site as it existed in 2000 and 2014. (FAC

6  ¶¶ 33-34 and Exhibits C and D).[1] The FAC alleges that the El Dorado defendants used APPLE HILL

7  on goods "prior to the termination of the license [from Plaintiff]." (FAC ¶¶ 29, 30).  The FAC does

8  not plead facts that the El Dorado defendants are currently using the mark on the goods specified in

9  the registrations or even on the goods depicted on the 2000 and 2014 web sites.  **In fact, if the Court**

10 **looks at the alleged current use as shown in Exhibit F, there is no use shown on any goods**

11 **whatsoever.**

12     The only specific good pleaded by Plaintiff is "wine." This is not covered by Plaintiff's

13 registrations and there is no allegation that it is similar to the goods covered by the registrations. (FAC

14 ¶ 34).  Without pleading specific facts of current use on identical or similar goods – not use in 2000

15 and 2014 – Plaintiff has not pleaded a prima facie case for trademark infringement. *AMf, Inc. v.*

16 *Sleekcraft Boat*s, 599 F.2d 341, 350 (9th Cir. 1989) (similarity of the goods is a factor in determining

17 infringement).  The El Dorado defendants are entitled to know precisely what goods they are selling

18 (other than wine) that are alleged to be infringing and what claim of right Plaintiff has to those goods.

19     At bottom, Plaintiff's infringement claims collapse into its legally untenable claim that because

20 the El Dorado defendants refer to themselves as an "Apple Hill Farm" they are infringing Plaintiff's

21 trademark rights because Plaintiff owns the rights to all uses of APPLE HILL for all goods and

22

23 _____
[1]     The WayBack machine printouts are inadmissible hearsay.  Putting aside the hearsay issue,
24 these appear to show use of an Apple Hill Farms designation on "stuffed olives, picked garlic, and
    farm salad dressings."  These are very different goods than those covered by Plaintiff's registrations.

MEMORANDUM IN SUPPORT OF MOTION TO DISMISS THE FIRST AMENDED COMPLAINT

1  services. Defendants cannot even tell the public they are located in the Apple Hill growing area. But

2  Plaintiff does not have a registration for "agricultural services" or "farming services." The FAC does

3  not allege that Plaintiff operates a farm nor does it allege that it has any trademark rights for those

4  services. To the contrary, it alleges that it is a licensing business. (FAC ¶ ¶ 1, 15). It is axiomatic that

5  trademark rights only attach to specific goods and services; registrations do not confer rights in gross

6  to all goods and services.[2]  Thus, the claims should be dismissed.[3]

7        **B.**      **The Cybersquatting Claim (Claim 3).**

8        Plaintiff tries to recast its infringement claim against Mr. Visman as a cyberpiracy claim. It

9  pleads this claim because, if successful, it might obtain ruinous statutory damages from Mr. Visman.[4]

10        But cyberpiracy and infringement are not synonymous; otherwise, Congress would not have

11  added the Anti-Cybersquatting Consumer Protection Act ("ACCPA") to the Lanham Act in 1999.

12  Cyberpiracy has nothing to do with infringement. It is the acquisition or use of a domain name with

13  the bad faith intent to profit from it. The essence of cyberpiracy is that the domain name owner is not

14  using it for a legitimate business purpose. Instead, it is squatting on the domain name to prevent the

15  legitimate trademark owner from using it, and it seeks a ransom payment from the trademark owner.

16  *See Lahoti v. VeriCheck, Inc.,* 586 F. 3d 1190, 1202 (9th Cir. 2009); *Sporty's Farm LLC v. Sportsman's*

17  *Market, Inc.,* 202 F.3d 489, 493 (2d Cir. 1999).

18        The FAC alleges that Defendant Mason Visman is a cybersquatter simply because he owns a

19  domain name incorporating the APPLE HILL trademark. It further pleads, **without any recitation of**

20

---

21  [2]     The exception is for famous marks – household names – that qualify for dilution protection. 15 U.S.C. § 1125 (c). Plaintiff has not pleaded a dilution claim.

