1 | PAUL W. REIDL (SBN 155221)
Law Office of Paul W. Reidl
2 | 25 Pinehurst Lane
Half Moon Bay, CA 94019
3 | Telephone: (650) 560-8530

4 | *Attorney for Defendants*

5 | **UNITED STATES DISTRICT COURT**

6 | **EASTERN DISTRICT OF CALIFORNIA**

7 | **(SACRAMENTO DIVISION)**

8 |

| | |
|---|---|
| **APPLE HILL GROWERS,** | Case No. 2:17-cv-02085-TLN-CKD |
| Plaintiff, | **MEMORANDUM IN SUPPORT OF DEFENDANTS' REQUEST TO FILE SUBSTITUTE PLEADING AND, ALTERNATIVELY, MOTION TO ACCEPT ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS** |
| v. | |
| **EL DORADO ORCHARDS, et al.,** | |
| Defendant. | |
| | **Date**: March 5, 2020 |
| | **Time**: 2:00 pm |
| | **Courtroom**: 2, 15th Floor |
| | **Hon. Troy L. Nunley** |

Pursuant to Rule 15, Defendants request to amend the pleading filed on December 19, 2019, as a matter of course by substituting the filed Answer, Affirmative Defenses and Counterclaims in its place.  In the alternative, they move that the Court accept the Answer, Defenses and Counterclaims as the operative pleading in the case.

**BACKGROUND**

This matter comes before the Court in a fairly convoluted procedural posture.

//

1    The initial Complaint was filed on October 9, 2017 (ECF No. 1).  In its Order of November 7,

2   2019 (ECF No. 15), the Court granted in part and denied in part Defendants' Motion to Dismiss the

3   Complaint. Plaintiff was granted leave to amend.  In a Minute Order of November 7, 2019 (ECF No.

4   16), the Courtroom Clerk stated that:

5        Pursuant to the Court's Order (ECF No. [15]) granting leave to amend, Plaintiff

6        shall file their Amended Complaint with 21 days of this Order. Defendants shall

7        have 21 days thereafter to file a responsive pleading. (TEXT ONLY ENTRY)

8        (Krueger, M)

9        Plaintiff filed its First Amended Complaint ("FAC") on November 29, 2019 (ECF No. 17).

10   The FAC made numerous changes to the factual background portion of the Complaint, including the

11   addition of multiple exhibits.

12        On December 19, 2019, Defendants filed a second motion to dismiss the FAC.  (ECF No. 18).

13   This filing was timely under the Minute Order.  The next day, at 3:41 pm. Plaintiff sent a letter to

14   Defendants.  It claimed that the Courtroom Clerk's Minute Order had prohibited the filing of a Motion

15   to Dismiss, it demanded the immediate withdrawal of the motion, it threatened Rule 11 sanctions, and

16   it offered to consent to the filing of an Answer provided that this was filed by December 27, 2019.

17        Defendants' counsel responded later that afternoon.  He told opposing counsel that he was out

18   of the office (on a family vacation for the Christmas Holiday) until December 30th and needed time to

19   consider the matter and discuss it with his client.  He offered as a counterproposal to: take the matter

20   under advisement, let Plaintiff know what he planned to do by January 3, 2020, and if the decision

21   was to withdraw the motion, he would file the Answer, Affirmative Defenses and Counterclaims by

22   January 7, 2020.  In response, Plaintiff's counsel promptly rejected this offer, withdrew her original

23   //

24

MEMORANDUM IN SUPPORT OF   DEFENDANTS' REQUEST TO FILE SUBSTITUTE PLEADING AND,
ALTERNATIVELY, MOTION TO ACCEPT ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS

1  offer, and stated that she "had no choice" but to file a sanctions motion.  Counsel did not explain why

2  she could not extend her December 27 deadline by a week in order to accommodate counsel's

3  reasonable request.

