PAUL W. REIDL (SBN 155221)
Law Office of Paul W. Reidl
25 Pinehurst Lane
Half Moon Bay, CA 94019
Telephone: (650) 560-8530

*Attorney for Defendants*

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

# (SACRAMENTO DIVISION)

|  |  |
|---|---|
| **APPLE HILL GROWERS,**<br><br>Plaintiff/Counterdefendant,<br><br>v.<br><br>**EL DORADO ORCHARDS, et al.,**<br><br>Defendants/Counterplaintiffs. | Case No. 2:17-cv-02085-TLN-CKD<br><br>**DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS** |

Defendants hereby answers the First Amended Complaint ("FAC"), asserts certain Affirmative Defenses, and pleads certain counterclaims.

## ANSWER

Defendants hereby answer the First Amended Complaint, with the numbered paragraphs corresponding to the numbered paragraphs in the FAC.

1.     Admitted but denied that the alleged licenses are valid.

2.     Admitted.

3.     Admitted.

4.     Denied that Boa Vista was a licensee but admitted that it was expelled from the growers' association.

1      5.      The first sentence is admitted.  The second sentence is denied.

2      6.      Admitted.

3      7.      Admitted.

4      8.      Admitted.

5      9.      Admitted that Mr. Mason Visman owns the two domain name www.applehillca.com,

6 that he uses it in his business, and that he promotes the goods of Boa Vista and others originating in

7 the Apple Hill growing area; otherwise, denied.

8      10.      Denied.

9      11.      Admitted.

10      12.      Admitted.

11      13.      Admitted

12      14.      Admitted that the term Apple Hill originated as a coined term and that Plaintiff's

13 members are located in the Apple Hill growing area located in El Dorado County east of Placerville;

14 otherwise, denied.

15      15.      Denied.

16      16.      Denied.

17      17.      Admitted that Plaintiff purports to promote the goods and services of businesses in the

18 Apple Hill growing area; otherwise, denied.

19      18.      Admitted that Plaintiff purports to promote the goods and services of businesses in the

20 Apple Hill growing area; otherwise, denied.

21      19.      Admitted.

22      20.      Admitted that Plaintiff owns the registration; otherwise, denied.

23      21.      Admitted that the Apple Hill growing area has many visitors annually; otherwise,

24 denied.

1    22.    Admitted that Plaintiff publishes a brochure called CIDER PRESS; otherwise, denied.

2    23.    Denied.

3    24.    Denied.

4    25.    Admitted that they were members; otherwise, denied.

5    26.    Admitted that trademark applications were filed; otherwise, denied.

6    27.    Admitted that there was a dispute between the parties; otherwise, denied.

7    28.    Admitted that Plaintiff pressured all of the Visman family farms not to work with Mr.

8    Mason Visman and that Boa Vista was expelled as a result of its refusal not to deal with Ms. Mason

9    Visman; otherwise, denied.

10    29.    The first sentence is admitted.  It is also admitted that Defendant Boa Vista used an

11    Apple Hill mark on some goods; otherwise, denied.

12    30.    The first sentence is admitted.  It is also admitted that Defendant Boa Vista used an

13    Apple Hill mark on some goods; otherwise, denied.

14    31.    Admitted that Boa Vista uses its Boa Vista Logo, the twin apple logo, and Apple Hill

15    fairly to describe the geographic location of its farm; otherwise, denied.

16    32.    Admitted that Boa Vista uses its Boa Vista Logo, the twin apple logo, and Apple Hill

17    fairly to describe the geographic location of its farm; otherwise, denied.

18    33.    The first sentence is admitted; otherwise, denied.

19    34.    Admitted that Boa Vista uses its Boa Vista Logo, the twin apple logo, and Apple Hill

20    fairly to describe the geographic location of its farm; otherwise, denied.

21    35.    Denied.

22    36.    Admitted that Mr. Visman owns and operates a web site that promotes the goods and

23    services sold in the Apple Hill growing area; otherwise, denied.

24    //

1       37.    Admitted that Mr. Visman owns and operates a web site that promotes the goods and

2 services sold in the Apple Hill growing area, and that he uses the term Apple Hill to promote those

3 goods and services; otherwise, denied.

4       38.    The first sentence is admitted.  The second sentence is denied.

5       39.    Admitted that it uses two apples in its logo and the term Apple Hill to promote the

6 goods and services sold in the Apple Hill growing area; otherwise, denied.

7       40.    Admitted that the web site links to many wineries in the Apple Hill growing area,

8 including Boa Vista; otherwise, denied.

9       41.    Denied.

10       42.    The first two sentences are admitted.  Defendant admits that there were negative

11 reviews but these were planted by Plaintiff so the third sentence is denied.

12       43.    The first three sentences are admitted; the last sentence is denied.

13       44.    The first sentence is admitted; otherwise, denied.

14       45.    Denied.

15       46.    Admitted.

16       47.    Denied.

17       48.    Denied.

18       49.    Admitted that Plaintiff did not give its permission to Defendants to refer to the Apple

19 Hill growing area or to use Apple Hill in any way; otherwise, denied that any permission was

20 necessary.

21       50.    Admitted that Apple Hill is Apple Hill; otherwise, denied.

22       51.    Denied.

23       52.    Denied.

24       53.    Denied.

1      54.     Admitted that this is what Plaintiff has asserted; otherwise, denied that it actually

2  occurs.

3      55.     Defendants incorporate by reference their answers to paragraphs 1-54 of the FAC.

4      56.     Denied.

5      57     Denied.

6      58     Denied.

7      59     Denied

8      60.     Denied.

9      61.     Defendants incorporate by reference their answers to paragraphs 1-60 of the FAC.

10      62.     Denied.

11      63.     Denied.

12      64     Denied.

13      65.     Denied.

14      66.     Denied.

15      67.     Defendants incorporate by reference their answers to paragraphs 1-66 of the FAC.

16      68.     Denied.

17      69.     Denied.

18      70.     Admitted that the marks are similar; otherwise, denied.

19      71.     Denied.

20      72.     Denied.

21      73.     Denied.

22      74.     Denied.

23      75     Denied.

24      76.     Defendants incorporate by reference their answers to paragraphs 1-75 of the FAC.

1    77.    Denied.

2    78.    Denied.

3    79.    Denied.

4    80.    Denied.

5    81.    Denied.

6    82.    Denied.

7    83.    Defendants incorporate by reference their answers to paragraphs 1-82 of the FAC.

8    84.    Denied.

9    85.    Denied.

10    86.    Denied.

11    88.    Denied.

12                              **AFFIRMATIVE DEFENSES**

13    Defendants hereby assert the following Affirmative Defenses, reserving the right to plead

14    additional defenses depending on what is learned during discovery.

15                            **AFFIRMATIVE DEFENSE ONE**

16    Plaintiff has failed to state a claim on which relief can be granted, in particular, on the

17    infringement claims against El Dorado and Mr. and Mrs. Visman, and the cybersquatting claim against

18    Mr. Mason Visman.

19                            **AFFIRMATIVE DEFENSE TWO**

20    Plaintiff's claims are barred by the doctrine of laches because it filed the Complaint more than

21    three (3) years from the date they believed they had a claim and that delay has caused prejudice to the

22    Defendants.

23    //

24    //

1

**AFFIRMATIVE DEFENSE THREE**

2

Plaintiff's state law claims are barred by the statute of limitations, Cal. Bus. & Prof. Code §

3 17208, because Plaintiff's claims had fully accrued as of August 2013 and the Complaint was not filed

4 until October 2017.

5

**AFFIRMATIVE DEFENSE FOUR**

6

The cybersquatting claim against Mr. Mason Visman is barred by the doctrine of nominative

7 fair use because he is merely using the domain names containing the term "Apple Hill" to promote the

8 goods and services of people and businesses in the Apple Hill growing area.

9

**AFFIRMATIVE DEFENSE FIVE**

10

The claims against Mr. Mason Visman are barred by the First Amendment because he is merely

11 exercising his right to speak about the Apple Hill growing area and the goods and services offered by

12 people and businesses in the area.  No entity can monopolize such speech.

13

**AFFIRMATIVE DEFENSE SIX**

14

Plaintiff's claims are barred by the doctrine of fair use to the extent that the term Apple Hill

15 is merely being used fairly to describe the geographic origin of the goods and services.

16

**AFFIRMATIVE DEFENSE SEVEN**

17

The infringement claims against Mr. Mason Visman are barred by the doctrine of nominative

18 fair use because he is using Apple Hill to identify people and businesses in the Apple Hill growing

19 area, some of whom are Plaintiff's licensees, and there is no likelihood that a consumer would consider

20 him to be the source of the goods and services being mentioned by him.

21

**AFFIRMATIVE DEFENSE EIGHT**

22

Plaintiff's claims are barred by the doctrine of unclean hands.  Plaintiff has used threats of

23 litigation, threats of expulsion, intimidation, and other illegal, improper and egregious conduct to force

24 the people and businesses in the Apple Hill growing area to do business solely with it, and not with

1  Defendants.  Plaintiff has done so by asserting trademark rights in Apple Hill that it does not have.

2  This is directly and immediately related to the trademark rights being asserted in this case.

3  ### AFFIRMATIVE DEFENSE NINE

4  Plaintiff is estopped from asserting that Defendants cannot use Apple Hill to inform customers

5  where their goods are services originate.  In order to overcome the Office Action on registration no.

6  5,034,321, Plaintiff argued that: "the registration of APPLE HILL as a trademark does not deprive

7  others of the right to use a geographical term to inform customers where their goods or services

8  originate. APPLE HILL is not a primarily geographical term, as it is associated solely with the goods

9  marked with that trademark, and distributed by its grower members. Other growers in the region are

10  free to inform the public where they are located or where their goods originate, but they are not entitled

11  to use the trademark APPLE HILL to identify those goods, as that would constitute trademark

12  infringement."  This argument was accepted by the PTO and the application approved for publication.

13  It was reasonably relied-on by Defendants that they could use Apple Hill to describe the geographic

14  origin of their goods and services, or the goods and services of others in the Apple Hill growing area.

15  ### COUNTERCLAIMS

16  Defendants hereby bring the following counterclaims:

17  ### NATURE OF THE ACTION

18  1.    This is an action for cancellation of registered marks and unfair competition.

19  ### JURISDICTION

20  2.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338 (a), and

21  15 U.S.C. § 1121, and supplemental jurisdiction pursuant to 28 U.S.C. §§1338 (b) and 1367 (b).  Acts

22  giving rise to the claims asserted herein have been expressly aimed at, have occurred in, and will

23  continue to occur in California and this District.

24

**VENUE**

3.     Venue properly lies within this District pursuant to 28 U.S.C. § 1391.  Venue properly lies in the Sacramento Division because the parties all reside in El Dorado County.

**THE PARTIES**

4.     The Visman family has been farming in El Dorado county since 1915.  Counter-plaintiff El Dorado Orchards, d/b/a Boa Vista Orchards is a California corporation with its principal place of business at 2952 Carson Road, Placerville, CA 95667.  It is in the business of growing and selling produce and fruit, and other goods.

5.     Counter-plaintiffs Brad and Kandi Visman are co-owners and officers of El Dorado Orchards.

6.     Counter-plaintiff Mason Visman is the son of Brad and Kandi Visman.  He is a web entrepreneur and is not involved in the business of El Dorado Orchards.  He owns a trademark registration of Apple Hill for various advertising and directory services "for goods and services originating in the Apple Hill area of California," no. 4,682,963.  That registration is attached as Exhibit A to this pleading.

7.     Counter-defendant Apple Hill Growers Association is a California corporation with its principal place of business at 2461 Larsen Dr, Camino, CA 95709.  Its predecessor coined the term "Apple Hill" for fruit and fruit juices.  It owns two trademark registrations of Apple Hill for various goods and services, nos. 1,945,541 and 5,034,321.

**NATURE OF THE CASE**

8.     In prosecuting its second trademark application at the Patent and Trademark Office ("PTO"), Plaintiff conceded the existence of an Apple Hill growing area, and represented to the PTO that it would not bar businesses in the Apple Hill growing area saying that their goods are from Apple Hill.  The existence of an Apple Hill growing area is also reflected in Mr. Mason Visman's registration,

1   which is expressly limited to providing directory and related services "for goods and services

2   originating in the Apple Hill area of California."   This case is about whether there is or is not an Apple

3   Hill growing area, whether Apple Hill is a trademark (i.e. a single source identifier), whether the

4   growers' association's trademark registrations are valid, and whether the Plaintiff has suffered any

5   injury of damages due to Counter-Plaintiffs' use of Apple Hill.

6                                        **FACTUAL BACKGROUND**

7         9**.**   In 2012-2013, a dispute arose between the growers' association and El Dorado.  The

8   Visman family had for many years been concerned that the growers' association was too political and

9   was not promoting the Apple Hill growing area effectively.  Mr. Mason Visman decided to create his

10   own directory and web site for the businesses in the Apple Hill growing area.  This web site did not

11   simply promote El Dorado or the other Visman family-owned farms in Apple Hill, it was for everyone.

12   His vision was to provide comprehensive information to consumers on each grower and business using

13   web and app platforms.  In connection with this, he and his family filed trademark applications of

14   APPLE HILL for various goods and services.

15         10.   The President of the growers' association was enraged by this development.  El Dorado

16   was told that it would be expelled if it did business with Mason Visman.  A demand letter was sent in

17   2013.  When El Dorado did not comply, it was expelled.

18         11.   Curiously, despite its outrage at Mr. Mason Visman, the growers' association did not file

19   a letter of protest against his trademark application for Apple Hill.  It took no action until it filed a

20   cancellation petition with the PTO three years later in 2016.  That proceeding is suspended pending

21   the resolution of this lawsuit.

22         12.   Between 2013 and the filing of this lawsuit in 2017, Counter-plaintiffs made numerous

23   attempts to resolve the dispute with the growers' association.  All of these were rebuffed.  They were

24   told, in essence, that because the predecessor of the growers' association had coined the term APPLE

HILL many years ago, they were the sole and exclusive entity authorized to use it.  Since Counter-plaintiffs did not have such permission, the growers' association demanded that they stop all use of Apple Hill, even if that use was a fair use or a nominative fair use.

13.    The growers' association has threatened its members with legal action and expulsion if they did business with the Counter-Plaintiffs.  In their view, they must be the sole source for information about the Apple Hill growing area and no one is permitted to publicize the Apple Hill growing area but them.  These threats have reduced Mr. Mason Visman's business opportunities and caused him injury.

14.    As a result of the conduct alleged below, Counter-plaintiffs have suffered injury and damage.

**CLAIM ONE**

**(Cancellation of Registration No. 1,945,541, 15 U.S.C. § 1119)**

15.    Paragraphs 1-14 of this Counterclaim are hereby incorporated by reference.

16.    Counter-defendant is not the source of any of the goods specified in the registration. The goods are made by third-parties. Thus, under the law, Counter-defendant has an obligation to the public to ensure the quality of the goods bearing its trademark.  Counter-defendant has not supervised, maintained and controlled the quality of the goods allegedly licensed under the registered mark.  The registration is therefore deemed to be abandoned due to naked licensing.

17.    Since the registration became incontestable, Apple Hill has become a generic term for the geographic area known as the Apple Hill growing area in El Dorado County, California. Consumers recognize Apple Hill as a place name, not as a single source identifier.  The registration is therefore void because it no longer has single-source significance.

18.    As alleged further herein, Counter-defendant has used the registered mark to violate the antitrust laws of the United States.  The registration is therefore void.

1    **WHEREFORE**, Counter-plaintiffs pray for relief as set forth below.

2                                    **CLAIM TWO**

3              **(Cancellation of Registration No. 5,034,321, 15 U.S.C. § 1119)**

4        19.    Paragraphs 1-18 of this Counterclaim are hereby incorporated by reference.

5        20.    Counter-defendant is not the source of any of the goods specified in the registration.

6    The goods are made by third-parties. Thus, under the law, Counter-defendant has an obligation to the

7    public to ensure the quality of the goods bearing its trademark.  It has not supervised, maintained and

8    controlled the quality of the goods allegedly licensed under the registered mark.  The registration is

9    therefore deemed to be abandoned due to naked licensing.

10       21.    Apple Hill has become a generic term for the geographic area known as the Apple Hill

11   growing area in El Dorado County, California.  Consumers recognize Apple Hill as a place name, not

12   as a single source identifier.  The registration is therefore void because it no longer has single-source

13   significance.

14       22.    Apple Hill is a geographically descriptive term for the Apple Hill growing area.  Since

15   Counter-defendant cannot show acquired distinctiveness for the goods, the registration should be

16   cancelled because it is not inherently distinctive and does not have single-source significance.

17       23.    As alleged further herein, Counter-defendant used the registered mark to violate the

18   antitrust laws of the United States. The registration is therefore void.

19                 **WHEREFORE**, Counter-plaintiffs pray for relief as set forth below.

20                                  **CLAIM THREE**

21                **(California Unfair Competition, B & P § 17200)**

22       24.    The allegations of Paragraphs 1-24 of this Complaint are hereby incorporated by

23   reference.

24   //

25.     The conduct as alleged above constitutes unfair and unlawful business practices in violation of California Business & Professions Code §17200 *et seq*.  Mr. Mason Visman and the growers' association are in direct competition as they both promote the Apple Hill growing area.

26.     As a direct and proximate result of the unfair and illegal conduct, Mr. Mason Visman has suffered direct injury and damage because he has been denied revenues in an amount which has not yet ascertained, because businesses in the Apple Hill growing area have been threatened with extreme sanctions if they do business with him, and these businesses have thereupon refused to deal with Mr. Visman. These wrongful acts have proximately caused and/or will continue to cause him substantial injury, including injury to his reputation and direct economic loss

27.     As a result of the growers' association's wrongful conduct, Mr. Mason Visman is entitled to recover from it the gains, profits, and advantages they have obtained as a result of their wrongful acts as hereinabove alleged and said amounts should be disgorged and restitution made to him.

**WHEREFORE,** Counter-Defendants prays for relief as set forth below.

### CLAIM FOUR

### (Restitution Based on Unjust Enrichment)

28.     The allegations of Paragraphs 1-27 of this Counterclaim are hereby incorporated by reference.

29.     As a result of the growers' association's improper conduct, it has been unjustly enriched at the expense of Counter-plaintiffs and the law thereby implies a contract by which it must pay to them the amount by which, in equity and good conscience, they have been unjustly enriched at the expense of the growers' association.

**WHEREFORE,** Counter-Defendants prays for relief as set forth below.

//

**CLAIM FIVE**

**(Unlawful Group Boycott – 15 U.S.C. § 1)**

30.     The allegations of Paragraphs 1-29 of this Counterclaim are hereby incorporated by reference.

31.     Counter-defendant has organized, facilitated, engineered and implemented a group boycott by businesses in the Apple Hill growing area against Counter-plaintiffs.  Counter-defendant has improperly leveraged its lawful monopoly and market power over the trademark APPLE HILL for various goods and services to intimidate businesses in the Apple Hill growing area into not doing business of any sort with Counter-plaintiffs, even though such business activities would be lawful under trademark law. This is unreasonable and has caused injury and damage to Counter-plaintiffs in the form of lost business opportunities, which business they would have had but for the unlawful conduct of Counter-defendant.

32.     These practices are devoid of any proper economic benefit to consumers or the businesses that have been bludgeoned into acquiescing to Counter-plaintiff.  In particular, by promoting all businesses in the Apple Hill growing area, Mr. Mason Visman provides economic benefits to all of them.  Forcing businesses not to do business with him hurts them and is economically unproductive.  Counter-defendants know this but persist in their abusive conduct.  It also denies consumers information about the Apple Hill businesses who have participated in the boycott.

**WHEREFORE,** Counter-Defendants prays for relief as set forth below

**CLAIM SEVEN**

**(Unlawful Group Boycott – B & P  §§ 16700-16770)**

33.     The allegations of Paragraphs 1-32 of this Counterclaim are hereby incorporated by reference.

1     34.     Counter-defendant has organized, facilitated, engineered and implemented a group

2 boycott by businesses in the Apple Hill growing area against Counter-plaintiffs. Counter-defendant

3 has improperly leveraged its lawful monopoly and market power over the trademark APPLE HILL for

4 various goods and services to intimidate businesses in the Apple Hill growing area into not doing

5 business of any sort with Counter-plaintiffs, even though such business activities would be lawful

6 under trademark law. This is unreasonable and has caused injury and damage to Counter-plaintiffs in

7 the form of lost business opportunities, which business they would have had but for the unlawful

8 conduct of Counter-defendant.

9     35.     These practices are devoid of any proper economic benefit to consumers or the

10 businesses that have been bludgeoned into acquiescing to Counter-plaintiff. In particular, by

11 promoting all businesses in the Apple Hill growing area, Mr. Mason Visman provides economic

12 benefits to all of them. Forcing businesses not to do business with him hurts them and is economically

13 unproductive. Counter-defendants know this but persist in their abusive conduct. It also denies

14 consumers information about the Apple Hill businesses who have participated in the boycott.

15     **WHEREFORE,** Counter-Defendants prays for relief as set forth below.

16                 **PRAYER FOR RELIEF**

17     **WHEREFORE,** Counter-Defendants demand judgment against Counter-plaintiff as follows:

18     1.     An award of damages in an amount to be determined at trial; and

19     3.     Trebling of such damages that may be attributed to the violations of the Sherman and

20 Cartwright Acts; and

21     4.     Costs of suit, including reasonable attorneys' fees as may be permitted by the Sherman

22 and Cartwright Acts; and

23     5.     An Order directing the Commissioner of Trademarks to cancel Registration Nos.

24 1,945,541 and 5,034,321; and

1        6.    Such further relief as this Court deems just.

2    **JURY TRIAL DEMAND**

3    Counter-plaintiffs demands a trial by jury on all issues triable to a jury.

4              Respectfully Submitted,

5              **LAW OFFICE OF PAUL W. REIDL**

6    Dated: January 9, 2020        By:  /s/ Paul W. Reidl

7              PAUL W. REIDL (SBN 155221)
     Law Office of Paul W. Reidl

8    25 Pinehurst Lane
     Half Moon Bay, CA 94019
     Telephone: (650) 560-8530

9    Email: paul@reidllaw.com

10             *Attorney for Defendants/Counter-plaintiffs*

11

12

13

14

15

16

17

18

19

20

21

22

23

24

ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS

**PROOF OF SERVICE**

I, the undersigned, declare and certify as follows:

I am over the age of eighteen (18) years and employed in the County of San Mateo, State of California.  I am a member of the Bar of the above-entitled Court.  My business address is 25 Pinehurst Lane, Half Moon Bay, California, 94019

On January 9, 2020, I served the following document (attached hereto):

**ANSWER, AFFIRMATIVE DEFENSES**

**AND COUNTERCLAIMS**

**(XX)** **VIA CM/ECF FILING SYSTEM.**  The undersigned hereby certifies that he caused a copy of the foregoing document(s) to be filed with the clerk of the U.S. District Court, Eastern District of California, using the CM/ECF filing system, which caused a copy to be electronically mailed to the following CM/ECF Participant(s) on January 9, 2020:

R. Michael West
mwest@saciplaw.com

Catherine Ashley Straight
cstraight@cas-law.com

Executed on January 9, 2020, at Half Moon Bay, California.

/s/ Paul W. Reidl