PAUL W. REIDL (SBN 155221)
Law Office of Paul W. Reidl
25 Pinehurst Lane
Half Moon Bay, CA 94019
Telephone: (650) 560-8530

*Attorney for Defendants*

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

# (SACRAMENTO DIVISION)

**APPLE HILL GROWERS,**

Plaintiff/Counterdefendant,

v.

**EL DORADO ORCHARDS, et al.,**

Defendants/Counterplaintiffs.

Case No. 2:17-cv-02085-TLN-CKD

**DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS**

Defendants hereby Answer the First Amended Complaint ("FAC"), assert certain Affirmative Defenses, and plead certain Counterclaims.

## ANSWER

Defendants hereby answer the FAC, with the numbered paragraphs corresponding to the numbered paragraphs in the FAC.

1.      Admitted but denied that the alleged licenses are valid.

2.      Admitted.

3.      Admitted.

4.      Denied that El Dorado was a licensee but admitted that it was expelled from the growers' association because it refused to cease doing business with Mason Visman.

1      5.      The first sentence is admitted.  The second sentence is denied.

2      6.      Admitted.

3      7.      Admitted.

4      8.      Admitted.

5      9.      Admitted that Mr. Mason Visman owns the domain name www.applehillca.com, that

6      he uses it in his business, and that he promotes the goods of El Dorado and others originating in the

7      Apple Hill Growing Area; otherwise, denied.

8      10.     Denied.

9      11.     Admitted.

10     12.     Admitted.

11     13.     Admitted

12     14.     Admitted that the term Apple Hill was created by Plaintiff's predecessor ad a trademark

13     for fresh fruit and fruit juices, and that Plaintiff's members are located in the Apple Hill Growing Area

14     in El Dorado County east of Placerville; otherwise, denied.

15     15.     Denied.

16     16.     Denied.

17     17.     Admitted that Plaintiff purports to promote the goods and services of its members, and

18     only its members, in the Apple Hill Growing Area; otherwise, denied.

19     18.     Admitted that Plaintiff purports to promote the goods and services of its members, and

20     only its members, in the Apple Hill Growing Area; otherwise, denied.

21     19.     Admitted.

22     20.     Admitted that Plaintiff owns the registration; otherwise, denied.

23     21.     Admitted that the Apple Hill Growing Area has many visitors annually; otherwise,

24     denied.

ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS

1    22.    Admitted that Plaintiff publishes a flyer called CIDER PRESS; otherwise, denied.

2    23.    Denied.

3    24.    Denied.

4    25.    Admitted that El Dorado was a member; otherwise, denied.

5    26.    Admitted that trademark applications were filed; otherwise, denied.

6    27.    Admitted that there was a dispute between the parties; otherwise, denied.

7    28.    Admitted that Plaintiff pressured all of the Visman family farms not to work with Mr.

8    Mason Visman and that El Dorado was expelled as a result of its refusal not to deal with Ms. Mason

9    Visman; otherwise, denied.

10    29.    The first sentence is admitted.  It is also admitted that Defendant El Dorado used an

11    Apple Hill mark on some goods; otherwise, denied.

12    30.    The first sentence is admitted.  It is also admitted that Defendant El Dorado used an

13    Apple Hill mark on some goods; otherwise, denied.

14    31.    Admitted that El Dorado uses its Boa Vista Logo, the twin apple logo, and the term

15    Apple Hill fairly to describe the geographic location of its farm which Plaintiff told the PTO was

16    permissible; otherwise, denied.

17    32.    Admitted that El Dorado uses its Boa Vista Logo, the twin apple logo, and the term

18    Apple Hill fairly to describe the geographic location of its farm which Plaintiff told the PTO was

19    permissible; otherwise, denied.

20    33.    The first sentence is admitted; otherwise, denied.

21    34.    Admitted that El Dorado uses its Boa Vista Logo, the twin apple logo, and the term

22    Apple Hill fairly to describe the geographic location of its farm which Plaintiff told the PTO was

23    permissible; otherwise, denied.

24    35.    Denied.

1   36.  Admitted that Mr. Mason Visman owns and operates a web site that promotes the goods

2 and services sold in the Apple Hill Growing Area; otherwise, denied.

3   37.  Admitted that Mr. Mason Visman owns and operates a web site that promotes the goods

4 and services sold in the Apple Hill Growing Area, and that he uses the term Apple Hill to promote

5 those goods and services; otherwise, denied.

6   38.  The first sentence is admitted.  The second sentence is denied.

7   39.  Admitted that it uses two apples in its logo and the term Apple Hill to promote the

8 goods and services sold in the Apple Hill Growing Area; otherwise, denied.

9   40.  Admitted that the web site links to many wineries in the Apple Hill Growing Area,

10 including Boa Vista; otherwise, denied.

11   41.  Denied.

12   42.  The first two sentences are admitted.  Defendant admits that there were negative

13 reviews but these were planted by Plaintiff so the third sentence is denied.

14   43.  The first three sentences are admitted; the last sentence is denied.

15   44.  The first sentence is admitted; otherwise, denied.

16   45.  Denied.

17   46.  Admitted.

18   47.  Denied.

19   48.  Denied.

20   49.  Admitted that Plaintiff did not give its permission to Defendants to refer to the Apple

21 Hill Growing Area or to use Apple Hill in any way; otherwise, denied that any permission was

22 necessary.

23   50.  Admitted that Apple Hill is Apple Hill; otherwise, denied.

24   51.  Denied.

1        52.      Denied.

2        53.      Denied.

3        54.      Admitted that this is what Plaintiff has asserted; otherwise, denied that it actually

4    occurs.

5        55.      Defendants incorporate by reference their answers to paragraphs 1-54 of the FAC.

6        56.      Denied.

7        57.      Denied.

8        58      Denied.

9        59.      Denied

10       60.      Denied.

11       61.      Defendants incorporate by reference their answers to paragraphs 1-60 of the FAC.

12       62.      Denied.

13       63.      Denied.

14       64.      Denied.

15       65.      Denied.

16       66.      Denied.

17       67.      Defendants incorporate by reference their answers to paragraphs 1-66 of the FAC.

18       68.      Denied.

19       69.      Denied.

20       70.      Admitted that the domain name incorporates the term "apple hill;" otherwise, denied.

21       71.      Denied.

22       72.      Denied.

23       73.      Denied.

24       74.      Denied.

| | | |
|---|---|---|
| 1 | 75 | Denied. |
| 2 | 76. | Defendants incorporate by reference their answers to paragraphs 1-75 of the FAC. |
| 3 | 77. | Denied. |
| 4 | 78. | Denied. |
| 5 | 79. | Denied. |
| 6 | 80. | Denied. |
| 7 | 81. | Denied. |
| 8 | 82. | Denied. |
| 9 | 83. | Defendants incorporate by reference their answers to paragraphs 1-82 of the FAC. |
| 10 | 84. | Denied. |
| 11 | 85. | Denied. |
| 12 | 86. | Denied. |
| 13 | 88. | Denied. |

**AFFIRMATIVE DEFENSES**

Defendants hereby assert the following Affirmative Defenses, reserving the right to plead additional defenses depending on what is learned during discovery.

**AFFIRMATIVE DEFENSE ONE**

Plaintiff has failed to state a claim on which relief can be granted, in particular, on the infringement claims against El Dorado and Mr. and Mrs. Visman, and the cybersquatting claim against Mr. Mason Visman.  It has not pleaded any facts that, if true, would establish that Mr. and Mrs. Visman were infringers, and that Mr. Mason Visman is a cybersquatter.

//

//

//

1

### AFFIRMATIVE DEFENSE TWO

2      Plaintiff's claims are barred by the doctrine of laches because the Complaint was filed more

3    than three (3) years from the date Plaintiff believed it had a claim, and this delay has caused prejudice

4    to the Defendants.

5

### AFFIRMATIVE DEFENSE THREE

6      Plaintiff's California law claims are barred by the statute of limitations, Cal. Bus. & Prof. Code

7    § 17208, because Plaintiff's claims had fully accrued as of August 2013 and the Complaint was not

8    filed until October 2017.

9

### AFFIRMATIVE DEFENSE FOUR

10      The cybersquatting claim against Mr. Mason Visman is barred by the doctrine of nominative

11    fair use because he is merely using the domain names containing the term "Apple Hill" to promote the

12    goods and services of people and businesses in the Apple Hill Growing Area.

13

### AFFIRMATIVE DEFENSE FIVE

14      The claims against Mr. Mason Visman are barred by the First Amendment because he is merely

15    exercising his right to speak about the Apple Hill Growing Area and the goods and services offered

16    by people and businesses in the area.  No entity can monopolize such speech nor can a Court enjoin

17    such speech.

18

### AFFIRMATIVE DEFENSE SIX

19      Plaintiff's claims are barred by the doctrine of fair use to the extent that the term Apple Hill

20    is merely being used fairly to describe the geographic origin of the goods and services. Plaintiff itself

21    recognized this right in the prosecution of its trademark application and it told the PTO that it would

22    not act to stop people from using Apple Hill in this manner.

23    //

24    //

ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS

**AFFIRMATIVE DEFENSE SEVEN**

The infringement claims against Mr. Mason Visman are barred by the doctrine of nominative fair use because he is using Apple Hill to identify people and businesses in the Apple Hill Growing Area, some of whom are Plaintiff's licensees, and there is no likelihood that a consumer would consider him to be the source of the goods and services being identified by him. His web site helps all of the businesses in the Apple Hill Growing Area because it promotes them.

**AFFIRMATIVE DEFENSE EIGHT**

Plaintiff's claims are barred by the doctrine of unclean hands.  Plaintiff has used threats of litigation, threats of expulsion, intimidation, and other illegal, improper and egregious conduct to bludgeon the people and businesses in the Apple Hill Growing Area to do business solely with it, and not with Defendants.  Plaintiff has done so, in part, by asserting trademark rights in "Apple Hill" that it does not have.  This is directly and immediately related to the trademark rights being asserted in this case because it has abused its trademark rights for its own pecuniary benefit and to the detriment of every business in the Apple Hill Growing Area.

**AFFIRMATIVE DEFENSE NINE**

Plaintiff's claims are barred by the doctrine of trademark misuse.  Plaintiff has used threats of litigation, threats of expulsion, intimidation, and other illegal, improper and egregious conduct to bludgeon the people and businesses in the Apple Hill Growing Area to do business solely with it, and not with Defendants.  Plaintiff has done so, in part, by asserting trademark rights in "Apple Hill" that it does not have.

**AFFIRMATIVE DEFENSE TEN**

Plaintiff is estopped from asserting that Defendants cannot use Apple Hill to inform customers where their goods are services originate.  In order to overcome the Office Action on registration no. 5,034,321, Plaintiff argued that: "the registration of APPLE HILL as a trademark does not deprive

others of the right to use a geographical term to inform customers where their goods or services originate. APPLE HILL is not a primarily geographical term, as it is associated solely with the goods marked with that trademark, and distributed by its grower members. Other growers in the region are free to inform the public where they are located or where their goods originate, but they are not entitled to use the trademark APPLE HILL to identify those goods, as that would constitute trademark infringement." This argument was accepted by the PTO and the application approved for publication. It was reasonably relied-on by Defendants that they could use Apple Hill to describe the geographic origin of their goods and services, or the goods and services of others in the Apple Hill Growing Area.

<b>COUNTERCLAIMS</b>

Defendants hereby bring the following counterclaims:

<b>NATURE OF THE ACTION</b>

1.     This is an action for cancellation of registered marks and unfair competition.

<b>JURISDICTION</b>

2.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338 (a), and 15 U.S.C. § 1121, and supplemental jurisdiction pursuant to 28 U.S.C. §§1338 (b) and 1367 (b).  Acts giving rise to the claims asserted herein have been expressly aimed at, have occurred in, and will continue to occur in California and this District.

<b>VENUE</b>

3.     Venue properly lies within this District pursuant to 28 U.S.C. § 1391.  Venue properly lies in the Sacramento Division because the parties all reside in El Dorado County.

<b>THE PARTIES</b>

4.     The Visman family has been farming in El Dorado County since 1915.  Counter-plaintiff El Dorado Orchards, d/b/a Boa Vista Orchards is a California corporation with its principal place of

//

1   business at 2952 Carson Road, Placerville, CA 95667.  It is in the business of growing and selling

2   produce and fruit, and other goods.

3        5.    Counter-plaintiffs Brad and Kandi Visman are owners and officers of El Dorado

4   Orchards.

5        6.    Counter-plaintiff Mason Visman is the son of Brad and Kandi Visman.  He is a web

6   entrepreneur and is not involved in the business of El Dorado Orchards.  He owns a trademark

7   registration of Apple Hill for various advertising and directory services no. 4,682,963.  This is limited

8   to "goods and services originating in the Apple Hill area of California." That registration is attached

9   as Exhibit A to this pleading.

10        7.    Counter-defendant Apple Hill Growers Association is a California corporation with its

11   principal place of business at 2461 Larsen Dr, Camino, CA 95709.  Its predecessor created the term

12   "Apple Hill" for fruit and fruit juices.  It owns two trademark registrations of Apple Hill for various

13   goods and services, nos. 1,945,541 and 5,034,321.

14                                     **NATURE OF THE CASE**

15        8.    In prosecuting its second trademark application at the Patent and Trademark Office

16   ("PTO"), Plaintiff conceded the existence of an Apple Hill Growing Area, and represented to the PTO

17   that it would not bar businesses in the Apple Hill Growing Area from saying that their goods are from

18   Apple Hill.  The existence of an Apple Hill Growing Area is also reflected in Mr. Mason Visman's

19   registration, which is expressly limited to providing directory and related services "for goods and

20   services originating in the Apple Hill area of California."   This case is about whether there is or is not

21   an Apple Hill Growing Area, whether Apple Hill is a trademark (i.e. a single source identifier),

22   whether the growers' association's trademark registrations are valid, whether the growers' association

23   has a lawful monopoly over all uses of Apple Hill, and whether the Plaintiff has suffered any injury

24   or damages due to Counter-Plaintiffs' use of Apple Hill.

ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS

**FACTUAL BACKGROUND**

9**.**   In 2012-2013, a dispute arose between the growers' association and El Dorado.   The Visman family had for many years been concerned that the growers' association was too political, was favoring some members over others, was corrupt, and was not promoting the Apple Hill Growing Area effectively for the benefit of everyone in the area.   To address this, Mr. Mason Visman decided to create his own web directory and web site for the businesses in the Apple Hill Growing Area.   This web site did not simply promote El Dorado or the other Visman family-owned farms in Apple Hill -- **it was for everyone.**   His vision was to provide comprehensive information to consumers on each grower and business, using web and app platforms.   In connection with this, he and his family filed trademark applications of APPLE HILL for various goods and services.

10.   The President of the growers' association was enraged by Mason's impudence. The growers' association demanded that El Dorado shut him down, and it ordered its members not to do business with him.  El Dorado was told that it would be expelled if it did business with him.  A demand letter was sent in 2013.  When El Dorado did not comply, it was expelled.

11.   Despite its outrage at Mr. Mason Visman, the growers' association did not file a letter of protest against his trademark application for Apple Hill.  It took no action until it filed a cancellation petition with the PTO three years later in 2016.  That proceeding is suspended pending the resolution of this lawsuit.

12.   Between 2013 and the filing of this lawsuit in 2017, Counter-plaintiffs made numerous attempts to resolve the dispute with the growers' association. All of these were rebuffed.  The growers' association went through numerous lawyers.  Counter-plaintiffs were told, in essence, that because the predecessor of the growers' association had created the term Apple Hill many years ago as a trademark for fruit and fruit juices, **they were the sole and exclusive entity authorized to use it for anything.**

1  Since Counter-plaintiffs did not have their permission to use Apple Hill, the growers' association

2  demanded that they stop all use of Apple Hill, even if that use was a fair use or a nominative fair use.

3      13.    The growers' association has threatened its members with legal action and expulsion if

4  they do business with the Counter-plaintiffs.  In their view, their trademark registrations give them the

5  right to monopolize the use of Apple Hill and the right to be the only entity that can publicize and

6  promote the Apple Hill Growing Area.  These threats have reduced Mr. Mason Visman's business

7  opportunities and caused him injury.

8      14.    As a result of the conduct alleged below, Counter-plaintiffs have suffered injury and

9  damage.

10                              **CLAIM ONE**

11              **(Cancellation of Registration No. 1,945,541, 15 U.S.C. § 1119)**

12      15.    Paragraphs 1-14 of this Counterclaim are hereby incorporated by reference.

13      16.    Counter-defendant is not the source of any of the goods specified in the registration.

14  The goods are made by third-parties. Thus, under the law, Counter-defendant has an obligation to the

15  public to ensure the quality of the goods bearing its trademark.  Counter-defendant has not supervised,

16  maintained and controlled the quality of the goods allegedly licensed under the registered mark.  The

17  registration is therefore deemed to be abandoned due to naked licensing.

18      17.    Since the registration became incontestable, Apple Hill has become a generic term for

19  the geographic area known as the Apple Hill growing area in El Dorado County, California.

20  Consumers recognize Apple Hill as a place name, not as a single source identifier.  The registration is

21  therefore void because it no longer has single-source significance.

22      18.    As alleged further herein, Counter-defendant has used the registered mark to violate

23  the antitrust laws of the United States.  The registration is therefore void.

24      **WHEREFORE**, Counter-plaintiffs pray for relief as set forth below.

**CLAIM TWO**

**(Cancellation of Registration No. 5,034,321, 15 U.S.C. § 1119)**

19.     Paragraphs 1-18 of this Counterclaim are hereby incorporated by reference.

20.     Counter-defendant is not the source of any of the goods specified in the registration. The goods are made by third-parties. Thus, under the law, Counter-defendant has an obligation to the public to ensure the quality of the goods bearing its trademark.  It has not supervised, maintained and controlled the quality of the goods allegedly licensed under the registered mark.  The registration is therefore deemed to be abandoned due to naked licensing.

21.     Apple Hill has become a generic term for the geographic area known as the Apple Hill growing area in El Dorado County, California.  Consumers recognize Apple Hill as a place name, not as a single source identifier.  The registration is therefore void because it no longer has single-source significance.

22.     Apple Hill is a geographically descriptive term for the Apple Hill growing area.  Since Counter-defendant cannot show acquired distinctiveness for the goods, the registration should be cancelled because it is not inherently distinctive and does not have single-source significance.

23.     As alleged further herein, Counter-defendant used the registered mark to violate the antitrust laws of the United States. The registration is therefore void.

**WHEREFORE**, Counter-plaintiffs pray for relief as set forth below.

**CLAIM THREE**

**(California Unfair Competition, B & P § 17200)**

24.     The allegations of Paragraphs 1-23 of this Complaint are hereby incorporated by reference.

//

//

25.     The conduct as alleged above constitutes unfair and unlawful business practices in violation of California Business & Professions Code §17200 *et seq.*  Mr. Mason Visman and the growers' association are in direct competition as they both promote the Apple Hill Growing Area.

26.     As a direct and proximate result of the unfair and illegal conduct, Mr. Mason Visman has suffered direct injury and damage because he has been denied revenues in an amount which has not yet ascertained, because businesses in the Apple Hill Growing Area have been threatened with extreme sanctions if they do business with him, and these businesses have thereupon refused to deal with Mr. Visman. These wrongful acts have proximately caused and/or will continue to cause him substantial injury, including injury to his reputation and direct economic loss

27.     As a result of the growers' association's wrongful conduct, Mr. Mason Visman is entitled to recover from it the gains, profits, and advantages they have obtained as a result of their wrongful acts as hereinabove alleged and said amounts should be disgorged and restitution made to him.

**WHEREFORE,** Counter-Defendants prays for relief as set forth below.

### CLAIM FOUR

### (Restitution Based on Unjust Enrichment)

28.     The allegations of Paragraphs 1-27 of this Counterclaim are hereby incorporated by reference.

29.     As a result of the growers' association's improper conduct, it has been unjustly enriched at the expense of Counter-plaintiffs and the law thereby implies a contract by which it must pay to them the amount by which, in equity and good conscience, they have been unjustly enriched at the expense of the growers' association.

**WHEREFORE,** Counter-Defendants prays for relief as set forth below.

//

1

## CLAIM FIVE

2

### (Unlawful Group Boycott – 15 U.S.C. § 1)

3    30.    The allegations of Paragraphs 1-29 of this Counterclaim are hereby incorporated by

4    reference.

5    31.    Counter-defendant has organized, facilitated, engineered and implemented a group

6    boycott by businesses in the Apple Hill Growing Area against Counter-plaintiffs.  Counter-defendant

7    has improperly leveraged its lawful monopoly and market power over the trademark APPLE HILL for

8    various goods and services to intimidate businesses in the Apple Hill Growing Area into not doing

9    business of any sort with Counter-plaintiffs, even though such business activities would be lawful

10   under trademark law. This is unreasonable and has caused injury and damage to Counter-plaintiffs in

11   the form of lost business opportunities, which business they would have had but for the unlawful

12   conduct of Counter-defendant.

13   32.    The unlawful boycott is a commercially-motivated action by the growers' association.

14   The participants are competitors of Counter-plaintiffs and claim to have complete control over the

15   essential term Apple Hill, which is necessary for them to use in their businesses.

16   33.    These practices are unreasonable and devoid of any proper economic benefit to

17   consumers or the businesses that have been bludgeoned into acquiescing to Counter-plaintiff.  In

18   particular, by promoting all businesses in the Apple Hill Growing Area, Mr. Mason Visman provides

19   economic benefits to all of them.  Forcing businesses not to do business with him hurts them and is

20   economically unproductive.  Counter-defendants know this but persist in their abusive conduct.  It

21   also denies consumers information about the Apple Hill businesses who have participated in the

22   boycott.

23   **WHEREFORE,** Counter-Defendants prays for relief as set forth below

24   //

ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS

**CLAIM SEVEN**

**(Unlawful Group Boycott – B & P  §§ 16700-16770)**

34.     The allegations of Paragraphs 1-33 of this Counterclaim are hereby incorporated by reference.

35.     Counter-defendant has organized, facilitated, engineered and implemented a group boycott by businesses in the Apple Hill Growing Area against Counter-plaintiffs.  Counter-defendant has improperly leveraged its lawful monopoly and market power over the trademark APPLE HILL for various goods and services to intimidate businesses in the Apple Hill Growing Area into not doing business of any sort with Counter-plaintiffs, even though such business activities would be lawful under trademark law. This is unreasonable and has caused injury and damage to Counter-plaintiffs in the form of lost business opportunities, which business they would have had but for the unlawful conduct of Counter-defendant.

36.     The unlawful boycott is a commercially-motivated action by the growers' association. The participants are competitors of Counter-plaintiffs and claim to have complete control over the essential term Apple Hill, which is necessary for them to use in their business.

37.     These practices are unreasonable and devoid of any proper economic benefit to consumers or the businesses that have been bludgeoned into acquiescing to Counter-plaintiff.  In particular, by promoting all businesses in the Apple Hill Growing Area, Mr. Mason Visman provides economic benefits to all of them.  Forcing businesses not to do business with him hurts them and is economically unproductive.  Counter-defendants know this but persist in their abusive conduct.  It also denies consumers information about the Apple Hill businesses who have participated in the boycott.

**WHEREFORE,** Counter-Defendants prays for relief as set forth below.

//

**PRAYER FOR RELIEF**

**WHEREFORE,** Counter-Defendants demand judgment against Counter-plaintiff as follows:

1.   An award of damages in an amount to be determined at trial; and

3.   Trebling of such damages that may be attributed to the violations of the Sherman and Cartwright Acts; and

4.   Costs of suit, including reasonable attorneys' fees as may be permitted by the Sherman and Cartwright Acts; and

5.   An Order directing the Commissioner of Trademarks to cancel Registration Nos. 1,945,541 and 5,034,321; and

6.   Such further relief as this Court deems just.

**JURY TRIAL DEMAND**

Counter-plaintiffs demands a trial by jury on all issues triable to a jury.

Respectfully Submitted,

**LAW OFFICE OF PAUL W. REIDL**

Dated: January 31, 2020          By:   /s/ Paul W. Reidl

PAUL W. REIDL (SBN 155221)
Law Office of Paul W. Reidl
25 Pinehurst Lane
Half Moon Bay, CA 94019
Telephone: (650) 560-8530
Email: paul@reidllaw.com

*Attorney for Defendants/Counter-plaintiffs*

**PROOF OF SERVICE**

I, the undersigned, declare and certify as follows:

I am over the age of eighteen (18) years and employed in the County of San Mateo, State of California.  I am a member of the Bar of the above-entitled Court.  My business address is 25 Pinehurst Lane, Half Moon Bay, California, 94019

On January 31, 2020, I served the following document (attached hereto):

**ANSWER, AFFIRMATIVE DEFENSES**

**AND COUNTERCLAIMS**

**(XX)**   **VIA CM/ECF FILING SYSTEM.**  The undersigned hereby certifies that he caused a copy of the foregoing document(s) to be filed with the clerk of the U.S. District Court, Eastern District of California, using the CM/ECF filing system, which caused a copy to be electronically mailed to the following CM/ECF Participant(s) on January 31, 2020:

R. Michael West
mwest@saciplaw.com


Catherine Ashley Straight
cstraight@cas-law.com

Executed on January 31, 2020, at Half Moon Bay, California.

/s/ Paul W. Reidl

**EXHIBIT A**

# United States of America

## United States Patent and Trademark Office

# Apple Hill

**Reg. No. 4,682,963**

**Registered Feb. 3, 2015**

**Int. Cl.: 35**

**SERVICE MARK**

**SUPPLEMENTAL REGISTER**

VISMAN, MASON (UNITED STATES INDIVIDUAL)
2952 CARSON ROAD
PLACERVILLE, CA 95667

FOR: ADVERTISING AND DIRECTORY SERVICES, NAMELY, PROMOTING THE SERVICES OF OTHERS BY PROVIDING A WEB PAGE FEATURING LINKS TO THE WEBSITES OF OTHERS; ADVERTISING AND MARKETING OF SPIRITS, ALCOHOLIC BEVERAGES AND BEER; PROMOTING THE GOODS OF OTHERS, NAMELY, PROVIDING COUPONS, REBATES AND VOUCHERS FOR THE GOODS OF OTHERS; PROMOTION AND MARKETING SERVICES AND RELATED CONSULTING; PROVIDING AN ON-LINE COMMERCIAL INFORMATION DIRECTORY ON THE INTERNET; PROVIDING MARKETING AND PROMOTION OF SPECIAL EVENTS; ALL OF THE FOREGOING FOR GOODS AND SERVICES ORIGINATING IN THE APPLE HILL AREA OF CALIFORNIA, IN CLASS 35 (U.S. CLS. 100, 101 AND 102).

FIRST USE 12-11-2012; IN COMMERCE 12-11-2012.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

SER. NO. 85-796,695, FILED P.R. 12-6-2012; AM. S.R. 12-22-2014.

ALEXANDER L. POWERS, EXAMINING ATTORNEY



**Deputy Director of the United States
Patent and Trademark Office**

---

**REQUIREMENTS TO MAINTAIN YOUR FEDERAL
TRADEMARK REGISTRATION**

**WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE
DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

---

**Requirements in the First Ten Years***
**What and When to File:**

> *First Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) between the
> 5th and 6th years after the registration date. *See* 15 U.S.C. §§1058, 1141k. If the declaration is
> accepted, the registration will continue in force for the remainder of the ten-year period, calculated
> from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a
> federal court.

> *Second Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) **and** an
> Application for Renewal between the 9th and 10th years after the registration date.*
> *See* 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods***
**What and When to File:**

> You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between
> every 9th and 10th-year period, calculated from the registration date.*

**Grace Period Filings***

The above documents will be accepted as timely if filed within six months after the deadlines listed above
with the payment of an additional fee.

**\*ATTENTION MADRID PROTOCOL REGISTRANTS:** The holder of an international registration with
an extension of protection to the United States under the Madrid Protocol must timely file the Declarations
of Use (or Excusable Nonuse) referenced above directly with the United States Patent and Trademark Office
(USPTO). The time periods for filing are based on the U.S. registration date (not the international registration
date). The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to
those for nationally issued registrations. *See* 15 U.S.C. §§1058, 1141k. However, owners of international
registrations do not file renewal applications at the USPTO. Instead, the holder must file a renewal of the
underlying international registration at the International Bureau of the World Intellectual Property Organization,
under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated
from the date of the international registration. *See* 15 U.S.C. §1141j. For more information and renewal
forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE:  Fees and requirements for maintaining registrations are subject to change.  Please check the
USPTO website for further information.  With the exception of renewal applications for registered
extensions of protection, you can file the registration maintenance documents referenced above online
at** http://www.uspto.gov.

**NOTE:  A courtesy e-mail reminder of USPTO maintenance filing deadlines will be sent to trademark
owners/holders who authorize e-mail communication and maintain a current e-mail address with the
USPTO. To ensure that e-mail is authorized and your address is current, please use the Trademark
Electronic Application System (TEAS) Correspondence Address and Change of Owner Address Forms
available at** http://www.uspto.gov.