R. Michael West (SBN 84336)
mwest@saciplaw.com
Law Offices of R. Michael West
1922 21ST Street
Sacramento, CA 95811
Telephone: (916) 444-5444

Catherine Ashley Straight (SBN 119339)
cstraight@cas-law.com
Law Offices of Catherine Ashley Straight
1922 21st Street
Sacramento, CA 95811
Telephone: (916)-599-1845

*Attorneys for Plaintiff/Counter-Defendant*
   *APPLE HILL GROWERS*

Paul W. Reidl (SBN 155221)
paul@reidllaw.com
Law Office of Paul W. Reidl
25 Pinehurst Lane
Half Moon Bay, California 94019-2221
Telephone: (650) 560-8530

*Attorney for Defendants/Counter-Plaintiffs*

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| APPLE HILL GROWERS, ) <br> ) <br> Plaintiff/Counter-Defendant, ) <br> ) <br> vs. ) <br> ) <br> EL DORADO ORCHARDS, INC., ) <br> BRAD VISMAN, KANDI VISMAN, ) <br> and MASON VISMAN, ) <br> ) <br> Defendants/Counter-Plaintiffs. ) | Case No. 2:17-CV-02085-TLN-CKD |

# UPDATED JOINT STATUS REPORT

1      Plaintiff/Counter-Defendant APPLE HILL GROWERS, and Defendants/Counter-Plaintiffs EL DORADO ORCHARDS, INC., BRAD VISMAN, KANDI VISMAN and MASON VISMAN, by and through their respective counsel of record, hereby submit the following UPDATED JOINT STATUS REPORT, as per the Court's Minute Order [Doc. 27], dated March 3, 2021.

**A.    BRIEF SUMMARY OF THE CLAIMS**

*Plaintiff's Statement Respecting The Claims Of The Complaint:*

This case arises from Defendants' unauthorized and infringing use of Plaintiff's Trademark and Service Mark APPLE HILL.  Some of the Defendants are former licensees of Plaintiff, in connection with the advertising, sale and/or the provision of goods and services under the APPLE HILL mark.  Plaintiff asserted the following five (5) Counts in its Complaint: Trademark Infringement, 15 U.S.C. § 1114;  Trademark Infringement and False Designation of Origin, 15 U.S.C. § 1125(a);  Violation of the Anti-Cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(a) (against Defendant MASON VISMAN); Violation of the California Unfair Competition Law, Bus. and Prof. § 17200;  and, Violation of California Common Law - Unfair Competition.

Plaintiff asserts its claims based upon its Federally Registered Trademarks, and upon its common law rights established through over fifty (50) years of use and promotion of the mark APPLE HILL as a trademark and a service mark.  Plaintiff has <u>priority of use of the mark</u> in connection with a variety of goods being sold by Defendants, and in connection with certain services provided by Defendants through their unauthorized use of the APPLE HILL mark.  Plaintiff also has priority of use over Defendants in connection with advertising and promotional services provided through various media, including  Plaintiff's Web Site.

Defendants were well aware of prior Plaintiff's rights, and as former licensees, Defendants are estopped from challenging the validity, and Plaintiff's ownership, of the APPLE HILL mark.  Through their willful actions, Defendants have committed, and continue to commit, a series of wrongful acts which have resulted in damage, injury, and irreparable harm to Plaintiff.

Defendants filed a Motion To Dismiss under FRCP Rule 12(b)(6) and Motion For Summary Judgment [Doc. 5]. Defendants sought dismissal of the *individual* Defendants BRAD VISMAN and KANDI VISMAN from the action, and of Defendant MASON VISMAN from the Trademark

UPDATED JOINT STATUS REPORT

Infringement Counts, under Rule 12(b)(6). Defendants also sought an order dismissing Counts IV and V for Unfair Competition under Rule 56. Plaintiff filed Opposition to the two (2) Motions [Doc. 6]; and, Defendants filed a Reply brief [Doc. 7].

On November 7, 2019, the Court entered its Order which Granted in part and Denied in part Defendants' Motion To Dismiss and Denied Defendants' Motion For Summary Judgment [Doc. 15]. In its order, the Court granted Plaintiff leave to amend.

Plaintiff filed a First Amended Complaint [Doc. 17] on November 29, 2019 which asserted the same five (5) Counts as in the original Complaint on the grounds discussed above. The First Amended Complaint alleged additional facts respecting infringement and additional facts in support of Plaintiff's claims respecting liability of Defendants in their individual capacities.

***Defendants' Statement Respecting The Answer To The First Amended Complaint:***

On January 31, 2020, Defendants filed an Answer to the First Amended Complaint and Counterclaim [Doc.25].

Defendants deny the allegations in the Complaint. Specifically, they do not use APPLE HILL as a trademark for any goods. Plaintiff knows this.

The Defendants' use of the term Apple Hill is a fair use under the Lanham Act. Their farm is located in the Apple Hill growing area and they use the term fairly to describe the location of their farm. Forbidding them from using the term in this manner would be akin to forbidding a winery located in Napa Valley from using the term even though they are not members of the Napa Valley Vintner's Association. Defendant Mason Visman's operation of a web site that promotes the goods and services of all growers in the Apple Hill area is a protected nominative fair use of the trademark. *Toyota Motor Sales, USA, Inc. v. Tabari*, 610 F. 3d 1171 (9th Cir 2010). Plaintiff's claim that they, and only they, can promote the goods and services provided in the Apple Hill growing area is legally untenable.

Defendants have asserted a variety of affirmative defenses: laches and the statute of limitations (because Plaintiff waited over four years after sending its initial demand letter to bring this Complaint), fair use and nominative fair use, First Amendment, unclean hands, trademark misuse, and estoppel (because in responding to a PTO Office Action Plaintiff told the PTO that

registering APPLE HILL would not deprive growers in the Apple Hill growing area like Defendants from using the term to inform the public as to where the goods originated.)

### *Counter-Plaintiffs' Statement Respecting The Claims Of The Counter-Claim:*

Defendants have counterclaimed for: (a) cancellation of Plaintiff's trademark registrations on naked licensing and, for the non-incontestable registration, geographic descriptiveness grounds, (b) California unfair competition under B & P § 17200 unfair competition because Plaintiff has threatened and bullied his customers not to do business with them, (c) restitution based on unjust enrichment, and (d) for engaging in an unlawful group boycott under 15 U.S.C. § 1 and B & P § 16700 et seq. by threatening and bulling business in the Apple Hill growing area not to do business with the Defendants. Defendants seek damages, a trebling of damages for the antitrust claims, costs and attorneys' fees, and an order of cancellation.

### *Counter-Defendant's Statement Respecting The Answer To Counterclaim:*

In their Trademark Cancellation Claims, Counter-Plaintiffs' assert that: Counter-Defendant is not the source of any of the goods listed in the Registrations; that the goods are made by third parties; and that Counter-Defendant has not provided quality control respecting the Trademarked goods. Accordingly, Counter-Plaintiffs assert that the Registrations have been abandoned due to "naked" licensing. Counter-Defendant has denied these claims as Counter-Defendant is in fact the source of some of the goods, and Counter-Defendant does provide quality control over the use of the Registered Trademarks by the licensed Association Grower/Members. Counter-Plaintiffs also assert that the Registered Trademark should be cancelled because it is geographically descriptive and generic. Counter-Defendant denies these assertions. APPLE HILL is a coined term, having no geographical significance when it was first adopted in July, 1964. Since then, Counter-Defendant has promoted the mark, and the goods and services of its Grower/Members.

Counter-Plaintiffs' claims of Unfair Competition and for Unjust Enrichment appear to be based upon Counter-Defendant's protection of its Registered and unregistered Trademark and Service Mark rights. The facts asserted by Counter-Plaintiffs do not state claims upon which relief can be granted.

Counter-Plaintiffs' claims regarding an Unlawful Group Boycott also appear to be based on

Counter-Defendant's efforts to protect its Trademark and Service Mark Rights. Counter-Defendant does maintain quality control standards; however, AHG has no authority nor ability to increase prices or reduce output, either among its Member/Growers, or with other providers of the types of goods and services offered by its Member/Growers. By limiting the use of its Trademark APPLE HILL to authorized Member/Growers, AHG does not prevent or restrain others from entering the market.

**B.   STATUS OF SERVICE UPON ALL DEFENDANTS AND CROSS-DEFENDANTS**

All Defendants and Counter-Defendants have been served with all pleadings  There are no cross-defendants named in the action at this time.

**C.   POSSIBLE JOINDER OF ADDITIONAL PARTIES**

The parties do not anticipate the joinder of additional parties at this time.

**D.   CONTEMPLATED AMENDMENTS TO THE PLEADINGS**

Neither party contemplates amendment of its pleadings at this time.

**E.   THE STATUTORY BASIS FOR JURISDICTION AND VENUE**

The Court has subject matter jurisdiction over this action pursuant to: 15 U.S.C. Section 1121 (Claims arising under the Lanham Act), 28 U.S.C. Section 1331 (Federal Question), 28 U.S.C. Section 1338(a) and (b) (Trademark Infringement and substantially related Unfair Competition Claims), and 28 U.S.C. Section 1367 (Supplemental Jurisdiction over State Law Claims).

Venue is proper in this District pursuant to 28 U.S.C. Sections 1391(b) and 1391(c) because a substantial portion of the events and actions giving rise to the claims occurred in this District. The Court has personal jurisdiction over each of the Defendants, *inter alia,* because: the corporate Defendant is a California corporation with its principal place of business in this District; Defendants conduct their business activities in this District; Defendants are alleged to have advertised, promoted, distributed and sold goods and/or services bearing or identified by an infringing mark in this District; and, each of the Defendants either resides in, and/or owns a business located within, this District.

**F.   ANTICIPATED DISCOVERY AND SCHEDULING OF DISCOVERY**

*1. What changes, if any, should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement as to when disclosures under Rule 26(a)(1) were made or will be made:*

1  *Plaintiff's Statement.*  Plaintiff does not believe that any changes need to be made respecting Rule 26(a).  Plaintiff has served initial disclosures.

*Defendants' Statement.*  Defendant does not believe that any changes need to be made respecting Rule 26(a).  Defendants will serve their initial disclosures prior to the scheduling conference.

2. *The subjects on which discovery may be needed; when discovery should be completed, and whether discovery should be conducted in phases:*

*Plaintiff's Statement.*   Generally, the subject matter of discovery includes: Plaintiff's creation, adoption, priority of use and protection by Plaintiff of its Trademarks and Service Marks, and Defendants' knowledge thereof; Defendants' prior status as a licensee of Plaintiff; Defendants' use of the APPLE HILL mark in connection with the sale of goods and provision of services, Defendants' advertising of such goods and services using the APPLE HILL mark; the creation, activation, and content of Defendants' Web Sites and social media sites on which APPLE HILL is displayed; financial information of Defendants' related to such sales of goods, provision of services, and use of the Web Sites and social media sites; contracts a Defendant may have with third parties; and, any insurance coverage a Defendant may have.  Discovery is also anticipated respecting the bases and facts supporting each of the Counterclaim counts.  Discovery, except expert discovery, should be completed by February 28, 2022.  Plaintiff does not anticipate the need for phased discovery.

*Defendants' Statement.*   Defendants believe that non-expert discovery should close ten months after the status conference or February 28, 2022, whichever is later.  This is partially in recognition of the fact that deposition discovery will difficult due to the pandemic.

Discovery will include Plaintiff's alleged use of the mark and their alleged licenses of the mark, third party discovery on the nature of the quality control done by Plaintiff over the allegedly licensed goods and services, third party discovery on the group boycott claim, and related discovery.

Defendants' believe that discovery of their income and expenses should be deferred.  These are extremely sensitive documents and, in the case of the individual defendants, will consist of their personal State and Federal income tax returns. Since none of the Defendants is using Plaintiff's mark

1   as a trademark for any goods or services, production should be deferred until such discovery has
2   been completed which would show use on goods (which does not exist).  Otherwise, producing such
3   deeply personal information is nothing more than harassment.  If, as and when the Court rules that
4   using Apple Hill fairly to describe the geographic location of Defendants, or in the case of Mr.
5   Mason Visman, using the term on a web site that promotes the goods and services of all businesses
6   in the Apple Hill growing area, is not a fair use and  Defendants may be held liable for damages, then
7   the financial records may be produced.

   *3.   What changes, if any, need to be made in the limitations on discovery imposed under the Federal Rules Of  Civil Procedure, or that other  limitations should be imposed:*

   **Plaintiff's Statement.**  Plaintiff does not believe that any changes need to be made to the limitations on discovery imposed under the Federal Rules.

   **Defendants' Statement.**  There is the possibility that Defendants may need more than ten (10) depositions.  Most of these would be third-party depositions, would be short, and would focus on the means by which Plaintiff controls the quality of their licensed goods and services and Plaintiff's efforts to bully its members not to do business with Defendants. The need for more than ten (10) depositions arises because Plaintiff claims to have dozens and dozens of licensee/members.

   *4.   The timing of the disclosure of expert witnesses and information required by Rule 26(a)(2):*

   **Plaintiff's Statement.**  Plaintiff does not believe that any changes need to be made respecting the time of disclosure or information required under Rule 26(a)(2).

   **Defendants' Statement.**  Defendants may use one of more expert witnesses.  They do not believe that any changes need to be made to the disclosure of information under Rule 26 (a)(2).

   *5.  Proposed Dates For Discovery Cut-off*

   **Plaintiff's Statement.**  Plaintiff proposes that fact discovery be completed by February 28, 2022.

   **Defendants Statement.**  Defendants believe that non-expert discovery should close ten months after the status conference or February 28, 2022, whichever is later.

28   / / /

1  G.     **PROPOSED DATE FOR FILING ALL NON-DISCOVERY MOTIONS**

2  *Plaintiff's Statement.* Plaintiff proposes that the last day to file all non-discovery motions
3  be thirty (30) days after the close of expert discovery.

4  *Defendants' Statement.* Defendants believe that the last day to file all non-discovery
5  motions be sixty (60) days after the close of expert discovery.

6  H.     **PROPOSED DATES FOR FINAL PRETRIAL CONFERENCE AND TRIAL**

7  Plaintiff/Counter-Defendant and Defendants/Counter-Plaintiffs anticipate bringing Motions
8  For Summary Judgment or Partial Summary Judgment. The parties request that the Court defer
9  scheduling of the Trial and Final Pretrial Conference until after ruling on the anticipated Motions.

10 I.     **JURY DEMAND AND ESTIMATE OF DAYS OF TRIAL**

11 Plaintiff/Counter-Defendant has demanded a jury trial [Doc. 1 and Doc. 26]; and,
12 Defendants/Counter-Plaintiffs have demanded a jury trial [Doc. 25].

13 *Plaintiff's Statement.* If all asserted Claims and Counterclaim remain for Trial,
14 Plaintiff/Counter-Defendant estimates five (5) to seven (7) days for Trial.

15 *Defendants' Statement.* Defendants believe that the length of the trial depends on the
16 number of defendants and issues left in the case. In its current configuration, Defendants believe that
17 six (6) to (8) trial days would be a better estimate. If the issues are narrowed as per the summary
18 judgment motions, the trial would likely take three (3) to four (4) days.

19 Defendants believe that the trial should be bifurcated, addressing liability first. This is
20 because of the individual defendants named in the Complaint. Plaintiff's damages theory (that it is
21 entitled to all of their profits) /gains would require them to disclose their personal finances and tax
22 returns in a public forum, which would undoubtedly be reported in the Sacramento Bee. They should
23 not be required to do so until Plaintiff has established both their liability and Plaintiff's entitlement
24 to their profits as a measure of damages.

25 J.     **APPROPRIATENESS OF SPECIAL PROCEDURES**

26 At this time, the parties do not anticipate a need for any special procedures, to request any
27 reference to a special master, or to agree to try the matter before a Magistrate Judge pursuant to 28
28 U.S.C. 636(c).

**K.  PROPOSED MODIFICATION OF STANDARD PRETRIAL PROCEDURES**

At this time, the parties do not propose any modification of the standard pretrial procedures due to the special nature of the case.

**L.  RELATED CASE(S) INCLUDING BANKRUPTCY**

*Plaintiff's Statement.* United States Trademark Trial and Appeal Board ("TTAB") Cancellation No. 92063781 was commenced by Plaintiff against one (1) of the Defendants, Mason Visman, for cancellation of Registration No. 4,682,963, based on likelihood of consumer confusion and other grounds.  In the instant action, there are no claims made, nor relief sought, by any of the parties respecting cancellation of the '963 Registration.  Defendant Mason Visman filed a motion with the TTAB to suspend the Cancellation Proceeding.  Consistent with TTAB Rules and policy, finding that a Court decision on Plaintiff's claims against Defendant Mason Visman, would have a bearing on the issue of likelihood of confusion, the Board suspended the Cancellation Proceeding (37 C.F.R. § 2.117(a).  *See, New Orleans Louisiana Saints LLC v. Who Dat? Inc.*, 99 USPQ2d 1550, 1552 (TTAB 2011) (civil action need not be dispositive of Board proceeding, but only needs to have a bearing on issues before the Board).  The Cancellation Proceeding remains suspended.

*Defendants' Statement.* Defendants agree that the TTAB proceeding has been suspended and will likely remain so until the current case is resolved.

**M.  PROSPECTS FOR SETTLEMENT, WHETHER A SETTLEMENT CONFERENCE SHOULD BE SCHEDULED:**

*Plaintiff's Statement.* Prospects for settlement appear to be poor.  Defendants, who are former licensees, have continued their infringing activity, have escalated the dispute in some instances, and now seek to cancel Plaintiff's Registrations for the APPLE HILL mark which the Grower/Members have used for fifty-five (55) years.  A settlement conference would likely not be productive and should not be scheduled at this time.

*Defendants' Statement.* Defendants believe that before the parties spend excessive amounts of money, and this Court's time, on this case, a settlement conference with a Magistrate Judge would be useful.  This should be held at the earliest opportunity.

This dispute has been going on since August 2013 – or for 7 ½ years.  Plaintiffs have used

multiple lawyers to communicate with Defendants, and there has been extensive correspondence. Plaintiffs have rebuffed all attempts to resolve this matter outside of this Court because they want money damages from Defendants. They have consistently maintained that their trademark registrations give them rights in gross to the term Apple Hill and therefore that no one other than they and their licensees may use it for any purpose.

Defendants, for their part, know that they are not using Plaintiff's marks on any goods they are using the term Apple Hill to indicate the geographic location of their farms and, in the case of Mr. Mason Visman, to promote goods of all of the growers in the Apple Hill growing area. They believe that this is a protected fair use under the Lanham Act and a nominal fair use under 9th Circuit law.

This kind of loggerhead is precisely why a settlement conference with a Magistrate Judge might be helpful. The Magistrate Judge, as a neutral observer, can read the parties' settlement conference statements and the case law, and offer insights on the merits which might be very useful in helping the parties understand each others' position. Given the large number of issues in the case and the burden it is likely to impose on this busy Court, Defendants believe it would be irresponsible for the parties not to urge the Court to schedule a settlement conference at the earliest opportunity. It is difficult to believe that Plaintiff's members are demanding that Plaintiff spend their dues on lawyers prosecuting/defending this case.

**N.   OTHER MATTERS**

Respecting other matters that may be conducive to the just and expeditious disposition of the case, including whether counsel will waive any disqualification and stipulate to the Trial Judge or Magistrate Judge acting as a settlement judge:

*Plaintiff's Statement*. Plaintiff anticipates filing a Motion For Summary Judgment or Partial Summary Judgment respecting the Claims and Counterclaims. After ruling on such Motion, Plaintiff would agree to have the Magistrate Judge serve as settlement judge for a settlement conference.

*Defendants' Statement.* As discussed above Defendants would welcome the intercession of a Magistrate Judge to see if a settlement can be reached as Defendants efforts for the last 7 ½ years have been futile.

Dated: April 2, 2021                    Respectfully submitted,

    /s/   R. Michael West
R. Michael West (SBN 84336)
Law Offices of R. Michael West
1922 21st Street
Sacramento, California 95811
Telephone  (916) 444-5444
E-mail: mwest@saciplaw.com

    /s/   Catherine Ashley Straight
Catherine Ashley Straight  (SBN 119339)
Law Offices of Catherine Ashley Straight
1922 21st Street
Sacramento, California 95811
Telephone  (916) 599-1845
E-mail: cstraight@cas-law.com

*Attorneys for Plaintiff/Counter-Defendant
APPLE HILL GROWERS*

    /s/   Paul W. Reidl
Paul W. Reidl (SBN 155221)
Law Office of Paul W. Reidl
25 Pinehurst Lane
Half Moon Bay, California 94019
Telephone: (650) 560-8530
E-mail:  paul@reidllaw.com

*Attorney for All Defendants/Counter-Plaintiffs*