1  R. Michael West (SBN 84336)
   mwest@saciplaw.com
2  Law Offices of R. Michael West
   1922 21ST Street
3  Sacramento, CA 95811
   Telephone: (916) 444-5444
4
   Catherine Ashley Straight (SBN 119339)
5  cstraight@cas-law.com
   Law Offices of Catherine Ashley Straight
6  1922 21st Street
   Sacramento, CA 95811
7  Telephone: (916)-599-1845

8  *Attorneys for Plaintiff/Counter-Defendant*
       *APPLE HILL GROWERS*
9

10 Paul W. Reidl (SBN 155221)
   paul@reidllaw.com
11 Law Office of Paul W. Reidl
   25 Pinehurst Lane
12 Half Moon Bay, California 94019-2221
   Telephone: (650) 560-8530
13
   *Attorney for Defendants/Counter-Plaintiffs*
14

15                    **UNITED STATES DISTRICT COURT**

16                    **EASTERN DISTRICT OF CALIFORNIA**

17

| | |
|---|---|
| APPLE HILL GROWERS,    ) | Case No. 2:17-CV-02085-TLN-CKD |
|                        ) | |
| Plaintiff/Counter-Defendant, ) | JOINT STATEMENT RE |
|                        ) | DISCOVERY DISAGREEMENT |
| vs.                    ) | |
|                        ) | Date: January 12, 2021 |
| EL DORADO ORCHARDS, INC., ) | Time: 10:00 A.m. |
| BRAD VISMAN, KANDI VISMAN, ) | Courtroom: 24 - 8th Floor |
| and MASON VISMAN,      ) | |
|                        ) | Honorable Magistrate Judge |
| Defendants/Counter-Plaintiffs. ) |    Carolyn K. Delaney |
| _____) | |

        Plaintiff/Counter-Defendant APPLE HILL GROWERS, and Defendants/Counter-Plaintiffs
EL DORADO ORCHARDS, INC., BRAD VISMAN, KANDI VISMAN and MASON VISMAN,
by and through their respective counsel of record, hereby submit the following JOINT STATEMENT
RE DISCOVERY DISAGREEMENT in connection with Plaintiff APPLE HILL GROWERS'

1  Motion To Compel :

2      Defendant MASON VISMAN to answer Plaintiff's First Set of Interrogatories in
3  compliance with F.R.C.P. Rule 33;

4      Defendant MASON VISMAN to respond in writing to Plaintiff's First Request for
5  Production of Documents and Things in compliance with F.R.C.P. Rule 34; and,

6      Defendant MASON VISMAN to produce for inspection, copying and related
7  activities the documents and things requested in Plaintiff's First Request for Production of
8  Documents and Things.

9

10         **JOINT STATEMENT RE DISCOVERY DISAGREEMENT**

11 **(1)    The details of the conference or conferences:**

12 *12/16/2021 E-mail communication from Plaintiff's Counsel (Catherine Ashley Straight) to
13 Defendants' Counsel (Paul W. Reidl):* Inquiry regarding the written responses to the Discovery
14 Plaintiff served on November 15, 2021 was due on December 15, 2021.

15 *12/16/2021 E-mail communication from Mr. Reidl to Ms. Straight, responding:* "We are
16 working on them but they will not be done soon because tomorrow is my last day in the office for
17 2021." and that "I think we need to stipulate to the extension of the schedule."

18 *12/16/2021 E-mail communication from Ms. Straight to Ms. Reidl regarding that:* Plaintiff's
19 Discovery was directed to information and documents related to MASON VISMAN's activities, his
20 Federal Service Mark Application and Registration, and the allegations set forth in the Answer and
21 Counter-claim; and, an inquiry respecting Mr. Reidl's proposal regarding a stipulation.

22 *12/17/2021 E-mail communication from Mr. Reidl to Ms. Straight regarding:* Mr. Reidl will
23 be out of town until after the first, and requesting a stipulation to extend the discovery schedule.

24 *12/17/2021 A telephone call attempt from Ms. Straight to Mr. Reidl, and message left for Mr.
25 Reidl regarding:* Defendant MASON VISMAN's failure to respond to discovery and requesting a
26 return call to discuss. No return telephone call was received.

27 *12/31/2021 E-mail communication from Mr. Reidl to Ms. Straight regarding:* a request for
28 a stipulation to extend the discovery schedule.

1   *01/01/2022 E-mail communication from Ms. Straight to Ms. Reidl regarding:* Plaintiff's
2   Motion To Compel discovery responses from Defendant MASON VISMAN and the Joint Statement
3   required to be filed; the Court's prior Minute Order and a stipulation to extend discovery; and,
4   attaching a draft of a Stipulation and [Proposed] Order to Extend Completion Date For Discovery.
5   *01/04/2022 E-mail communication from Mr. Reidl to Ms. Straight regarding:* approval of
6   the draft stipulation to extend the discovery schedule, and request that Plaintiff withdraw the Motion.
7   *01/04/2022 A telephone call from Ms. Straight to Mr. Reidl, twenty-four (24) minute
8   duration:* The draft Stipulation sent by Ms. Straight is acceptable, and the Parties stipulate thereto;
9   Mr. Reidl discussed his practices and procedures respecting preparing and responding to discovery
10  requests, and informed Ms. Straight that Defendant MASON VISMAN was working on the
11  responses; although Mr. Reidl said he would try to get the responses done by January 15th, there was
12  no agreement regarding service of Defendant MASON VISMAN's answers to the Interrogatories
13  and responses to the Document Requests; the requirement for Defendant's position respecting the
14  Motion To Compel, as well as the filing deadline for the Joint Statement Re Discovery Disagreement
15  were also discussed.

16  **(2)   A statement of the nature of the action and its factual disputes insofar as they are**
17  **pertinent to the matters to be decided and the issues to be determined at the hearing:**

18  Plaintiff alleged that Defendants infringed, and continue to infringe, Plaintiff's Trademark
19  and Service Mark APPLE HILL, *inter alia,* by using the APPLE HILL mark in connection with the
20  advertising, sale and/or the provision of Defendants' goods and/or services. Plaintiff asserted that
21  some of the Defendants are former licensees of Plaintiff, and that the acts of Defendants violate
22  California Unfair Competition Laws. Plaintiff also asserted that Defendant MASON VISMAN
23  violated the Anti-Cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(a).

24  Defendants have asserted a variety of affirmative defenses: laches and the statute of
25  limitations, fair use and nominative fair use of a trademark, First Amendment, unclean hands,
26  trademark misuse, and estoppel. Defendants have asserted Counterclaims against Plaintiff including:
27  Cancellation of Plaintiff's Trademark Registrations; violation of California Unfair Competition
28  Laws; restitution based on unjust enrichment; and, engaging in an unlawful group boycott under 15

U.S.C. § 1 and B & P § 16700 et seq.

**(3)** **The contentions of each party as to each contested issue, including a memorandum of each party's respective arguments concerning the issues in dispute and the legal authorities in support thereof:**

**A. Plaintiff APPLE HILL GROWERS' Position Respecting Motion To Compel**

Plaintiff's Motion is brought pursuant to Federal Rules Of Civil Procedure, Rule 37(a)(3)(B)(iii) and (iv) which provide that a party seeking discovery may move for an order compelling an answer, designation, production, or inspection, if: *a party fails to answer an interrogatory submitted under Rule 33*; or, *a party fails to produce documents or fails to respond that inspection will be permitted—or fails to permit inspection—as requested under Rule 34*.

The First Amended Complaint is an action for Trademark Infringement against Defendants for use of Plaintiff AHG's Trademark APPLE HILL (ECF No. 17). Plaintiff also alleged that Defendant MASON VISMAN violated the Anti-Cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(a) by use of Websites which incorporate Plaintiff's Registered Trademark in a domain name.

Defendants have asserted Counter-claims against Plaintiff APPLE HILL GROWERS for cancellation of Plaintiffs' registered Trademarks (ECF No. 25). Defendant MASON VISMAN has also asserted Counter-claims against Plaintiff based on Unfair Competition and Unlawful Group Boycott (ECF No. 25).

On November 15, 2021, Plaintiff APPLE HILL GROWERS served the following discovery on Defendant MASON VISMAN:

1. Plaintiff/Counter-Defendant's First Set of Interrogatories to Defendant Mason Visman, consisting of twenty-three (23) interrogatories. The first fourteen (14) interrogatories are directed to MASON VISMAN'S use of APPLE HILL and/or Federal Service Mark Registration No.4,682,963 owned by MASON VISMAN. The last nine (9) interrogatories are contention interrogatories directed to contentions set forth in Defendant MASON VISMAN's Counterclaim against Plaintiff APPLE HILL GROWERS.

2. Plaintiff/Counter-Defendant's First Request for Production of Documents and Things To Defendant Mason Visman, requesting documents and things including those which

1  support Defendant MASON VISMAN's denials of Plaintiff's allegations and Defendants'
2  contentions in the Counterclaim.  The Document Request requested that production of responsive
3  documents for inspection be made on December 20, 2021.

4  Pursuant to F.R.C.P. Rule 33(b), written answers to the Interrogatories, signed under oath,
5  were due by <u>December 15, 2021</u>.  No answers or objections have been served.

6  Pursuant to F.R.C.P. Rule 34(b)(2), written responses to the Document Requests were due
7  by <u>December 15, 2021</u>.  No responses or objections have been served.

8  Pursuant to the Document Request, actual production of responsive documents was required
9  to be made on December 20, 2021.  No documents have been produced.

10 Defendants' Counsel acknowledged receipt of the Discovery Requests by e-mail on
11 November 16, 2021.  Defendants' Counsel never contacted Plaintiff's Counsel regarding the
12 Discovery Requests to Defendant MASON VISMAN until after the answers and responses were due
13 and after Plaintiff's Counsel had sent the e-mail inquiring regarding the responses on December 16,
14 2021.

**B. Defendant MASON VISMAN's Position Respecting Motion To Compel**

16 In light of the stipulation to extend the schedule, this motion is unnecessary because it was
17 the imminent discovery deadline that created the "critical need" for the motion.  Motion to Compel,
18 4:17 (Docket No. 30).  In light of counsel's commitment to try to provide responses by January 15,
19 it is also premature.

20 Mr. Visman owns a web site that promotes the goods and services of third-party businesses
21 in the Apple Hill growing area, www.applehillca.com.  He has published his web site for over a
22 decade.  He does not make or sell any goods bearing the Apple Hill trademark.  Plaintiff claims that
23 because it coined the term Apple Hill, it is the only entity who may lawfully promote goods or
24 services originating from the Apple Hill growing area in Placer County, and that consumers will
25 mistakenly believe that Mr. Visman is the source of the third-party goods and services he is
26 promoting.  Plaintiff is seeking damages under an unspecified theory and injunctive relief.  There
27 are obvious First Amendment and nominative fair use issues with its claim.

28 Plaintiff's discovery requests are extremely detailed.  There are 23 interrogatories, many with

1  multiple sub-parts, requesting all manner of detailed information about Mr. Visman's business. There
2  are 53 document requests.  It would have been challenging (and expensive) for a corporate, in-house
3  legal department working with a large law firm to have complied fully in thirty (30) days.  Mr.
4  Visman is self-employed and has no employees. His task has been complicated due to repeated,
5  extended power outages caused by the December storms and the Holiday season.  He has also had
6  a difficult time accepting that he must produce documents immediately when Plaintiff has for
7  months refused to produce nothing whatsoever.

8        The undersigned acknowledged receipt of the discovery requests on November 16 and asked
9  to have as much time as Plaintiff has taken to produce its documents. (Its document production was
10 due in July but as of this date no documents have been produced despite an agreement to produce
11 them electronically.)   Plaintiff's counsel did not respond to that request.

12       Defendant and his counsel have been working diligently on the responses. Counsel has
13 prepared "shell" written responses and is waiting for Mr. Visman to provide the remaining details
14 and documents.  Mr. Visman has never been involved in litigation before and he has had many
15 questions about the process.  He has been in ongoing communication with counsel on the subject.
16 He is trying very hard to comply as quickly as possible.

17       Defendants' counsel told opposing counsel that he was going to be on vacation from
18 December 17th through the end of the year and that he would make every effort to provide responses
19 by January 15, 2022.  He requested an extension "as a matter of professional courtesy." Recognizing
20 that both parties were being squeezed by discovery issues, he also offered to stipulate to extend the
21 discovery period.  Plaintiff's counsel rebuffed both requests and insisted on immediate and full
22 compliance.

23       Plaintiff's counsel telephoned the undersigned at 6:23 pm on Friday, December 17, 2021,
24 knowing that he was on vacation.  That voice message did not mention the possibility of a motion
25 to compel. It emphatically repeated her view that she would not extend the discovery schedule or
26 provide an extension of time to respond.  Counsel was thus very surprised to see the initial motion
27 to compel filed a few days later, especially given his commitment to provide responses by January
28 15. (Counsel did not hear the voice message until he returned to his office because the remote access

function on his new phone system malfunctioned.)

What really happened here is that Plaintiff waited until close to the end of the discovery period to serve comprehensive discovery requests on Mr. Visman (and, later, his father) that were intended to, and did, overwhelm Defendants. It then held Mr. Visman's feet to the fire by demanding full compliance within thirty (30) days, refusing to extend the time for compliance as a matter of professional courtesy, and refusing to stipulate to an extension of the schedule.  At the same time, it continued to refuse to produce its documents, thereby frustrating Defendants' ability to ask follow-on discovery and to take meaningful depositions during the then-remainder of the discovery period.  Since it was the discovery deadline that prompted this hard-line stance, and the parties have now stipulated to extend it, there is simply no need to continue to bludgeon Mr. Visman.

Defendants are committed to providing accurate responses to the discovery requests, but because they are so voluminous, it has taken time. The parties now have that time.  During the telephone conference of January 4, Defendants' counsel stated his belief that the instant motion was moot in light of his commitment to provide responses by January 15 and the stipulation to extend the schedule.  He asked Plaintiff's counsel to withdraw it.  She said would not do so. She wanted "adequate assurances" of compliance and had received none. Counsel was unable to explain what assurances she would have found to be adequate.

**(4)     Stipulation and [Proposed] Order For Extension**

The Parties, by their respective Counsel, have stipulated to an extension of the date for completion of non-expert discovery.  Submitted herewith is the a STIPULATION AND [PROPOSED] ORDER FOR EXTENSION OF DISCOVERY COMPLETION DATES to the Court in connection with this Joint Statement Re Discovery Disagreement.


Dated: January 5, 2022                    Respectfully submitted,

                                                /s/ R. Michael West
                                        R. Michael West (SBN 84336)
                                        Law Offices of R. Michael West
                                        1922 21st Street
                                        Sacramento, California 95811
                                        Telephone  (916) 444-5444
                                        E-mail: mwest@saciplaw.com

     */s/* Catherine Ashley Straight
Catherine Ashley Straight  (SBN 119339)
Law Offices of Catherine Ashley Straight
1922 21st Street
Sacramento, California 95811
Telephone  (916) 599-1845
E-mail: cstraight@cas-law.com

*Attorneys for Plaintiff/Counter-Defendant*
 *APPLE HILL GROWERS*


  /s/ Paul W. Reidl
Paul W. Reidl (SBN 155221)
Law Office of Paul W. Reidl
25 Pinehurst Lane
Half Moon Bay, California 94019
Telephone: (650) 560-8530
E-mail:  paul@reidllaw.com

*Attorney for All Defendants/Counter-Plaintiffs*