R. Michael West (SBN 84336)
mwest@saciplaw.com
Law Offices of R. Michael West
1922 21ST Street
Sacramento, CA 95811
Telephone: (916) 444-5444

Catherine Ashley Straight (SBN 119339)
cstraight@cas-law.com
Law Offices of Catherine Ashley Straight
1922 21st Street
Sacramento, CA 95811
Telephone: (916)-599-1845

*Attorneys for Plaintiff/Counter-Defendant*
   *APPLE HILL GROWERS*

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| APPLE HILL GROWERS, | Case No. 2:17-CV-02085-TLN-CKD |
| Plaintiff/Counter-Defendant, | AFFIDAVIT IN LIEU OF THE JOINT STATEMENT RE DISCOVERY DISAGREEMENT |
| vs. | |
| EL DORADO ORCHARDS, INC., BRAD VISMAN, KANDI VISMAN, and MASON VISMAN, | Hearing: None Set<br>Courtroom: 24 - 8th Floor |
| Defendants/Counter-Plaintiffs. | Honorable Magistrate Judge<br>Carolyn K. Delaney |

Plaintiff/Counter-Defendant APPLE HILL GROWERS, heeby files the following AFFIDAVIT IN LIEU of the SUPPLEMENTAL JOINT STATEMENT RE DISCOVERY DISAGREEMENT, ordered by the Court to be filed by January 19, 2022, in connection with Plaintiff APPLE HILL GROWERS' Motion To Compel :

   Defendant MASON VISMAN to answer Plaintiff's First Set of Interrogatories in
   compliance with F.R.C.P. Rule 33;

   Defendant MASON VISMAN to respond in writing to Plaintiff's First Request for
   Production of Documents and Things in compliance with F.R.C.P. Rule 34; and,

   Defendant MASON VISMAN to produce for inspection, copying and related

1   activities the documents and things requested in Plaintiff's First Request for Production of
2   Documents and Things.

3   **(1)   Prior Proceedings On Plaintiff's Motion To Compel Discovery Responses And Answers**
4   **From Defendant MASON VISMAN.**

5   Plaintiff will not repeat the content of the prior filings and the Court Rulings, nor its
6   discussion respecting the nature of the action.  After filing the Joint Statement and stipulation to
7   extend the deadline for fact discovery, the Court ordered that fact discovery be extended to May 2,
8   2022.

9   The Court also order both Parties to file a Supplemental Joint Statement Re Discovery
10  Dispute by January 19, 2022.

11  In the prior Joint Statement to the Court, Counsel for Defendant MASON VISMAN stated
12  that he would do his best to provide the responses to document requests and answers to
13  interrogatories, which were due December 15, 2021 by January 15. 2022.  Defendant MASON
14  VISMAN's responses and answers were served late in the day on January 17, 2022.

15  **(2)   A statement of the nature of the action and its factual disputes insofar as they are**
16  **pertinent to the matters to be decided and the issues to be determined at the hearing:**

17  Plaintiff alleged that Defendants infringed, and continue to infringe, Plaintiff's Trademark
18  and Service Mark APPLE HILL, *inter alia,* by using the APPLE HILL mark in connection with the
19  advertising, sale and/or the provision of Defendants' goods and/or services.  Plaintiff asserted that
20  some of the Defendants are former licensees of Plaintiff, and that the acts of Defendants violate
21  California Unfair Competition Laws.  Plaintiff also asserted that Defendant MASON VISMAN
22  violated the Anti-Cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(a).

23  Defendants have asserted a variety of affirmative defenses: laches and the statute of
24  limitations, fair use and nominative fair use of a trademark, First Amendment, unclean hands,
25  trademark misuse, and estoppel. Defendants have asserted Counterclaims against Plaintiff including:
26  Cancellation of Plaintiff's Trademark Registrations; violation of California Unfair Competition
27  Laws; restitution based on unjust enrichment; and, engaging in an unlawful group boycott under 15
28  U.S.C. § 1 and B & P § 16700 et seq.

1  **(3)   Defendant MASON VISMAN's Responses And Answers To Discovery Of Plaintiff**
2  **Were Evasive, Non-responsive And Asserted Improper Objections And No Response**
3  **Has Been Received From Counsel For Defendant MASON VISMAN**

4  After receipt, Plaintiff's counsel reviewed Defendant MASON VISMAN's responses and
5  answers.  From counsel's analysis, these responses were largely evasive and non-reponsive, and
6  objections had been asserted in support of refusals to respond and answer had been improperly
7  interposed.

8  Given the very limited time between the service of Defendant MASON VISMAN's responses
9  and answers and the time to file the Supplemental Joint Statement, Plaintiff's counsel focused only
10 on a portion of the Responses to the Document Requests, and sent a letter to Defendants' counsel
11 regarding same.  The letter from Plaintiff's counsel specifically addressed the General Objections
12 which Defendant had asserted.   The letter also addressed a proposed stipulated protective order.

13 A copy of Plaintiff's Counsel's letter is attached and is incorporated in this letter to
14 Defendants' counsel.  Plaintiff's counsel also placed telephone calls to Defendants' counsel at his
15 office and cell phone, leaving messages at both numbers; and sent a text message to Defendants'
16 counsel.  No response from Defendant's counsel has been received.

17 **(4)   [Proposed] Protective Order**

18 The Parties, by their respective Counsel, have spent considerable time attempting to agree
19 upon terms of a proposed stipulated protective order.

20 As set forth in his Responses to Plaintiff's Document Requests, Defendant MASON
21 VISMAN *refuses to produce documents* until "a suitable protective order is stipulated to by the
22 parties."

23 Plaintiff's counsel and Defendants' counsel spent considerable time negotiating a proposed
24 Stipulated Protective Order.  Plaintiff's counsel sent a final version to Defendants' counsel and
25 everything was approved by Defendants' counsel **except** the following provision:
26 "in light of the fact that this is a trademark infringement action, information
27 regarding sales, expenses, advertising, and promotional activities of the Parties is
28 NOT eligible for protection under this Order."

1. Defendant's counsel wanted this provision removed from the proposed protective order. However, on more than one occasion this issue had been discussed, and Plaintiff's counsel had communicated that such exclusion was not acceptable.  Defendants' counsel had previously attempted to get such financial information deferred, stating in the Parties Joint Status Report [Doc 28, p. 6, ln 26] that Defendants believe that discovery of their income and expenses should be deferred.  No such deferral was granted in the Court's Scheduling Order [Doc 29].

A copy of the proposed stipulated protective order, as drafted by Plaintiff's counsel, is attached.  The language to which Defendants' counsel objects is found at page 4, lines 11-13.

Plaintiff respectfully requests that the Court issue an order to show cause to Defendants as to why the proposed protective order should not be issued.

## AFFIDAVIT IN LIEU OF JOINT STATEMENT

I, Catherine Ashley Straight, declare as follows:

1. I provide this declaration as an affidavit in lieu of the Supplemental Joint Statement required in support of Plaintiff APPLE HILL GROWERS' Motion To Compel Discovery from Defendant MASON VISMAN.

2. I hereby attest under penalty of perjury to the facts set forth herein, and to the facts set forth in the attached correspondence to Defendant MASON VISMAN's counsel dated January 19, 2022, and further assert that such assertions of fact are based upon my own personal knowledge. Executed within the United States on the date set forth following:

Date:   January 19, 2022                           /s/ Catherine Ashley Straight
                                                   Catherine Ashley Straight

Dated: January 19, 2022                Respectfully submitted,

                                        /s/ Catherine Ashley Straight
                                       Catherine Ashley Straight  (SBN 119339)
                                       Law Offices of Catherine Ashley Straight
                                       1922 21st Street
                                       Sacramento, California 95811
                                       Telephone  (916) 599-1845
                                       E-mail: cstraight@cas-law.com

                                       *Attorneys for Plaintiff/Counter-Defendant*
                                         *APPLE HILL GROWERS*

| | |
|---|---|
| 1 | **PROOF OF SERVICE** |

2   I am a citizen of the United States and am employed in Sacramento County. I am over the
3   age of eighteen (18) years and not a party to this action; my business address is 1922 21st Street,
4   Sacramento, California 95811.

5   On the date below indicated, I served the document described below:

6   PLAINTIFF/COUNTER-DEFENDANT'S FIRST SET OF INTERROGATORIES

7   TO DEFENDANT MASON VISMAN

8   on Counsel for Defendants/Counter-Plaintiffs by the means set forth following:

10   ___ **VIA CM/ECF FILING SYSTEM:** I caused to be filed with the clerk of the United States
11   District Court for the Eastern District of California, through the Court's CM/ECF electronic
12   filing system, the foregoing listed documents. Such filing results in a copy of each of said
13   documents to be delivered electronically to the following CM/ECF participants in this action:
14   I certify that the documents are being Filed and Served on _____, 2021.

16   **XX VIA ELECTRONIC DELIVERY:** I personally sent the foregoing described document
17   to the following at the e-mail address(es) listed below:

18   Paul W. Reidl
     Law Office Of Paul W. Reidl
19   25 Pinehurst Lane
     Half Moon Bay, CA 94019

20   paul@reidllaw.com

22   I certify that the documents are being Served on January 19, 2022.
23   I declare under penalty of perjury that the foregoing is true and correct.

25   Executed on January 19, 2022        */s/* Catherine Ashley Straight
                                          Catherine Ashley Straight