1  R. Michael West (SBN 84336)
   mwest@saciplaw.com
2  **LAW OFFICES OF R. MICHAEL WEST**
   1922 21St Street
3  Sacramento, CA 95811
   Telephone: (916) 444-5444
4

5  Catherine Ashley Straight (SBN 119339)
   cstraight@cas-law.com
6  **LAW OFFICES OF**
   **CATHERINE ASHLEY STRAIGHT**
7  1922 21st Street
   Sacramento, CA 95811
8  Telephone: (916)-599-1845

9  *Attorneys for Plaintiffs*

10 PAUL W. REIDL (SBN 155221)
   **LAW OFFICE OF PAUL W. REIDL**
11 paul@reidllaw.com
   25 Pinehurst Lane
12 Half Moon Bay, CA 94019
   Telephone: (650) 560-8530
13
   *Attorney for Defendants*
14

**DRAFT PROPOSED BY PLAINTIFF'S COUNSEL**

**NOT APPROVED BY DEFENDANTS' COUNSEL**

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **APPLE HILL GROWERS,** | Case No. 2:17-cv-02085-TLN-CKD |
| Plaintiff/Counter-Defendant, | **STIPULATED PROTECTIVE ORDER** |
| v. | |
| **EL DORADO ORCHARDS, INC., BRAD VISMAN, KANDI VISMAN, and MASON VISMAN,** | |
| Defendants/Counter-Plaintiffs. | |

1. **PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

2. **ACKNOWLEDGMENT OF PROCEDURE FOR FILING UNDER SEAL**

The parties further acknowledge that: this Stipulation and Order creates no entitlement to file confidential information or items under seal; Eastern District Local Rule 141 sets forth the procedures which must be followed and reflects the standards which will be applied when a party seeks permission to file material under seal.  There is a strong presumption that the public has a right of access to judicial proceedings and records in civil cases.  A party seeking to seal a judicial record then bears the burden of overcoming this strong presumption by meeting the "compelling reasons" standard. *See, Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).  A specific showing of good cause or compelling reasons with proper evidentiary support and legal justification, must be made with respect to Protected Material that a party seeks to file under seal. The parties' mere designation of Disclosure or Discovery Material as CONFIDENTIAL does not—without the submission of competent evidence by declaration establishing that the material sought to be filed under seal qualifies as confidential, privileged, or otherwise protectable—constitute good cause. Further, if a party requests sealing related to a dispositive motion or trial, then compelling reasons, not only good cause, for the sealing must be shown, and the relief sought shall be narrowly tailored to serve the specific interest to be protected. *See Pintos v. Pacific Creditors Ass'n.*, 605 F.3d 665, 677-79 (9th Cir. 2010).

For each item or type of information, document, or thing sought to be filed or introduced under seal in connection with a dispositive motion or trial, the party seeking protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order. Competent evidence supporting the application to file documents under seal must be provided by declaration. Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted. If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectable portions of the document, shall be filed. Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

3.   **GOOD CAUSE STATEMENT**

This action is likely to involve some sensitive information for which special protection from public disclosure, and from use for any purpose other than prosecution of this action, is warranted. Such information otherwise is generally unavailable to the public, or may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.

Pursuant to Local Rule 141.1(c), the Parties set forth the following types of information which are eligible for protection under this Order, along with the need therefor:

A.   Information with includes identifying account numbers, for example, Social Security or Taxpayer Identification numbers, and/or financial account numbers. Public disclosure of some of this information is prohibited by law; and, public disclosure of financial account and other sensitive information exposes Parties and Non-parties to risk of unauthorized access to such accounts and/or information.

B.   Trade Secret information, such as formulas for certain food products made and sold by the Parties, and customer lists. The Parties could sustain loss of income if Trade Secret information is disclosed. However, only information which is not publicly available is

eligible for protection. By way of example, the vast majority of the Parties' "customers" are members of the general public, many of whom self-identify as such customers on social media and/or "sign-up" with a Party via website or social media interfaces. Information regarding and the identity of these customers is not confidential. Likewise, customers of Defendants who are identified on their various websites are not confidential. Any claim of confidentiality in a "customer list" will require a statement of the particularized need for protection to support good cause for designation as Confidential.

C.  There may be other sensitive financial information of the Parties, which information is not in the public record, the public disclosure of which could result in harm. However, in light of the fact that this is a trademark infringement action, information regarding sales, expenses, advertising, and promotional activities of the Parties is NOT eligible for protection under this Order.

The need for protection of confidential materials is best addressed via a Court Order in light of the fact that there are several Parties, including several individuals as well as corporations having many (and in some cases changes with respect to) board members and management personnel.

**4.  DEFINITIONS**

4.1  Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order, and/or under applicable federal privileges.

4.2  "CONFIDENTIAL" Information or Items: information (regardless of the medium or how it is generated, stored or maintained) or tangible things that qualify for protection under the standards developed under Federal Rule of Civil Procedure 26(c).

4.3  Counsel (without qualifier): Outside Counsel of Record (as well as their support staff).

4.4  Designating Party: a Party or Non-Party that designates information or items that it

produces in disclosures or in responses to discovery as "CONFIDENTIAL."

4.5 Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

4.6 Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this action and who is not a past or current employee of a Party; as well as any person designated or disclosed by a Party as an expert pursuant to Federal Rule of Civil Procedure 26(a)(2).

4.7 House Counsel: attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

4.8 Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

4.9 Outside Counsel of Record: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party (as well as their respective support staffs).

4.10 Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

4.11 Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

4.12 Professional Vendors: persons or entities (and their employees and subcontractors) that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) to Outside Counsel of Record or any of the Parties.

4.13    Protected Material:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

4.14    Receiving Party:  a Party that receives Disclosure or Discovery Material from a Producing Party.

**5.    SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall not be governed by a separate agreement or order.

**6.    DURATION**

With respect to Protected Material that was designated as CONFIDENTIAL, which is used or introduced as an Exhibit in connection with a trial or dispositive motion, this Protective Order shall terminate unless such Protected Material was sealed under Court Order.  In the event a request to seal documents is brought regarding Protected Material that was designated as CONFIDENTIAL and the Court denies such request, this Protective Order shall terminate with respect to the documents and information to which the denial applies.   After final disposition of this litigation, the confidentiality

obligations imposed by this Protective Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and, (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

## 7. DESIGNATING PROTECTED MATERIAL

7.1     **Exercise of Restraint and Care in Designating Material for Protection**. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order. Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

7.2     **Manner and Timing of Designations.**  Except as otherwise provided in this Order (see, e.g., second paragraph of section 7.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) <u>for information in documentary form</u> (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins); and shall mark any containers (e.g., folders or boxes) or electronic storage devices which contains Protected Material with the notation "Contains CONFIDENTIAL Protected Material."

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" legend to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) <u>for testimony given in deposition or in other pretrial or trial proceedings</u>, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony, specifying the portions of the testimony for which the designation "CONFIDENTIAL" is claimed.

(c) <u>for information produced in some form other than documentary and for any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container or containers

STIPULATED PROTECTIVE ORDER

in which the information or item is stored the legend "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

7.3     **Inadvertent Failures to Designate.**  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

8.     **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

8.1     **Timing of Challenges.**  Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

8.2     **Meet and Confer.**  Initially, the Party challenging the designation shall provide written notice of the challenge, specifically identifying the Protected Material, and describing the basis for the challenge.  Within seven (7) days of such notice, the Designating Party shall provide a written statement of the particularized need for protection to support good cause for designation as Confidential consistent with the guidance and legal authority provided under Section 2 of this Order. The Parties shall comply with the meet and confer requirements set forth under Federal Rules of Civil Procedure 26(c)(1) in a good faith attempt to resolve the designation/challenge issues.  Such meet and confer shall require the Parties to confer directly in a voice to voice dialogue, and to pursue not only retaining the designation unchanged or withdrawing the designation entirely, but also narrowing the

designation, or agreeing to redaction of sensitive material.

8.3     **Judicial Intervention.**  If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier.  Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph.  Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

9.     **ACCESS TO AND USE OF PROTECTED MATERIAL**

9.1     Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting,

defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

9.2   Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)  the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b)  the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)  Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)  the court and its personnel;

(e)  court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f)  during their depositions, witnesses in the action to whom disclosure is reasonably necessary

and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

**10. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

10.1    If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

10.2    If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in

these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

**11. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

11.1 The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

11.2 In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(a) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(b) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(c) make the information requested available for inspection by the Non-Party.

11.3 If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking

protection in this court of its Protected Material.

**12.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**13.   INADVERTENT PRODUCTION OF PRIVILEGED OR PROTECTED TRIAL PREPARATION MATERIALS, OR OF PROTECTED MATERIAL UNDER THIS ORDER**

13.1   **Privileged or Protected Trial Preparation Materials**.  In the event that information produced in discovery is subject to a claim of privilege or of protection as trial preparation material, the Party making the claim may notify the Receiving Party or Parties of the claim and the basis therefor.  Upon such notification, the Receiving and Producing Parties shall act in accordance with their respective responsibilities set forth in Federal Rule of Civil Procedure 26(b)(5)(B).

13.2   **Protected Material Produced Without "Confidential" Designation and/or Markings.**   In the event that Protected Material is produced in discovery without the "CONFIDENTIAL" designation as required under this Order, the Producing Party may give timely notification to the Receiving Party or Parties of the inadvertent failure to designate.  To be timely, written notification must be given within a reasonable time of discovery of the oversight, but no later than sixty (60) days prior to date by which discovery (excluding expert discovery) must be completed. In order to be effective, the notification must include: (a) a copy of the previously produced material for which a claim of confidentiality is asserted, with designation markings applied in accordance with

this Order; (b) identifying indicia to allow the Receiving Party to locate the claimed Protected Material (e.g., Bates numbers, date of production, etc.); and, (c) a written statement establishing good cause for the designation as "CONFIDENTIAL."  If the Producing Party fails to provide timely or effective notification respecting the undesignated material, the Receiving Party shall promptly give written notice of the deficiencies to the Producing Party; and, Receiving Party may continue to treat the material unprotected until and unless Producing Party complies with the requirements of this Subsection.  If the notification is timely and effective, Receiving Party shall treat the material as having been designated on the date the notification was received, and the provisions of this Order respecting properly designated Protected Material will apply

13.3    These provisions are not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.  Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

**14.   MISCELLANEOUS**

14.1    **Right to Further Relief.** Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

14.2    **Right to Assert Other Objections.** By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

14.3    **Filing Protected Material**. Without written permission from the Designating Party or

a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 141. If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

14.4    **Electronic Service of All Notices.**  All notices referred to herein may be served on the other Parties via Electronic Service, and any time periods associated with such service or responding thereto are not extended by such service.

**15.    FINAL DISPOSITION**

Within 60 days after the final disposition of this action, as defined in Section 6, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. "All Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Outside Counsel of Record are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute *Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).*

*IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.*

| | | |
|---|---|---|
| 1 | Dated: January 19, 2022 | /s/  Catherine Ashley Straight |
| 2 | | Law Offices of Catherine Ashley Straight<br>1922 21st Street<br>Sacramento, California 95811 |
| 3 | | Telephone  (916) 599-1845<br>E-mail: cstraight@cas-law.com |
| 4 | | *One of the Attorneys for Plaintiff/Counter-Defendant*<br>*APPLE HILL GROWERS* |

8  DATED: September ____,    /Paul W. Reidl/

9       Attorney for Defendant

13  **PURSUANT TO STIPULATION, IT IS SO ORDERED**.

15  DATED: _____       _____

16                                                                                  United States District/Magistrate Judge

STIPULATED PROTECTIVE ORDER

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [full name], of _____ [full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Eastern District of California on _____, 2022, in the case of **Apple Hill Growers v. El Dorado Orchards, et al.** Case No. 2:17-cv-02085.  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [full name] of _____ _____ [full address] _____[telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Dated: _____   City and State where sworn and signed: _____


Printed name: _____


Signature: _____

# PROOF OF SERVICE

I, the undersigned, declare and certify as follows:

I am over the age of eighteen (18) years and employed in the County of San Mateo, State of California. I am a member of the Bar of the above-entitled Court. My business address is 25 Pinehurst Lane, Half Moon Bay, California, 94019

On January ___, 2022, I served the following document (attached hereto):

**STIPULATED PROTECTIVE ORDER**

**(XX)** **VIA CM/ECF FILING SYSTEM.** The undersigned hereby certifies that he caused a copy of the foregoing document(s) to be filed with the clerk of the U.S. District Court, Eastern District of California, using the CM/ECF filing system, which caused a copy to be electronically mailed to the following CM/ECF Participant(s) on January ____, 2022:

R. Michael West
mwest@saciplaw.com

Catherine Ashley Straight
cstraight@cas-law.com

Executed on January ___, 2022 at Half Moon Bay, California

/s/ Paul W. Reidl