1   PAUL W. REIDL (SBN 155221)
Law Office of Paul W. Reidl
2   25 Pinehurst Lane
Half Moon Bay, CA 94019
3   Telephone: (650) 560-8530
paul@reidllaw.com
4
*Attorney for Defendants*
5
6   **UNITED STATES DISTRICT COURT**
7   **EASTERN DISTRICT OF CALIFORNIA**
8   **(SACRAMENTO DIVISION)**

9   **APPLE HILL GROWERS,**            Case No. 2:17-cv-02085-TLN-CKD

Plaintiff,
10
11          v.                         **DECLARATION OF PAUL W. REIDL
IN RESPONSE TO STATUS REPORT**

12   **EL DORADO ORCHARDS, et al.,**

Defendant.
13

14          Plaintiff's status report is a de facto motion to compel.  It is premature because the parties did

15   not have a meet and confer about the discovery objections and, while they exchanged drafts of the

16   protective order last Fall, there have been no discussions since then.  Nevertheless, Defendants believe

17   it would be helpful if the Court scheduled a telephone call with the parties to discuss and resolve them.

18          1.      Plaintiff's counsel said that he would try to serve the responses by January 15th.  This

19   fell on the three-day Martin Luther King holiday weekend.  Defendants have been working diligently

20   to hit this date (while simultaneously preparing the responses to discovery served on Defendant Brad

21   Visman.)  Mason Visman's responses were completed on Monday the 17th and e-mailed to Plaintiff's

22   counsel at 2:53 pm so that she would have them on the first business day after the holiday weekend.

23          2.      The undersigned heard nothing from Plaintiff's counsel until 4:18 pm on Wednesday

24   the 19th.  Her letter enclosed a draft Protective Order and a meet and confer letter.

Page 1

DECLARATION OF PAUL W. REIDL
IN REPONSE TO STATUS REPORT

3.      The undersigned is a Director and past-President of the Coastside Land Trust, and a member of its Development, Administration and Finance Committees.  These committee meetings began at 4:00 pm on the 19th and lasted until shortly after 6:00 pm.  Afterwards, he discussed several issues with some of the Board members.  He did not have his phone with him as it was being charged.  He did not return to his office or check his phone until the morning of the 20th, when he saw counsel's letter and her status report.

4.      With the exception of the objection about producing documents, each of the General Objections **is identical to the General Objections made by Plaintiff in its responses to Defendants' discovery requests.**  Plaintiff should be estopped from objecting to their own objections.

5.      Defendant also objected to producing documents on two grounds.  First, Plaintiff's document responses were due on July 23.  Despite agreeing on two occasions on a procedure for producing them and receiving numerous reminders from the undersigned, **Plaintiff has not produced a single document**.  Defendants have not made a motion compel because Plaintiff agreed to produce them, and a motion seems inappropriate under those circumstances.  Nonetheless, if the Court would prefer a motion (or a simply joint statement on this issue), Defendants would make one.  At this stage of the case there must be reciprocity on the document production.  It is very difficult for Defendants to accept that they must rush to identify and produce documents when Plaintiff has produced nothing in nearly six (6) months despite its commitments to do so.

6.      As for the Protective Order, Defendants had issues with some of the language proposed by Plaintiff, but the deal-breaker was the proposed exclusion of Defendants' financial information from it.  Plaintiff's justification for that was because this is a trademark infringement case.

7.      The undersigned has litigated many trademark infringement cases in the last forty (40) years and in each case, financial information was treated as attorneys' eyes only.  Until this case, no one has asserted that the price for being a defendant in a trademark infringement case is that your

DECLARATION OF PAUL W. REIDL
IN REPONSE TO STATUS REPORT

1   financial information must be publicly disclosed.  The reason is obvious; financial information is some

2   of the most sensitive information possessed by a person or business.  In this case, the members,

3   directors and officers of Plaintiff, are competitors of Defendants and they would undoubtedly love to

4   see Defendants' personal and business financial information.  That would be harmful to Defendants,

5   and would subject them to annoyance, embarrassment and oppression,  This is precisely the kind of

6   information that is routinely covered by a Rule 26 (c) Order and it should be treated as Confidential

7   Attorneys' Eyes Only.  The Court should order that this information must be covered by the Protective

8   Order and then give the parties a short period of time to finalize and file a stipulated Protective Order.

9          The undersigned, being advised of the penalties of perjury under the laws of the United States,

10   hereby swears and attests to the facts stated above.

11                                              Respectfully Submitted,

12                                              **LAW OFFICE OF PAUL W. REIDL**

13
                                               By:   /s/ Paul W. Reidl
14
                                               PAUL W. REIDL (SBN 155221)
15                                             Law Office of Paul W. Reidl
                                               25 Pinehurst Lane
16   Dated: January 20, 2022                   Half Moon Bay, CA 94019
                                               Telephone: (650) 560-8530
                                               Email: paul@reidllaw.com
17
                                               *Attorney for Defendants*
18

19

20

21

22

23

24

DECLARATION OF PAUL W. REIDL
IN REPONSE TO STATUS REPORT

**PROOF OF SERVICE**

I, the undersigned, declare and certify as follows:

I am over the age of eighteen (18) years and employed in the County of San Mateo, State of California.  I am a member of the Bar of the above-entitled Court.  My business address is 25 Pinehurst Lane, Half Moon Bay, California, 94019

On January 20, 2022, I served the following document (attached hereto):

**DECLARATION OF PAUL W. REIDL**
**IN RESPONSE TO STATUS REPORT**

**(XX)   VIA CM/ECF FILING SYSTEM.**  The undersigned hereby certifies that he caused a copy of the foregoing document(s) to be filed with the clerk of the U.S. District Court, Eastern District of California, using the CM/ECF filing system, which caused a copy to be electronically mailed to the following CM/ECF Participant(s) on January 20, 2022:

R. Michael West
mwest@saciplaw.com


Catherine Ashley Straight
cstraight@cas-law.com

Executed on January 20, 2022, at Half Moon Bay, California.

/s/ Paul W. Reidl

DECLARATION OF PAUL W. REIDL
IN REPONSE TO STATUS REPORT