R. Michael West (SBN 84336)
mwest@saciplaw.com
**LAW OFFICES OF R. MICHAEL WEST**
1922 21St Street
Sacramento, CA 95811
Telephone: (916) 444-5444

Catherine Ashley Straight (SBN 119339)
cstraight@cas-law.com
**LAW OFFICES OF**
**CATHERINE ASHLEY STRAIGHT**
1922 21st Street
Sacramento, CA 95811
Telephone: (916)-599-1845

*Attorneys for Plaintiff*

Paul W. Reidl (SBN 155221)
Christopher Passarelli (SBN 241147)
Brett Leininger (SBN 329579)
**DICKENSON, PEATMAN & FOGARTY**
1500 First Street, Suite 200
Napa, CA 94559
Telephone: (707) 252-7122

*Attorneys for Defendants*

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **APPLE HILL GROWERS,** | Case No. 2:17-cv-02085-TLN-CKD |
| Plaintiff/Counter-Defendant, | **STIPULATED PROTECTIVE ORDER** |
| v. | |
| **EL DORADO ORCHARDS, INC.,** **BRAD VISMAN, KANDI VISMAN,** **and MASON VISMAN,** | |
| Defendants/Counter-Plaintiffs. | |

1   **1.     PURPOSES AND LIMITATIONS**

2          Disclosure and discovery activity in this action are likely to involve production of confidential,

3   proprietary, or private information for which special protection from public disclosure and from use

4   for any purpose other than prosecuting this litigation may be warranted.  Accordingly, the parties

5   hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties

6   acknowledge that this Order does not confer blanket protections on all disclosures or responses to

7   discovery and that the protection it affords from public disclosure and use extends only to the limited

8   information or items that are entitled to confidential treatment under the applicable legal principles.

9   **2.     ACKNOWLEDGMENT OF PROCEDURE FOR FILING UNDER SEAL**

10         The parties further acknowledge that: this Stipulation and Order creates no entitlement to file

11  confidential information or items under seal; Eastern District Local Rule 141 sets forth the procedures

12  which must be followed and reflects the standards which will be applied when a party seeks permission

13  to file material under seal.  There is a strong presumption that the public has a right of access to judicial

14  proceedings and records in civil cases.   A party seeking to seal a judicial record then bears the burden

15  of overcoming this strong presumption by meeting the "compelling reasons" standard. *See, Kamakana*

16  *v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).  A specific showing of good

17  cause or compelling reasons with proper evidentiary support and legal justification, must be made with

18  respect to Protected Material that a party seeks to file under seal. The parties' mere designation of

19  Disclosure or Discovery Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

20  ATTORNEYS' EYES ONLY" does not, without the submission of competent evidence by declaration

21  establishing that the material sought to be filed under seal qualifies as confidential, privileged, or

22  otherwise protectable, constitute good cause.  Further, if a party requests sealing related to a dispositive

23  motion or trial, then compelling reasons, not only good cause, for the sealing must be shown, and the

24  relief sought shall be narrowly tailored to serve the specific interest to be protected. *See Pintos v.*

*Pacific Creditors Ass'n.*, 605 F.3d 665, 677-79 (9th Cir. 2010). For each item or type of information, document, or thing sought to be filed or introduced under seal in connection with a dispositive motion or trial, the party seeking protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order.  Competent evidence supporting the application to file documents under seal must be provided by declaration.  Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted. If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectable portions of the document, shall be filed. Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

**3.      GOOD CAUSE STATEMENT**

This action is likely to involve some sensitive information for which special protection from public disclosure, and from use for any purpose other than prosecution of this action, is warranted. Such information otherwise is generally unavailable to the public, or may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.

Pursuant to Local Rule 141.1(c), the Parties set forth the following types of information which are eligible for protection under this Order, along with the need therefor:

A.      Information with includes identifying account numbers, for example, Social Security or Taxpayer Identification numbers, and/or financial account numbers, and other information requiring redaction under LR 140(a).  Public disclosure of some of this information is prohibited by law; and, public disclosure of financial account and other sensitive information exposes Parties and Non-parties to risk of unauthorized access to such accounts and/or information.  Such documents may be designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

1    to ensure the Parties' compliance with the Federal Rules and Local Rules respecting

2    Privacy Concerns And Redaction [FRCP Rule 5.2 and LR 140(a) and (b)].  Provided

3    the Parties comply with the foregoing Rules prior to use or disclosure, the portions of

4    the document or information, which do not require redaction in such document or

5    information, may be used in the instant action only.

6    B.    Trade Secret information, such as formulas for certain food products made and sold by

7    the Parties, and customer lists.  The Parties could sustain loss of income if Trade Secret

8    information is disclosed.  However, only information which is not publicly available is

9    eligible for protection.   By way of example, the vast majority of the Parties'

10    "customers" are members of the general public, many of whom self-identify as such

11    customers on social media and/or "sign-up" with a Party via website or social media

12    interfaces.   Information regarding and the identity of these customers is not

13    confidential.   Likewise, customers of a Party who are identified on their various

14    websites or social media accounts are not necessarily confidential.  Any claim of

15    confidentiality in a "trade secret" or a "customer list" will require a statement of the

16    particularized need for protection to support good cause for designation as

17    "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

18    ONLY."

19    C.    There may be sensitive financial information of the Parties, which information is not

20    in the public record, the public disclosure of which could result in harm.  Accordingly,

21    with respect to such information, if a Party makes a designation as "CONFIDENTIAL"

22    or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in connection

23    therewith, the proposed Protected Material shall be accompanied by a statement setting

24    forth good cause or compelling reasons, with proper evidentiary support and legal

Page 4

1    justification, for the "CONFIDENTIAL" or the "HIGHLY CONFIDENTIAL –

2    ATTORNEYS' EYES ONLY" designation.

3    The need for protection of confidential materials is best addressed via a Court Order in light of

4 the fact that there are several Parties, including several individuals as well as corporations having

5 many (and in some cases changes with respect to) board members and management personnel.

6 **4.    DEFINITIONS**

7    4.1    Challenging Party: a Party or Non-Party that challenges the designation of information

8 or items under this Order, and/or under applicable federal privileges.

9    4.2    "CONFIDENTIAL" Information or Items:  information (regardless of the medium or

10 how it is generated, stored or maintained) or tangible things that qualify for protection under the

11 standards developed under Federal Rule of Civil Procedure 26(c).

12    4.3    Counsel (without qualifier):  Outside Counsel of Record (as well as their support staff).

13    4.4    Designating Party:  a Party or Non-Party that designates information or items that it

14 produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY

15 CONFIDENTIAL – ATTORNEYS' EYES ONLY."

16    4.5    Disclosure or Discovery Material:  all items or information, regardless of the medium

17 or manner in which it is generated, stored, or maintained (including, among other things, testimony,

18 transcripts, and tangible things), that are produced or generated in disclosures or responses to

19 discovery in this matter.

20    4.6    Expert:  a person with specialized knowledge or experience in a matter pertinent to the

21 litigation who has been retained by a Party or its Counsel to serve as an expert witness or as a

22 consultant in this action and who is not a past or current employee of a Party; as well as any person

23 designated or disclosed by a Party as an expert pursuant to Federal Rule of Civil Procedure 26(a)(2).

24    4.7    <u>"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>:

extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious financial or competitive harm that could not be avoided by less restrictive means.

4.8    House Counsel:  attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

4.9    Non-Party:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

4.10    Outside Counsel of Record:  attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party (as well as their respective support staffs).

4.11    Party:  any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

4.12    Producing Party:  a Party or Non-Party that produces Disclosure or Discovery Material in this action.

4.13    Professional Vendors:  persons or entities (and their employees and subcontractors) that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) to Outside Counsel of Record or any of the Parties.

4.14    Protected Material:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

4.15    Receiving Party:  a Party that receives Disclosure or Discovery Material from a Producing Party.

**5.    SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as

1  defined above), but also (1) any information copied or extracted from Protected Material; (2) all

2  copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony,

3  conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

4  However, the protections conferred by this Stipulation and Order do not cover the following

5  information: (a) any information that is in the public domain at the time of disclosure to a Receiving

6  Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of

7  publication not involving a violation of this Order, including becoming part of the public record

8  through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure

9  or obtained by the Receiving Party after the disclosure from a source who obtained the information

10  lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected

11  Material at trial shall be governed by a separate agreement or order.

12  **6.    DURATION**

13       With respect to Protected Material that was designated as "CONFIDENTIAL" or "HIGHLY

14  CONFIDENTIAL – ATTORNEYS' EYES ONLY", which is properly used or introduced as an

15  exhibit in connection with a trial or dispositive motion, this Protective Order shall terminate as to such

16  material upon its introduction, unless such Protected Material was sealed under Court Order.  In the

17  event a request to seal documents is brought regarding Protected Material that was designated as

18  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and the Court

19  denies such request, this Protective Order shall terminate with respect to the documents and

20  information to which the denial applies.   After final disposition of this litigation, the confidentiality

21  obligations imposed by this Protective Order shall remain in effect until a Designating Party agrees

22  otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later

23  of (1) dismissal of all claims and defenses in this action, with or without prejudice; and, (2) final

24  judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or

STIPULATED PROTECTIVE ORDER                                            2:17-CV-02085-TLN-CKD

1   reviews of this action, including the time limits for filing any motions or applications for extension of

2   time pursuant to applicable law.

3 **7.   DESIGNATING PROTECTED MATERIAL**

4       **7.1   Exercise of Restraint and Care in Designating Material for Protection**. Each Party

5   or Non-Party that designates information or items for protection under this Order must take care to

6   limit any such designation to specific material that qualifies under the appropriate standards. The

7   Designating Party must designate for protection only those parts of material, documents, items, or oral

8   or written communications that qualify – so that other portions of the material, documents, items, or

9   communications for which protection is not warranted are not swept unjustifiably within the ambit of

10   this Order. Mass, indiscriminate, or routinized designations are prohibited. Designations that are

11   shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily

12   encumber or retard the case development process or to impose unnecessary expenses and burdens on

13   other parties) expose the Designating Party to sanctions.

14       If it comes to a Designating Party's attention that information or items that it designated for

15   protection do not qualify for protection, that Designating Party must promptly notify all other Parties

16   that it is withdrawing the mistaken designation.

17       **7.2   Manner and Timing of Designations.** Except as otherwise provided in this Order

18   (see, e.g., second paragraph of section 7.2(a) below), or as otherwise stipulated or ordered, Disclosure

19   or Discovery Material that qualifies for protection under this Order must be clearly so designated

20   before the material is disclosed or produced.

21       Designation in conformity with this Order requires:

22       (a)   for information in documentary form (e.g., paper or electronic documents, but excluding

23   transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the

24   legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" to each

page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins); and shall mark any containers (e.g., folders or boxes) or electronic storage devices which contains Protected Material with the notation "Contains CONFIDENTIAL Protected Material."

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" legend to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)  for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony, specifying the portions of the testimony for which the designation "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" is claimed.

(c)  for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected

1  portion(s).

2      **7.3**    **Inadvertent Failures to Designate.**  If timely corrected, an inadvertent failure to

3  designate qualified information or items does not, standing alone, waive the Designating Party's right

4  to secure protection under this Order for such material. Upon timely correction of a designation, the

5  Receiving Party must make reasonable efforts to assure that the material is treated in accordance with

6  the provisions of this Order.

7  **8.**      **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

8      **8.1**    **Timing of Challenges.**  Any Party or Non-Party may challenge a designation of

9  confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality

10  designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens,

11  or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a

12  confidentiality designation by electing not to mount a challenge promptly after the original designation

13  is disclosed.

14      **8.2**    **Meet and Confer.**  Initially, the Party challenging the designation shall provide written

15  notice of the challenge, specifically identifying the Protected Material, and describing the basis for the

16  challenge.  Within seven (7) days of such notice, the Designating Party shall provide a written

17  statement of the particularized need for protection to support good cause for designation as

18  "CONFIDENTIAL" or HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" consistent with

19  the guidance and legal authority provided under Section 2 of this Order. The Parties shall comply with

20  the meet and confer requirements set forth under Local Rule 251 in a good faith attempt to resolve the

21  designation/challenge issues.  Such meet and confer shall require the Parties to confer directly in a

22  voice to voice dialogue, and to pursue not only retaining the designation unchanged or withdrawing

23  the designation entirely, but also narrowing the designation, or agreeing to redaction of sensitive

24  material.

8.3 **Judicial Intervention.** If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

9. **ACCESS TO AND USE OF PROTECTED MATERIAL**

9.1 Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the

categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

9.2     Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)  the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b)  only those officers and directors (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)  Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)  the court and its personnel;

(e)  court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f)  during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless

otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(g)  the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

9.3     Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" may be disclosed only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) the court and its personnel;

(d) court reporters and their staff;

(e) professional jury or trial consultants, and Professional Vendors, to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information lawfully and under no obligation of confidentiality to the Designating Party; and

(g) any mediator or settlement officer, and their supporting personnel, mutually agreed upon

1   by any of the Parties engaged in settlement discussions.

2   At the request of the Designating Party, persons not permitted access to Protected Material

3   under the terms of this Protective Order must not be present at depositions while the Designating

4   Party's Protected Material is discussed or otherwise disclosed. Pre-trial and trial proceedings must be

5   conducted in a manner, subject to the supervision of the court, to prevent Protected Material from

6   disclosure to persons not authorized to have access to such Protected Material.

7   **10.   PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN**

8   **OTHER LITIGATION**

9   10.1   If a Party is served with a subpoena or a court order issued in other litigation that

10   compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that

11   Party must:

12   (a)  promptly notify in writing the Designating Party. Such notification shall include a copy of

13   the subpoena or court order;

14   (b)  promptly notify in writing the party who caused the subpoena or order to issue in the other

15   litigation that some or all of the material covered by the subpoena or order is subject to this Protective

16   Order. Such notification shall include a copy of this Stipulated Protective Order; and

17   (c)  cooperate with respect to all reasonable procedures sought to be pursued by the Designating

18   Party whose Protected Material may be affected.

19   10.2   If the Designating Party timely seeks a protective order, the Party served with the

20   subpoena or court order shall not produce any information designated in this action as

21   "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" before a

22   determination by the court from which the subpoena or order issued, unless the Party has obtained the

23   Designating Party's permission. The Designating Party shall bear the burden and expense of seeking

24   protection in that court of its confidential material – and nothing in these provisions should be

1    construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive

2    from another court.

3    **11.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS**

4    **LITIGATION**

5        11.1    The terms of this Order are applicable to information produced by a Non-Party in this

6    action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS'

7    EYES ONLY." Such information produced by Non-Parties in connection with this litigation is

8    protected by the remedies and relief provided by this Order.  Nothing in these provisions should be

9    construed as prohibiting a Non-Party from seeking additional protections.

10       11.2    In the event that a Party is required, by a valid discovery request, to produce a Non-

11   Party's confidential information in its possession, and the Party is subject to an agreement with the

12   Non-Party not to produce the Non-Party's confidential information, then the Party shall:

13       (a)  promptly notify in writing the Requesting Party and the Non-Party that some or all of the

14   information requested is subject to a confidentiality agreement with a Non-Party;

15       (b)  promptly provide the Non-Party with a copy of the Stipulated Protective Order in this

16   litigation, the relevant discovery request(s), and a reasonably specific description of the information

17   requested; and

18       (c)  make the information requested available for inspection by the Non-Party.

19       11.3    If the Non-Party fails to object or seek a protective order from this court within 14 days

20   of receiving the notice and accompanying information, the Receiving Party may produce the Non-

21   Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a

22   protective order, the Receiving Party shall not produce any information in its possession or control

23   that is subject to the confidentiality agreement with the Non-Party before a determination by the court.

24   Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking

protection in this court of its Protected Material.

**12.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**13.    INADVERTENT PRODUCTION OF PRIVILEGED OR PROTECTED TRIAL PREPARATION MATERIALS, OR OF PROTECTED MATERIAL UNDER THIS ORDER**

13.1    **Privileged or Protected Trial Preparation Materials**.  In the event that information produced in discovery is subject to a claim of privilege or of protection as trial preparation material, the Party making the claim may notify the Receiving Party or Parties of the claim and the basis therefor.  Upon such notification, the Receiving and Producing Parties shall act in accordance with their respective responsibilities set forth in Federal Rule of Civil Procedure 26(b)(5)(B).

13.2    **Protected Material Produced Without Confidentiality Designation and/or Markings.**  In the event that material eligible for protection under this Order is produced in discovery without the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" designation as required under this Order, the Producing Party may give timely notification to the Receiving Party or Parties of the inadvertent failure to designate.  To be timely, written notification must be given within a reasonable time of discovery of the oversight, but no later than sixty (60) days prior to date by which discovery (excluding expert discovery) must be completed. In order to be effective, the notification must include: (a) a copy of the previously produced material for which a

claim of confidentiality is asserted, with designation markings applied in accordance with this Order; (b) identifying indicia to allow the Receiving Party to locate the claimed Protected Material (e.g., Bates numbers, date of production, etc.); and, (c) a written statement establishing good cause for the designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY." If the Producing Party fails to provide timely or effective notification respecting the undesignated material, the Receiving Party shall promptly give written notice of the deficiencies to the Producing Party; and, Receiving Party may continue to treat the material unprotected until and unless Producing Party complies with the requirements of this Subsection.  If the notification is timely and effective, Receiving Party shall treat the material as having been designated on the date the notification was received, and the provisions of this Order respecting properly designated Protected Material will apply

13.3    These provisions are not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.  Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

**14.    MISCELLANEOUS**

14.1    **Right to Further Relief.** Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

14.2    **Right to Assert Other Objections.** By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

14.3    **Filing Protected Material**. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 141.  If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

14.4    **Electronic Service of All Notices.**  All notices referred to herein may be served on the other Parties via Electronic Service, and any time periods associated with such service or responding thereto are not extended by such service.

**15.    FINAL DISPOSITION**

Within 60 days after the final disposition of this action, as defined in Section 6, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.    "All Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Outside Counsel of Record are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 6 (DURATION).

1    *IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.*

2

3    Dated: April 19, 2022       /s/ Catherine Ashley Straight

4                          Law Offices of Catherine Ashley Straight
                         1922 21st Street

5                          Sacramento, California 95811
                         Telephone  (916) 599-1845

6                          E-mail: cstraight@cas-law.com

7    Dated: April 19, 2022       /s/  R. Michael West

8                          Law Offices of R. Michael West
                         1922 21st Street

9                          Sacramento, California 95811
                         Telephone  (916) 444-5444

10                        E-mail: mwest@saciplaw.com

11                        *Attorneys for Plaintiff/Counter-Defendant*
                           *APPLE HILL GROWERS*

12

13    Dated:  April 19, 2022      /s/ Christopher Passarelli

14                          Paul W. Reidl
                         Christopher Passarelli

15                          Brett Leininger
                         **DICKENSON, PEATMAN & FOGARTY**

16                          1500 First Street, Suite 200
                         Napa, CA 94559

17                          Telephone: (707) 252-7122

18                        *Attorneys for Defendants/Counter-Plaintiffs*

19

20

21                            **<u>ORDER</u>**

22       The court APPROVES the parties' stipulated protective order subject to the following

23 clarification.  Once this action is closed, "unless otherwise ordered, the court will not retain jurisdiction

24 ////

over enforcement of the terms of" this protective order.  E.D. Cal. L.R. 141.1(f); <u>see, e.g.,</u> <u>MD</u>

<u>Helicopters, Inc. v. Aerometals, Inc.,</u> 2017 WL 495778 (E.D. Cal., Feb. 03, 2017).


Dated:  April 20, 2022

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE