UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| APPLE HILL GROWERS,<br><br>    Plaintiff/Counter-Defendant,<br><br>v.<br><br>EL DORADO ORCHARDS, INC., et al.,<br><br>    Defendants/Counter-Claimants. | No. 2:17–cv–02085–TLN–CKD<br><br>ORDER ON DEFENDANTS' MOTION TO REOPEN DISCOVERY & TO COMPEL DEPOSITIONS & FOR SANCTIONS<br><br>(ECF No. 78) |

    Presently before the court[1] is defendants' motion to (I) reopen discovery for the limited purpose of deposing six of plaintiffs' witnesses, (II) compel the depositions of these six witnesses, and (III) impose sanctions against plaintiff Apple Hill Growers ("AHG") or plaintiff's counsel for the conduct leading to this motion. (ECF No. 78.) Defendants filed a document styled as a joint statement regarding the dispute but attaching a separate statement of plaintiff's position on the joint statement. (ECF Nos. 85, 85.1.) This was done at the suggestion of plaintiff's counsel, Catherine Ashley Straight, based on her position that defendants provided her with the draft of their portion of the joint statement too late and in incomplete form. (ECF Nos. 85.1, 86.)

---

[1] This matter was referred to the undersigned pursuant to Eastern District of California Local Rule 302(c)(1) and 28 U.S.C. § 636(b)(1).

1

The court heard remote arguments on the motion on August 17, 2022. Ms. Straight appeared for plaintiff; and Christopher Passarelli and Brett Leininger appeared for defendants. For the following reasons, the court GRANTS IN PART AND DENIES IN PART defendants' motion.

### I. Motion to Reopen Depositions Period

Defendants request that the court reopen the period for taking depositions, which closed on July 15, 2022, under the last approved extension of the depositions deadline. (All other fact discovery has been closed since June 3, 2022, and defendants do not seek to modify that date.) Defendants seek a two-week reopening of the deposition period for the limited purpose of deposing six witnesses that defendants argue they were blocked from taking during the allotted period.

Having considered the required factors for modifying a scheduling order, the court finds good cause to reopen discovery for the limited purpose of defense counsel taking the depositions of the six witnesses identified in the motion.[2] See City of Pomona v. SQM North America Corp., 866 F.3d 1060, 1066 (9th Cir. 2017) (six factors for ruling on motion to amend Rule 16 scheduling order to reopen discovery); Fed. R. Civ. P. 16(b)(4) (permitting modification "only for good cause and with the judge's consent").[3] Although defense counsel certainly could have been more proactive in seeking to schedule the desired depositions of plaintiff's witnesses, the court

---

[2] In addition, although this motion was filed after the depositions period expired on July 15, 2022, the court finds that reopening is warranted because it was due to excusable neglect—as determined under the Pioneer factors—that the motion was filed 5 days after the depositions period ended. See Fed. R. Civ. P. 6(b)(1)(B) (where motion for extension is made after the time has expired, the extension may be granted for good cause "if the party failed to act because of excusable neglect"); Mikell v. Baxter Healthcare Corp., 2014 WL 12588640, at *4-6 (C.D. Cal. Sept. 16, 2014) (applying Pioneer factors to motion to reopen and finding that 24-day delay was minimal enough to support excusable neglect); see also Pincay v. Andrews, 389 F.3d 853, 855 (9th Cir. 2004) (en banc) (setting forth four factors from Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993)). Although defense counsel's reason for filing the motion after the period closed (that lead counsel was out of town at the time) is questionable, the court does not see any prejudice to plaintiff or other signs that the 5-day delay was brought about in bad faith.

[3] Because this motion seeks only to modify pre-trial discovery dates, it is appropriately addressed to the undersigned, rather than the presiding district judge.

does not see this requested reopening as a product of lack of diligence. See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992) (schedule modification standard "primarily considers the diligence of the party" seeking modification, and "[i]f that party was not diligent, the inquiry should end").

Over the course of the court's frequent discovery hearings in this case, Ms. Straight's combative approach to the discovery process has become clear. This is not to say that her positions are always (or even often) unfounded, but that both defense counsel and the court have had to expend inordinate amounts of energy trying to resolve sundry discovery issues that normally are readily achieved through compromise and cooperation between opposing counsel. This pattern of consistently difficult discovery negotiations supports the court's conclusion that it was not pure lack of diligence that caused defense counsel to wait until late in the discovery period to try to arrange the depositions of plaintiff's witnesses. Ms. Straight's delayed May 17, 2022 production of most of the discovery documents requested by defendants also contributed to defendants' inability to schedule depositions before that date.[4] Although the court is skeptical that it would take a mid-size litigation firm five weeks to review that production, and questions defense counsel's apparent failure to even attempt to informally schedule the desired depositions before June 29, 2022, the court also recognizes that defense counsel faced difficulties in determining which of the witnesses required subpoenas and that they were actively working to schedule and defend Ms. Straight's depositions of at least several of their own witnesses during that period. Most importantly, the ultimate reason that none of defendants' desired depositions took place was that Ms. Straight filed a Motion for Protective Order / Motion to Quash ("MPO") on July 4, 2022 (ECF No. 75) and maintained that motion for almost the entire remaining period for depositions (before ultimately withdrawing it)—at least arguably blocking defendants from

---

[4] After the hearing on this motion, and in response to Ms. Straight's motion for sanctions, defense counsel Christopher Passarelli filed a declaration correcting or clarifying various statements included in defendants' portion of the "joint" statement for this motion. (ECF No. 91.) The precise number of documents produced by Ms. Straight before May 17, 2022, and the nature and state of that production, does not change the court's view of this issue because it is undisputed that the large majority of plaintiff's production did not occur until May 17, 2022, after an arduous motion to compel.

proceeding with any depositions under the Local Rules over the remainder of the depositions period. See E.D. Cal. L.R. 251(g) ("When a party files a motion for a protective order in response to any discovery request, that party's obligation to respond to the discovery request is stayed pending resolution of the motion for a protective order."). Thus, no amount of diligence by defense counsel after July 4th would have allowed them to conduct the depositions within the scheduled period.[5]

None of the other five 'good cause' factors—aside from plaintiff's asserted opposition to any schedule modification—weigh against a limited reopening of discovery. No trial date has yet been set, nor will it be until the newly pending cross-motions for summary judgment are decided. Plaintiff objects that reopening discovery would amount to rewarding what she sees as defense counsel's abusive litigation tactic of waiting to notice voluminous depositions to consume much of the parties' remaining time to prepare and file their motions for summary judgment. Without finding the timing of defendants' deposition notices necessarily abusive, the court does consider the late timing of the large quantity of deposition notices sufficient reason to deny most of the sanctions defendants seek in this motion. However, plaintiff's counsel provided no argument as to how permitting defense counsel to proceed with the six desired depositions now, with briefing concluded on the summary judgment motions, would prejudice her or her client. Nor did plaintiff's counsel assert any substantive (as opposed to procedural) basis for preventing defendants from taking the desired depositions—with the exception of the deposition of co-counsel, Mr. West, which is addressed below.

Finally, the six depositions for which reopening is sought would undoubtedly lead to relevant evidence. All six desired deponents are key witnesses whom defendants reasonably expect to testify for plaintiff regarding any surviving infringement claims of plaintiff's, any surviving cancellation counter claim by defendants, defendants' group boycott counter claim (as to which neither side has moved for summary judgment), and defendants' nominative fair use

---

[5] Even filing a counter motion to compel would have necessitated extending the period for depositions beyond July 15, because the motion could not have been heard before then; and moreover defendants reasonably believed that they would have a chance to argue for the depositions to occur in the course of briefing plaintiff's noticed MPO.

defense. Many (though not all) of these depositions may prove unnecessary if the court grants summary judgment on certain claims and counter claims; but the court opts to allow the depositions to go forward without awaiting adjudication of the summary judgment motions because, due to the overburdened status of this district, it may well be a year or more before there is a ruling on the summary judgment motions—during which time witnesses' memories may fade. Further, defendants do not intend to use these depositions to supplement their motion for summary judgment, but rather to prepare for trial.[6] (ECF No. 85 at 12.)

Accordingly, the court GRANTS defendants' motion to reopen the period for discovery for the limited purpose of defense counsel taking the depositions of the six witnesses identified in this motion. Although defendants seek a two-week period to conduct these depositions, the court orders a slightly longer period based on plaintiff's counsel's representations as to the availability of the desired deponents.

**II.  Motion to Compel Depositions**

Along with reopening discovery for these depositions, defendants simultaneously seek an order (1) compelling the attendance of the four "party" witnesses at rescheduled depositions and (2) ordering plaintiff's counsel to make a good-faith effort to secure the attendance of the two "non-party" witnesses and permitting defendants to serve subpoenas on them if necessary.

**A. "Party" Witnesses**

The four party witnesses are three directors of the board of plaintiff AHG—Chris Delfino (President), Lynn Larsen (Historian), Kandi Tuso (Vice President)—and an individual yet to be designated as AHG's Rule 30(b)(6) witness. A Rule 30(b)(6) deponent necessarily qualifies as a party witness, whose deposition can be noticed without a subpoena. Defendants also establish that Delfino, Larsen, and Tuso—while not plaintiffs, themselves—are all current officers or

---

[6] The undersigned does not herein preclude the parties from using the forthcoming deposition testimony to supplement their summary judgment motions. However, the parties are cautioned that a motion to supplement would have to be directed to the presiding district judge, who might well limit the movant solely to adding further evidentiary support for its existing arguments or to raising new arguments not previously available to it in light of the new testimony—if he grants the motion at all. See Pacesetter Consulting LLC v. Kapreilian, 2021 WL 4844324, at *2 (D. Ariz. May 3, 2021).

5

1  directors of AHG and can therefore be noticed for a deposition under Rule 30(b)(1).  (ECF
2  No. 85.3 at 7, Ex. K.)  See Calderon v. Experion Information Solutions, Inc., 290 F.R.D. 508, 516
3  (D. Id. 2013) ("If the party seeking the deposition wishes to depose a specific employee of the
4  corporation, it may identify a specific officer, director or managing agent to be deposed and
5  notice that person under [Rule] 30(b)(1)."); Rijhwani v. Wells Fargo Home Mortg., Inc., 2015
6  WL 848554, at *3 (N.D. Cal. Jan. 28, 2015).  Therefore, they are also effectively party witnesses
7  whose depositions can be compelled by a notice of deposition—and then by the court, if
8  necessary—without a Rule 45 subpoena.  See Fed. R. Civ. P. 37(a)(3)(B)(i) (permitting motion to
9  compel when a "deponent fails to answer a question asked under Rule 30 or 31"); Sali v. Corona
10 Reg'l Med. Ctr., 884 F.3d 1218, 1222 (9th Cir. 2018) ("As we have recognized, Rule 37(a)
11 encompasses an order to attend a deposition.").

12     As defendants note, a witness can be found to have failed to attend a noticed deposition
13 when counsel gives advance notification that the witness will not attend.  Henry v. Gill Indus.,
14 Inc., 983 F.2d 943, 947 (9th Cir. 1993) (in appeal of Rule 37 dismissal sanctions, rejecting
15 argument that prior notification that deponent would not appear does not constitute "failure to
16 appear").  That is effectively what happened here.  Defendants' amended notices of depositions
17 set depositions of Larsen and Tuso for July 13 and 14—and for Delfino and the Rule 30(b)(6)
18 designee on July 12 and 15.  Defendants only cancelled those depositions after Ms. Straight filed
19 her MPO and stopped communicating with defense counsel until shortly before withdrawing the
20 MPO late on July 12.  Before July 12, defendants tried to confirm with Ms. Straight whether her
21 witnesses would attend but upon receiving no response notified her that they were postponing the
22 depositions.  This constitutes a failure to appear, and the court finds it appropriate to compel each
23 of these party witnesses to appear for a deposition by defense counsel in this case within the
24 following time frames:

25     **Chris Delfino SHALL appear for a deposition <u>during the week of September 19th,</u>**
26 **<u>2022</u>—with the deposition to be conducted either in person in El Dorado County, or via**
27 **remote means.**
28 ////

1  **Lynn Larsen SHALL appear for a deposition <u>during the weeks of November 21st or 28th, 2022</u>—with the deposition to be conducted either in person in El Dorado County, or via remote means.**

**Kandi Tuso SHALL appear for a deposition <u>during the weeks of November 21st or 28th, 2022</u>—with the deposition to be conducted either in person in El Dorado County, or via remote means.[7]**

As for the Rule 30(b)(6) deposition, plaintiff is hereby compelled to designate an appropriate representative, upon counsel's meet and confer regarding the topics to be covered. See Fed. R. Civ. P. 37(a)(3)(B)(ii) (permitting motion to compel when "a corporation or other entity fails to make a designation under Rule 30(b)(6)"). There is no support for Ms. Straight's position that defendants' noticed Rule 30(b)(6) deposition cannot proceed because defense counsel had not initiated meet and confer at the time the Notice of Deposition was served. See Fed. R. Civ. P. 30(b)(6) ("Before <u>or promptly after</u> the notice or subpoena is served, the serving party and the organization must confer in good faith about the matters for examination." (emphasis added)).

**Counsel shall meet and confer no later than <u>September 2, 2022</u> in an effort to narrow the topics listed in defendants' Rule 30(b)(6) notice of deposition. Plaintiff shall then designate an appropriate witness no later than <u>September 9, 2022</u>. The Rule 30(b)(6) deposition shall take place no later than <u>September 23, 2022</u> and shall be conducted by remote means unless the parties stipulate otherwise**. At the hearing, Ms. Straight advised that plaintiff's Rule 30(b)(6) designee might be one of the other individual witnesses (Delfino, Larsen, or Susan Boeger). If the Rule 30(b)(6) deposition is conducted in conjunction with any of their

////

---

[7] At the hearing, Ms. Straight conveyed that the fall season is the height of operations for Ms. Larsen's and Ms. Tuso's seasonal small businesses, and during this time they work long hours and cannot leave their businesses. While the court doubts that these witnesses could not spare a few hours to attend a remote deposition at any point in the next three months, the court also sees no great urgency to conducting their depositions. Accordingly, the court orders their depositions to take place during the weeks that Ms. Straight indicated they would again become available.

personal depositions, it shall be conducted on the same date and by the same method as the personal deposition—unless the parties agree otherwise.

### B. "Nonparty" Witnesses

Defendants also seek an order compelling plaintiff's counsel to make a good-faith effort to secure the deposition attendance of two "non-party" witnesses: current co-counsel of record for plaintiffs, R. Michael West, as well as plaintiff AHG's former treasurer, Susan Boeger, who remains a grower/member of AHG.

Defendants recognize that these individuals cannot be directly compelled to attend a deposition without having first been served with a Rule 45 subpoena—which has not yet been accomplished. However, the Ninth Circuit has held that a court can order a party to produce a nonparty witness at a deposition, "and, if the party makes no effort to ensure that its witness attends the deposition, sanction the party's counsel when the witness fails to appear." Sali, 884 F.3d at 1220. Although Sali dealt with the production of a nonparty expert witness—which neither Mr. West nor Ms. Boeger are—the court sees no reason to limit its holding to the context of expert witnesses. The Court of Appeals specifically countenanced a Rule 37 order directing a party to "use its best efforts to secure the nonparty's attendance at the deposition." Id. at 1224. And while the court encouraged prospective deposing parties to use the subpoena process, it also recognized that "if the party seeking the deposition suspects that the opposing party is the bottleneck—either directing or encouraging its witness not to appear—an order directed at the opposing party may be fruitful." Id. at 1224-25.

Ms. Straight's objections to the notice of deposition for Mr. West make clear that she is part of the reason that co-counsel Mr. West did not appear for a deposition. At the hearing, Ms. Straight denied instructing Ms. Boeger not to cooperate or appear for a deposition in this case; however, she informed the court that she does represent Ms. Boeger in connection with her winery business. There is a close relationship with a substantial degree of authority and control between plaintiff AHG and its counsel of record, Mr. West, and between AHG and its grower/member Ms. Boeger. Likewise, there is a close relationship between Ms. Straight and her co-counsel Mr. West and her client, Ms. Boeger. Because the court concludes that the

depositions of both Mr. West and of Ms. Boeger should go forward, the court hereby **ORDERS plaintiff AHG and plaintiff's counsel Ms. Straight to use their best efforts to secure Mr. West's and Ms. Boeger's attendance at the depositions to be rescheduled by defense counsel in this case**. If, despite plaintiff AHG and Ms. Straight's good-faith best efforts, either Mr. West or Ms. Boeger fail to appear at the respective re-set depositions, no sanctions will follow against AHG or Ms. Straight. See Sali, 884 F.3d at 1224 ("[A] party won't incur Rule 37 sanctions if, despite its efforts, a recalcitrant nonparty witness refuses to attend an ordered deposition."). In the meantime, given the limited reopening of the depositions period, defendants are free to resume efforts to serve Mr. West and Ms. Boeger with Rule 45 subpoenas.

The court concludes that both Mr. West and Ms. Boeger are likely to give deposition testimony relevant to various claims, defenses, and counter claims in this action—most prominently, the nature and context of certain representations made to the U.S. Patent and Trademark Office ("USPTO") in the course of AHG's 2015 and 2016 prosecution of its application to register the second of its APPLE HILL marks.

This persuades the court to order plaintiff and plaintiff's counsel to use their best efforts to produce Ms. Boeger for a deposition on a date mutually agreeable to defense counsel, plaintiff's counsel, and Ms. Boeger. **Based on Ms. Straight's report of Ms. Boeger's availability, counsel shall endeavor to conduct Ms. Boeger's deposition <u>during the week of September 19th, 2022</u>—with the deposition to be conducted either in person in Placerville, California, or via remote means.**

By contrast, the relevance of Mr. West's anticipated testimony does not, alone, necessarily warrant an order for plaintiff to use its best efforts to produce him for deposition because he is one of plaintiff's attorneys in this litigation. The Federal Rules do not expressly prohibit the taking of a party's counsel's deposition. However, attorney depositions are disfavored and "should be employed only in limited circumstances." ATS Prod., Inc v. Champion Fiberglass, Inc., 2015 WL 3561611, at *3 (N.D. Cal. June 8, 2015) (citing Hickman v. Taylor, 329 U.S. 495, 513 (1947) ("The practice of forcing trial counsel to testify as a witness . . . has long been discouraged.").

Ms. Straight objected to defendants' attempt to depose Mr. West because she believed him presumptively immune from deposition by an adversary unless defendants could show "(1) no other means exist to obtain the information than to depose opposing counsel [citation omitted]; (2) the information sought is relevant and nonprivileged; and (3) the information is crucial to the preparation of the case." Shelton v. Am. Motors Corp., 805 F.2d 1323, 1327 (8th Cir. 1986). (See ECF No. 85.3 at 104, Ex. O.)

The Eighth Circuit's Shelton test is indeed the "seminal case on the depositions of attorneys" and is widely adopted by district courts in this circuit—in the absence of guidance from the Ninth Circuit. Alba v. Velocity Investments, LLC, 2022 WL 3327382, at *4 (S.D. Cal. Aug. 10, 2022). However, the Eighth Circuit has since expressly held the Shelton test "inapplicable where a litigant seeks to depose opposing counsel about a prior closed case, as opposed to a pending case." Id.; see Pamida, Inc. v. E.S. Originals, Inc., 281 F.3d 726, 730 (8th Cir. 2002) (Shelton "was not intended to provide heightened protection to attorneys who represented a client in a completed case and then also happened to represent that same client in a pending case where the information known only by the attorneys regarding the prior concluded case was crucial."). "Consistent with this understanding, district courts within the Ninth Circuit have clarified 'the Shelton analysis applies only where the discovery sought concerns matters relating to counsel's representation of a litigant in the current litigation. It does not apply to discovery of facts known to counsel as a percipient witness relating to matters that preceded the litigation.'" Alba, 2022 WL 3327382, at *4 (emphasis added) (quoting Torrey Pines Logic, Inc. v. Gunwerks, LLC, 2020 WL 6365430, at *2 (S.D. Cal. Oct. 29, 2020) and citing others). Thus, district courts in California do not uniformly apply Shelton in every situation in which an attorney deposition is sought. See Zetz v. Bos. Sci. Corp., 2022 WL 605356, at *6 n.4 (E.D. Cal. Mar. 1, 2022) (citing as one example Devlyne v. Lassen Mun. Util. Dist., 2011 WL 4905672, at *2 (E.D. Cal. Oct. 14, 2011) ("[T]he Shelton criteria apply only when trial and/or litigation counsel are being deposed and the questioning would expose litigation strategy in the pending case.")). When the Shelton test does not apply, "courts evaluate the propriety of the deposition of an attorney 'under the ordinary discovery standards of the Federal Rules of Civil Procedure and any

10

1   asserted privileges.'" Alba, 2022 WL 3327382, at *4 (quoting Pamida, 281 F.3d at 731).

2   Here, defendants seek to depose Mr. West regarding certain statements included in his filings with the USPTO in prosecuting AHG's trademark application in 2015 and 2016. Mr. West was AHG's counsel of record in the USPTO mark registration process and is also one of its two attorneys of record in this litigation.[8] As a result of Mr. West's efforts, AHG's trademark registration '321 was issued in September 2016 (ECF No. 17, First Amended Complaint, ¶ 20), thus concluding his representation of AHG in that matter. Mr. West's prosecution of the trademark registration concluded before AHG's filed this litigation in October 2017, and his communications with the USPTO on AHG's behalf were not part of his representation of AHG in this action. Accordingly, even assuming the Ninth Circuit had adopted the Shelton test, it would not apply in this scenario.

Under the ordinary discovery standards, Mr. West's testimony is relevant to at least defendants' nominative fair use defense. As for privilege concerns, defendants have "specifically agreed not to examine Mr. West regarding matters covered by privilege and or work product protections." (ECF No. 85 at 25.) Defendants also "have already agreed to limit the deposition to AHG's asserted applications to register APPLE HILL with the USPTO, and to Mr. West's representations made therein." (Id.; see Leininger Decl., ¶ 8.) **Accordingly, Mr. West SHALL make himself available for a deposition in this case, which shall be limited to AHG's applications to register the APPLE HILL mark with the USPTO, and to Mr. West's representations made therein, and <u>not</u> to include examination of matters covered by attorney-client privilege or work product protections. Counsel shall confer on a mutually agreeable date and endeavor to conduct Mr. West's deposition no later than <u>September 23, 2022</u>—with the deposition to be conducted via remote means.**

For these reasons, defendants' motion is GRANTED as to the motion to compel.

////

---

[8] Although Mr. West's signature appears alongside Ms. Straight's on various filings, he has only appeared in court for one hearing, and as far as the court is aware Ms. Straight has conducted all of the discovery communications in this case.

11

### III. Motion for Sanctions

Finally, defendants seek a range of sanctions against Ms. Straight or plaintiff AHG for, in their view, obstructing the depositions before the deadline, multiplying the proceedings, and repeated bad-faith litigation tactics. Defendants seek (1) attorneys' fees under Rule 37(a)(5) for bringing this motion to compel, in an amount to be proven separately, (2) additional sanctions under Rules 30(d)(2) & 37(d)(3) for obstructing the desired depositions, (3) sanctions under 28 U.S.C § 1927 for "multipl[ying] the proceedings . . . unreasonably and vexatiously" by maintaining the MPO after the original objections were addressed in the Amened Notices of depositions, and by then withdrawing that motion after defense counsel had worked up its part of the anticipated joint statement, and (4) sanctions under the court's inherent power, including potential dismissal of plaintiff's claims.

The court declines to impose any sanctions against plaintiff or plaintiff's counsel, beyond entertaining a request for reasonable expenses and attorneys' fees associated with bringing this motion. See Fed. R. Civ. P. 37(a)(5)(A) (upon granting discovery motion, court "must, after giving an opportunity to be heard," require payment of movant's reasonable expenses including attorney's fees, unless opposing party's conduct was "substantially justified" or "other circumstances make an award of expenses unjust"). Although Ms. Straight's conduct is far from model, defendants also precipitated this discovery dispute by springing 16 noticed depositions on plaintiff at the absolute last minute—noticing depositions for every day between July 6 and July 15, which was just a few business days before the deadline to file dispositive motions. By far the more preferable solution would have been to stipulate to a further extension of the depositions deadline beyond the dispositive motions deadline; but the court cannot fault plaintiff for reacting to this onslaught by filing its MPO on July 4, 2022. It does appear that the MPO was purely meant to block defendants from taking any depositions during the remaining days of the discovery period, given that plaintiff (1) did not withdraw the MPO when the objections asserted therein were addressed by defendants' Amended Notices of Deposition and (2) then withdrew the MPO the night before the joint statement was due on the motion, three days before the close of discovery. The court also appreciates that this last-minute withdrawal caused defense counsel to

12

unnecessarily expend resources preemptively preparing their portion of that joint statement. However, the court finds both sides equally responsible for getting to this point in the first place: defendants for not attempting to schedule the depositions sooner and then trying to notice an excessive number of depositions in the final days of discovery, and plaintiff for its delayed document production combined with a generally non-cooperative approach to discovery throughout the case.

Having granted the motion to compel, the court is obliged to entertain any request for attorneys' fees that defendants may wish to file. See Fed. R. Civ. P. 37(a)(5)(A). However, the court encourages defendants to consider whether they might forego seeking these fees in an effort to focus on the desired depositions rather than expending further resources by the court and the parties in determining whether plaintiff's counsel's conduct was substantially justified or whether other circumstances make an award of expenses unjust.

Finally, the court acknowledges that just before the hearing on this motion, plaintiff filed a motion for sanctions against defense counsel based on various assertedly false statements made in bringing the present motion. (ECF No. 89.) The court will take that motion under submission and accept adversarial briefing on the motion (rather than a joint statement), if plaintiff's counsel insists on maintaining it; however, at this point, the court is equally disinclined to impose sanctions on defense counsel. The court encourages the parties to cooperatively schedule the upcoming five or six depositions and move on.

## **ORDER**

For the foregoing reasons, IT IS ORDERED that:

1. Defendants' motion to reopen discovery, to compel depositions, and to impose sanctions (ECF No. 78) is GRANTED IN PART and DENIED IN PART;
2. The court GRANTS defendants' motion to reopen the period for discovery for the limited purpose of defense counsel taking the depositions of the six witnesses identified in this motion. The deposition period is hereby reopened until **December 2, 2022**;

////

////

3. The court GRANTS defendants' motion to compel the depositions of the six witnesses identified in this motion. These depositions shall take place within the parameters specified above;

4. The court DENIES defendants' motion for sanctions, except to the extent defendants may wish to request reasonable attorneys' fees associated with bringing this motion, under Rule 37(a)(5)(A);

   a. Should defense counsel wish to seek these fees, their brief in support of the request (including evidence of the reasonableness of their time and rates) is due no later than **September 2, 2022**;

   b. Plaintiff's counsel may then file any opposition no later than **September 16, 2022**, and the matter will be taken under submission;

5. Plaintiff's August 16, 2022 motion for sanctions (ECF No. 89) is hereby taken under submission, and the hearing set for October 5, 2022 is VACATED. Plaintiff's brief in support of the motion, or notice of withdrawal of the motion, is due no later than **September 9, 2022**; defendants' opposition is due no later than **September 23, 2022**; and plaintiff's optional reply is due no later than **September 30, 2022**. If the court determines that a hearing is necessary, it will be scheduled at a later date; and

6. For any further discovery motions by any party in this case, the motion SHALL NOT be filed on the docket until (1) the movant has scheduled a time with the undersigned's Courtroom Deputy for the parties to meet and confer <u>in person</u> in the Sacramento courthouse, with the undersigned available to informally assist in the conferral, and (2) such meet and confer has taken place without resolving the dispute.

Dated: August 19, 2022

_CAROLYN K. DELANEY_
UNITED STATES MAGISTRATE JUDGE

19, appl.2085