22  [3]     The FAC does not allege that Defendant Mason Visman sells any goods bearing an APPLE
23  HILL mark. Its sole issue with Mr. Visman is that he has a web site that provides information about the Apple Hill Growing area.

24  [4]     The ACCPA authorizes up to $100,000 in statutory damages for each violation of the Act. 15 U.S.C. § 1117(d).

1  **facts, and solely on information and belief** (FAC ¶¶ 70, 71), that he acquired this domain name "with
2  a bad faith intent to profit from it."  This does not state a plausible claim of cybersquatting.

3       The FAC must plead facts which make it plausible that Mr. Visman acquired or uses the
4  domain name with the "bad faith intent to profit" from it.  The ACCPA provides a road map for
5  Plaintiff's pleading by identifying nine (9) factors to be considered in making this determination. 15
6  U.S.C.§ 1125 (d). The first four factors are indicia of good faith intent; the other five are indicia of
7  bad faith intent. *See Lucas Nursery & Landscaping, Inc. v. Grosse,* 359 F.3d 806, 809-10 (6th Cir.
8  2004). If there were any facts plausibly suggestive of a bad faith intent to profit, it would have been
9  very easy for the FAC to have recited them.  But there are none – and Plaintiff knows it.  The facts
10 alleged in the FAC belie the conclusion that Ms. Visman is a cybersquatter and, therefore, it does not
11 plead a plausible cybersquatting claim.

12       **Factor 1:  Mr. Visman's trademark rights in APPLE HILL (15 U.S.C. § 1125 (d)(1)(B)(1))**

13       The FAC pleads that at the time the domain names were acquired (2014) (FAC ¶ 36), Mr.
14 Visman owned a trademark application of APPLE HILL for "certain advertising and promotional
15 services" (FAC ¶ 26).  The specific services are:

16       Advertising and directory services, namely, promoting the services of others by
         providing a web page featuring links to the websites of others; advertising and
17       marketing of spirits, alcoholic beverages and beer; promoting the goods of others,
         namely, providing coupons, rebates and vouchers for the goods of others; promotion
18       and marketing services and related consulting; providing an on-line commercial
         information directory on the internet; providing marketing and promotion of special
19       events; **all of the foregoing for goods and services originating in the Apple Hill area
         of California.**
20
   (ECF no. 5, Exhibit A) (emphasis added).
21
   //
22
   //
23
   //
24
   //

What the FAC hides from the Court is that this application was filed on December 6, 2012, the mark was first used several days later, and that it matured into a registration.[5] **Yes, that is correct: Ms. Visman owns a trademark registration for APPLE HILL for the services he is providing**. Plaintiff does not plead that it has a registration for these services.  It pleads only that it has priority because it was offering these web-based services since it began publishing a Cider Press newsletter 50 years ago.  (FAC ¶ 22). How it provided web-based services long prior to the invention of the internet is not explained in the FAC.

This factor strongly mitigates against a cyberpiracy claim because at the time Mr. Visman registered the domain name (2014) (FAC ¶ 36), he had a pending trademark application that ultimately matured into a registration.  *See, e.g., Chatam Intern., Inc. v. Bodum, Inc*., 157 F. Supp. 2d 549, 554 (ED PA 2001) (the existence of a trademark registration mitigates against a finding of bad faith intent to profit).  In short, he has a right to use the APPLE HILL mark and domain name for these services. While the FAC's infringement claim contests that right by claiming that Plaintiff has priority, that does not convert Mr. Visman into a cyberpirate.  From his perspective, he is the owner of a Federal trademark registration for APPLE HILL for the services offered by his web site.

**Factor 2: The extent to which the domain name consists of the legal name of the person or a name that is otherwise commonly used to identify that person.  (Id. § 1125 (d)(1)(B) (1I)).**

This factor is inapplicable because Apple Hill is not a given name or surname.

**Factor 3: The person's prior use, if any, of the domain name in connection with the bona fide offering of any goods or services.  (Id.  § 1125 (d)(1)(B)(III)).**

//

//

---

[5]    The Court may take judicial notice of facts that are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). Courts may rely on information subject to judicial notice when deciding a Rule 12 motion. *Swartz v. KPMG LLP,* 476 F.3d 756, 763 (9th Cir. 2007).  The Court should take judicial notice of the registration as its accuracy cannot reasonably be questioned.

As discussed above, Mr. Visman began using the mark in 2012 prior to obtaining the domain name registration in 2014.  The FAC describes in detail the informational services he provides on his web site. (FAC ¶¶ 36, 37).  It does not plead that the site is somehow a sham used solely to prevent Plaintiff from using the domain name.[6]  The FAC does not allege that Mr. Visman is squatting on the domain name solely to prevent Plaintiff from using it.  *See, e.g., Shields v. Zuccarini*, 254 F. 3d 476, 485 (3d Cir. 2001) (no bona fide use of the domain name).  Plaintiff's gripe is that the services are infringing, but that does not convert an infringement claim into a cybersquatting claim.

**Factor 4: The person's bona fide noncommercial or fair use of the mark in a site accessible under the domain name.  (Id. § 1125 (d)(1)(B)(IV)).**

The FAC pleads that Mr. Visman is using the web site to promote goods and services of the growers in the Apple Hill growing area, including those of its members.  (FAC ¶ 36).  It does not allege that he is selling any goods or services, or even making any money off the web site.  Because he is promoting the Apple Hill growing area, his use of apple hill in the domain name is a lawful nominative fair use:

> It is the wholesale prohibition of nominative use in domain names that would be unfair. It would be unfair to merchants seeking to communicate the nature of the service or product offered at their sites. And it would be unfair to consumers, who would be deprived of an increasingly important means of receiving such information. As noted, this would have serious First Amendment implications. The only winners would be companies like Toyota, which would acquire greater control over the markets for goods and services related to their trademarked brands, to the detriment of competition and consumers. The nominative fair use doctrine is designed to prevent this type of abuse of the rights granted by the Lanham Act.

*Toyota Motor Sales, USA, Inc. v. Tabari*, 610 F. 3d 1171 (9th Cir 2010).

**Factor 5: The person's intent to divert consumers from the mark owner's online location to a site accessible under the domain name that could harm the goodwill represented by the mark, either for commercial gain or with the intent to tarnish**

---

[6]      Plaintiff never claims that the information about the Apple Hill growing area or Plaintiff's members provided by Mr. Visman is inaccurate.  It simply asserts that it is the **only** person authorized to provide such information to the public. Obviously, this claim raises significant First Amendment issues.

**or disparage the mark, by creating a likelihood of confusion as to the source, sponsorship, affiliation, or endorsement of the site.  (Id. § 1125 (d)(1)(B)(V)).**

The FAC does not plead that Mr. Visman is using the site to intentionally divert customers from Plaintiff, that he intends to harm Plaintiff, or that he profits from the web site at all. In fact, the FAC alleges that that his web site promotes Plaintiff's members.  (FAC ¶ 36).  Plaintiff has no customers to divert, and it never alleges that Mr. Visman sells anything over his web site anyway. Plaintiff simply claims that the web site "confuses the public into believing that [it] is the genuine source of APPLE HILL information and advertising services ….." (FAC ¶ 41). The FAC never alleges a diversion of traffic, nor does it allege that the information being provided about the Apple Hill growing area and Plaintiff's members is inaccurate. This is not like the *Lahoti* case where the defendant was deliberately diverting consumers from the web site of the trademark owner and profiting from it.  *Lahoti,* 586 F. 3d at 1202-1203; *see Shields,* 254 F. 3d at 485.[7]  All that Mr. Visman is providing is accurate information about the Apple Hill growing area.  That is not cybersquatting.

**Factor 6:  The person's offer to transfer, sell, or otherwise assign the domain name to the mark owner or any third party for financial gain without having used, or having an intent to use, the domain name in the bona fide offering of any goods or services, or the person's prior conduct indicating a pattern of such conduct. (Id. § 1125 (d)(1)(B)(VI)).**

The FAC does not allege that Mr. Visman ever attempted to sell the domain name to Plaintiff or anyone else.  This was "the wrong Congress intended to remedy when it passed the ACPA." *Ford Motor Co. v. Catalanotte*, 342 F. 3d 543, 549 (6th Cir. 2003). *See DSPT Intern., Inc. v. Nahum*, 624 F. 3d 1213, 1221 (9th Cir. 2010).  If he had attempted to sell the domain name to Plaintiff, they would have pleaded it.  The FAC's silence speaks volumes about the lack of a bad faith intent to profit.

**Factor 7:   The person's provision of material and misleading false contact information when applying for the registration of the domain name, the person's**

[7]     Plaintiff makes much of its claim that Mr. Visman once called his site the "Official" Apple Hill web site.  (FAC ¶ 36). Curiously, that language does not appear on the Exhibit depicting his site. (FAC, Exhibit G.)  Similarly, Plaintiff alleges that Mr. Visman's app was once called the "Official" app. (FAC ¶¶ 37, 41), yet the FAC concedes that the app is no longer available. (FAC ¶ 42).

**intentional failure to maintain accurate contact information, or the person's prior conduct indicating a pattern of such conduct. (15 U.S.C. § 1125 (d)(1)(B)(VII)).**

The FAC does not allege that Mr. Visman's contact information is inaccurate. To the contrary, Plaintiff is upset precisely because it is accurate. (FAC ¶ ¶ 36, 38).

**Factor 8: The person's registration or acquisition of multiple domain names which the person knows are identical or confusingly similar to marks of others that are distinctive at the time of registration of such domain names, or dilutive of famous marks of others that are famous at the time of registration of such domain names, without regard to the goods or services of the parties. (Id. § 1125 (d)(1)(B)(VII)).**

The FAC does not allege that Mr. Visman acquired and squatted on domain names containing the trademarks of third parties. *See Northern Light Tech., Inc. v. Northern Lights Club*, 236 F.3d 57, 65 (1st Cir.2001)(numerous domain name registrations of third party marks is indicative of bad faith intent to profit); *E. & J. Gallo Winery v. Spider Webs Ltd.*, 129 F. Supp. 2d 1033 (S.D. Tex. 2001), *aff'd.*, 286 F3d 570 (5th Cir. 2002)(defendant registered over 300 domain names incorporating third party trademarks). The absence of any pleaded facts on this factor speaks volumes about the lack of bad faith intent.

**Factor 9: The extent to which the mark incorporated in the person's domain name registration is or is not distinctive and famous within the meaning of subsection c. [the dilution provisions of the Lanham Act](Id . § 1125 (d)(1)(B)(VII)).**

Plaintiff does not allege that its trademark is famous and entitled to dilution protection under 15 U.S.C. § 1125 (c) so this factor is inapplicable.

. * * * * * * *

The ACCPA does not say that the mere use of a trademark in a domain name is cybersquatting punishable by statutory damages, even if there is also a claim of likely confusion (infringement). Cybersquatting requires more - the bad faith intent to profit from the domain name itself. Plaintiff's gripe is simply that consumers are getting information about the Apple Hill growing area from Mr.

//

Visman instead of from them.  They believe that only they are entitled to provide that information because they coined the term "Apple Hill" many years ago.

This is the heart of Plaintiff's infringement claim against Mr. Visman and, on the pleaded facts, it is not plausibly suggestive of cyberpiracy. The FAC itself pleads facts plausibly suggestive of Mr. Visman's good faith on the first four (4) factors (which are the exculpatory factors).  The only fact it pleads on the remaining five (5) factors (which are the bad faith factors) is also exculpatory: Mr. Visman is not hiding his contact information.

At bottom, all of the pleaded facts are exculpatory and point away from the bad faith intent to profit.  Nothing in the FAC is plausibly suggestive that he is a cyberpirate[8]. He is simply not engaged in any of the conduct typical of cybersquatters: he has a trademark registration for his services, he is using the domain name to operate a bona fide directory and informational web site, this use is a nominative fair use because he is using apple hill in the domain name in order to promote the Apple Hill growing area, and he has not concealed his contact information.

Before exposing Mr. Visman to the threat of statutory damages, the Court should require Plaintiff to plead a plausible claim of cyberpiracy.  Plaintiff has not done so.  The Court should therefore dismiss this claim because the allegation of likely confusion, standing alone, does not establish a prima facie case of cyberpiracy.  The structure of the Lanham Act makes it very clear that these are two very different concepts.

//

//

---

[8]    As indicated in the briefing on the previous motion to dismiss, the dispute between Mr. Visman and the Plaintiff has been going on for many years.  Putting aside First Amendment concerns, he remains utterly baffled that the Plaintiff does not want more publicity for the Apple Hill growing area. One would think that the Plaintiff and its licensees would want all of the publicity they can get.  Sadly, this is not the case.  Plaintiff has threatened its members with legal action and expulsion if they cooperate with Mr. Visman in any way.

MEMORANDUM IN SUPPORT OF MOTION TO DISMISS THE FIRST AMENDED COMPLAINT

## IV.     CONCLUSION

Defendants are not rolling in cash like the growers' association which collects hundreds of thousands of dollars each year from businesses in the Apple Hill growing area.  Defendants are family farmers and a web entrepreneur. While they are prepared to defend the case if they must, they should not be required to do so until the Plaintiff pleads facts sufficient to state a valid cause of action.

Defendants fully understand that the growers' association passionately believes that it has rights in gross to the APPLE HILL trademark, and that it has the exclusive right to decide who can promote the Apple Hill growing area, and who cannot.  They have said that to Defendants, to the media, to the Trademark Office, and to the Court.  But that is not the law.

If this case goes forward, Plaintiff will have to answer to multiple defenses and counterclaims. But before that, it must be required to plead plausible claims.  It has not done so.  Accordingly, the FAC should be dismissed.  The claims against the Boa Vista Defendants and the cybersquatting claim should be dismissed with prejudice.

Respectfully Submitted,

**LAW OFFICE OF PAUL W. REIDL**

Dated: December 19, 2019          By:   /s/ Paul W. Reidl

PAUL W. REIDL (SBN 155221)
Law Office of Paul W. Reidl
25 Pinehurst Lane
Half Moon Bay, CA 94019
Telephone: (650) 560-8530
Email: paul@reidllaw.com

*Attorney for Defendants*

MEMORANDUM IN SUPPORT OF MOTION TO DISMISS THE FIRST AMENDED COMPLAINT

**PROOF OF SERVICE**

I, the undersigned, declare and certify as follows:

I am over the age of eighteen (18) years and employed in the County of San Mateo, State of California.  I am a member of the Bar of the above-entitled Court.  My business address is 25 Pinehurst Lane, Half Moon Bay, California, 94019

On December 19, 2019, I served the following document (attached hereto):

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

**THE FIRST AMENDED COMPLAINT**

**(XX)   VIA CM/ECF FILING SYSTEM.**  The undersigned hereby certifies that he caused a copy of the foregoing document(s) to be filed with the clerk of the U.S. District Court, Eastern District of California, using the CM/ECF filing system, which caused a copy to be electronically mailed to the following CM/ECF Participant(s) on December 19, 2019:

R. Michael West
mwest@saciplaw.com

Catherine Ashley Straight
cstraight@cas-law.com

Executed on December, 19, 2019, at Half Moon Bay, California.

/s/ Paul W. Reidl