4         On December 22, 2019, Defendants re-noticed the motion in order to give the parties additional

5  time to discuss the matter and to save Plaintiff the time and trouble of responding to it (or preparing a

6  sanctions motion) during the Holiday season. (ECF No. 18).  Further discussions between the parties

7  went nowhere.  Defendants offered to withdraw the motion and again asked Plaintiff to consent to the

8  filing of the Answer, Affirmative Defenses and Counterclaims.  Plaintiff again refused.

9         There is no Scheduling Order in the case,[1] so Defendants are not seeking leave to file after a

10  deadline imposed by the Order. There is no question that they filed a timely response to the FAC

11  pursuant to the schedule set forth in ECF No. 16.

12  **WITHDRAWAL OF THE MOTION**

13         Defendants have withdrawn the motion contemporaneously with the filing of this pleading.

14  While they disagree with the Plaintiff's argument, namely, that the filing of the motion was barred by

15  the Courtroom Clerk's Minute Order, they do not want the case to get further bogged down on a

16  tangential issue.  They want a resolution on the merits (which is what they'd hoped to achieve on the

17  two issues raised by the motion.)  Those will now be addressed in a summary judgment motion later

18  in the case.

19         On it face, Rule 12 states that a defendant may do one of two things in response to a complaint:

20  it may file certain motions (Rule 12 (b)), or it may file an answer and affirmative defenses (Rule 12

21  (a)).  Defendants reasonably believed that the Courtroom Clerk's Minute Order did not abrogate

22

23  _____

24  [1]      On January 26, 2018, the Court deferred consideration of a Scheduling Order until after
resolution of the then-pending motion to dismiss. (ECF No. 12).

MEMORANDUM IN SUPPORT OF  DEFENDANTS' REQUEST TO FILE SUBSTITUTE PLEADING AND,
ALTERNATIVELY, MOTION TO ACCEPT ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS

1    Defendants' statutory right under Rule 12 (b) to file a motion in lieu of an answer.  In fact, Defendants

2    never considered that possibility until the issue was raised by Plaintiff's counsel.[2]  Indeed, it is not

3    uncommon for an amended complaint to be challenged by such a motion.  If this were not the practice,

4    then there could never be a dismissal under Rule 12 because the Court is required to exercise liberality

5    in granting leave to amend. *See Owens v. Kaiser Found. Health Plan, Inc.,* 244 F.3d 708, 712 (9th Cir.

6    2001)(quoting *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990)).  In

7    other words, if a defendant cannot challenge an amended pleading, the provisions in Rule 12 giving

8    the defendant the option of filing a motion would be meaningless.  Why waste everyone's time with a

9    motion when, if it is granted, the plaintiff can re-file, say whatever it wants, and the defendant cannot

10   challenge the amended pleading?  It was certainly reasonable for Defendant not to construe the Minute

11   Order as effectively giving the Plaintiff carte blanche to plead whatever it wanted and denying the

12   Defendant the ability to challenge its sufficiency.

13   **SUBSTITUTION OF THE MOTION WITH THE ANSWER,**
     **AFFIRMATIVE DEFENSE AND COUNTERCLAIMS**

14

15            Defendants cannot find any rule covering this situation.  The closest analog is Rule 15

16   (a)(1)(A).  This Rule permits a party to amend its pleading as a matter of course within 21 days after

17   serving it.  That is all that Defendants are doing here; amending the motion by withdrawing it and

18   replacing it with a substitute pleading.  Plaintiffs offered to consent to this for several hours on

19   December 20, 2019, so they should not be heard to claim that the amended/substituted pleading is

20   somehow procedurally improper.

     *//*

21

22

23   ────────────────────────
     [2]       If the Court had meant to abrogate Defendants' statutory right to file a Rule 12 (b) motion,
     Defendants would have expected the Minute Order to have contained a clear statement to that effect
24   along with an explanation as to why the Court believed that was appropriate.

MEMORANDUM IN SUPPORT OF   DEFENDANTS' REQUEST TO FILE SUBSTITUTE PLEADING AND,
ALTERNATIVELY, MOTION TO ACCEPT ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS

1    The 21st day is January 9, 2020, so the Defendants' amendment is timely.  Defendants therefore

2    ask the Court to accept the Answer, Defenses and Counterclaims as the operative pleading in the case.

3    **MOTION TO AMEND/ACCEPT THE ANSWER, DEFENSES AND COUNTERCLAIMS**

4    If the Court believes that a motion is necessary, Defendants hereby move that the Court accept

5    the Answer, Defenses and Counterclaims as the operative pleading in the case.

6    Three preliminary observations.  First, because there is no Scheduling Order, the higher

7    standard of Rule 16 does not apply.  Second, Defendants filed a timely response under the Minute

8    Order; the parties simply disagree over whether the Minute Order prohibited that form of response.

9    Third, there is no default notice nor can there be because Defendant filed a timely responsive pleading.

10   Although there is technically no default notice, Rule 55 provides a roadmap for resolving this

11   matter if the Court believes a motion is necessary.  Under Rule 55 (c) a default notice may be set aside

12   for "good cause."  To determine "good cause", a court must "consider[ ] three factors: (1) whether [the

13   party seeking to set aside the default] engaged in culpable conduct that led to the default; (2) whether

14   [it] had [no] meritorious defense; or (3) whether reopening the default judgment would prejudice" the

15   other party. *Franchise Holding II v. Huntington Restaurants Group, Inc.*, 375 F.3d 922, 925-26 (9th

16   Cir. 2004).  Crucially, however, "judgment by default is a drastic step appropriate only in extreme

17   circumstances; a case should, whenever possible, be decided on the merits." *Falk v. Allen*, 739 F.2d

18   461, 463 (9th Cir. 2004); *see Latshaw v. Trainer Wortham & Co., Inc.*, 452 F.3d 1097, 1103 (9th Cir.

19   2006); *Speiser, Krause & Madole P.C. v. Ortiz*, 271 F.3d 884, 890 (9th Cir. 2001).

20   As to the first factor, "[A] defendant's conduct is culpable if he has received actual or

21   constructive notice of the filing of the action and *intentionally* failed to answer." *Alan Neuman*

22   *Productions, Inc. v. Albright,* 862 F.2d 1388, 1392 (9th Cir.1988).  That does not exist here.

23   **Defendants responded to the Complaint twice: (a) they filed a timely motion to dismiss the initial**

24

MEMORANDUM IN SUPPORT OF   DEFENDANTS' REQUEST TO FILE SUBSTITUTE PLEADING AND,
ALTERNATIVELY, MOTION TO ACCEPT ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS

1  **complaint, and (b) they filed a timely motion to dismiss the FAC.**  This was not a situation where

2  Defendants were aware of the lawsuit, sat on their hands, and did nothing. They responded to **both** in

3  a timely way.  Any "issue" arises solely from the parties' differing interpretations of the Minute Order.

4  This disagreement cannot convert Defendants' failure to file an Answer into "culpable" conduct.

5        As to the second factor, "A defendant seeking to vacate a default judgment must present

6  specific facts that would constitute a defense. But the burden on a party seeking to vacate a default

7  judgment is not extraordinarily heavy." *See TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 700

8  (9th Cir. 2001) (citations omitted). All that is necessary to satisfy the "meritorious defense" requirement

9  is to allege sufficient facts that, if true, would constitute a defense." The Answer, Affirmative Defenses

10  and Counterclaims make it clear that Defendants have meritorious defenses.  They deny the allegations

11  and have pleaded nine affirmative defenses.  The defenses raise serious First Amendment, fair use,

12  statute of limitations, laches, and other issues.

13        As to the third factor, no default judgment has been entered so it is moot.  In any event, to be

14  prejudicial, the setting aside of a default must result in greater harm than simply delaying resolution

15  of the case.  Rather, "the standard is whether [plaintiff's] ability to pursue his claim will be hindered."

16  *Falk, supra,* 739 F.2d at 463; *see Thompson v. American Home Assur. Co.,* 95 F.3d 429, 433-34 (9th

17  Cir 1996)(to be considered prejudicial, "the delay must result in tangible harm such as loss of evidence,

18  increased difficulties of discovery, or greater opportunity for fraud or collusion"). Obviously, requiring

19  a party to "litigate on the merits cannot be considered prejudicial for purposes of lifting a default

20  judgment."  *TCI*, 244 F.3d at 701; *See Bateman v USPS,* 231 F.3d 1220, 1225 (9th Cir. 2000)(no

21  prejudice simply because a party loses a quick victory due to an opponent's procedural default and

22  //

23  //

24

MEMORANDUM IN SUPPORT OF   DEFENDANTS' REQUEST TO FILE SUBSTITUTE PLEADING AND,
ALTERNATIVELY, MOTION TO ACCEPT ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS

Case 2:17-cv-02085-TLN-CKD   Document 20-1   Filed 01/09/20   Page 7 of 8

1   must litigate on the merits). And, quite frankly, it is impossible to conceive of any prejudice because

2   Plaintiff was willing to stipulate to the filing of an Answer by December 27, and the Answer was filed

3   on January 9 – thirteen days later.[3]

4        For all of these reasons, if the Court believes that a motion is necessary, it should grant the

5   motion and allow the filed Answer, Affirmative Defenses and Counterclaims to become the substitute

6   operative pleading in the case.

7   **CONCLUSION**

8        It is unfortunate that the parties could not resolve this dispute between themselves.  For all of

9   the foregoing reasons, the Court should accept the filing of the Answer, Affirmative Defenses and

10  Counterclaims and acknowledge that this is the operative pleading in the case.  Thereafter, the Court

11  should appoint a Magistrate Judge to hold a settlement conference to see whether the parties can bring

12  this long-running matter to a close.

13                                    Respectfully Submitted,

14                                    **LAW OFFICE OF PAUL W. REIDL**

15  Dated: January 9, 2020            By:   /s/ Paul W. Reidl

16                                    PAUL W. REIDL (SBN 155221)
                                      Law Office of Paul W. Reidl
17                                    25 Pinehurst Lane
                                      Half Moon Bay, CA 94019
18                                    Telephone: (650) 560-8530
                                      Email: paul@reidllaw.com

19                                    *Attorney for Defendants*

20

21

22

_____

23  [3]    Or, assuming that Plaintiff's reading of the Minute Order is correct and the Answer was due
    on December 20, there can be no prejudice due to the filing of the Answer on January 9 – twenty
24  days later.

MEMORANDUM IN SUPPORT OF   DEFENDANTS' REQUEST TO FILE SUBSTITUTE PLEADING AND,
ALTERNATIVELY, MOTION TO ACCEPT ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS

**PROOF OF SERVICE**

I, the undersigned, declare and certify as follows:

I am over the age of eighteen (18) years and employed in the County of San Mateo, State of California.  I am a member of the Bar of the above-entitled Court.  My business address is 25 Pinehurst Lane, Half Moon Bay, California, 94019

On January 9, 2020, I served the following document (attached hereto):

**MEMORANDUM IN SUPPORT OF   DEFENDANTS' REQUEST TO FILE SUBSTITUTE PLEADING AND, ALTERNATIVELY, MOTION TO ACCEPT ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS**

**(XX)   VIA CM/ECF FILING SYSTEM.**  The undersigned hereby certifies that he caused a copy of the foregoing document(s) to be filed with the clerk of the U.S. District Court, Eastern District of California, using the CM/ECF filing system, which caused a copy to be electronically mailed to the following CM/ECF Participant(s) on January 9, 2020:

R. Michael West
mwest@saciplaw.com

Catherine Ashley Straight
cstraight@cas-law.com

Executed on January 9, 2020, at Half Moon Bay, California.

/s/ Paul W. Reidl

MEMORANDUM IN SUPPORT OF   DEFENDANTS' REQUEST TO FILE SUBSTITUTE PLEADING AND, ALTERNATIVELY, MOTION TO ACCEPT ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS