UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

APPLE HILL GROWERS,                          No. 2:17-cv-02085-DJC-CKD

                  Plaintiff,

v.                                           ORDER

EL DORADO ORCHARDS, INC., et al.,

                  Defendants.

On December 18, 2025, the Court held oral argument on Defendant El Dorado Orchard, Inc.'s Motion to Strike. (*See* ECF No. 116.)  At the hearing, the Court granted Defendants' Motion as to Defendants' request to strike Plaintiff's jury trial demand, but took the Motion under submission as to Defendants' request to strike Plaintiff's prayer for Defendants' profits. (*Id.*)  In this remaining section of the Motion, Defendant requested that the Court preclude Plaintiff from pursuing damages as a sanction for Plaintiff's failure to disclose a calculation of damages. (Mot. (ECF No. 116) at 8-9.)

It is undisputed that Plaintiff never provided Defendants with a computation of the damages that they intended to seek at trial.  Defendants contend this is a breach of Plaintiff's disclosure obligations under Federal Rule of Civil Procedure 26(a)(1)(A)(iii).  As a sanction under Federal Rule of Civil Procedure 37(c), Defendants

1

request that the Court only permit Plaintiff to seek injunctive relief while precluding Plaintiff from seeking damages.

Plaintiff states that they intend to seek disgorgement of all Defendants' revenue.  Plaintiff argues this is appropriate in part because Defendants previously indicated they could not distinguish between the sale of certain products that bore the name "Apple Hill," and in part because Plaintiff claims all of Defendants' profits resulted from the unlawful use of the APPLE HILL mark in advertising, Google map listings, and similar efforts.  Plaintiff thus argues that no disclosure was necessary or that it was harmless, as Plaintiff's intent to seek the entirety of Defendants' revenue was known to Defendants and the information was plainly in Defendants' control.

The Lanham Act provides that "in assessing profits the plaintiff shall be required to prove defendant's sales only; defendant must prove all elements of cost or deduction claimed."  15 U.S.C. § 1117(a).  Thus, Plaintiff bears the initial burden to show "defendant's gross profits from the infringing activity with reasonable certainty." *Lindy Pen Co., Inc. v. Bic Pen Corp.*, 982 F.2d 1400, 1408 (9th Cir. 1993) (emphasis added).  Defendants bear the burden to present evidence to establish what lesser amount constitutes the profits from the infringing activity.

At this stage, it appears that Plaintiff is reasonably seeking to pursue the entirety of Defendants' revenue as gross profits from the infringing activity.  It remains to be seen whether Plaintiff can prove at trial that these profits arose from the infringing activity with reasonable certainty.  But that is a factual issue that must be resolved at trial.

Plaintiff's failure to plainly identify the scope of the damages they are seeking is a violation of Rule 26(a)(1)(A)(iii) and their ongoing obligations.  While Plaintiff contends that they do not yet know that amount as they have not received updated tax returns from Defendants, this is an issue caused by the delay in bringing this case to trial.  It does not excuse the prior failure to provide a computation of damages.  Nevertheless, it appears that the failure to provide a damages calculation was

harmless.  Failure to provide timely disclosures under Rule 26 will result in exclusion of information "unless the failure was substantially justified or is harmless."  Fed. R. Civ. P. 37(c)(1).  Plaintiff has satisfied the Court that Defendants will not be prejudiced by the failure to provide a damages calculation.  From the litigation history of this action, it does appear that the parties were both aware that Plaintiff was seeking all of Defendants' revenue as disgorgement.  Plaintiff clearly asserted that Defendants' entire business was predicated on improper usage of the APPLE HILL mark (*see e.g.* ECF No. 17 ¶ 45), and Defendants themselves were the ones who identified that for certain products it was impossible to differentiate sales of items that used the mark and those that did not (*see* ECF No. 117-1 at 80).  Information regarding Defendants' revenue is also readily in Defendants' control; Defendants are well aware of their revenue as it appears on the tax documents they provided to Plaintiff.

Accordingly, as the failure to disclose the calculation of damages was harmless, IT IS HEREBY ORDERED that Defendants' Motion to Strike Plaintiff's Prayer for Defendants' Profits (ECF No. 116) is DENIED.

IT IS SO ORDERED.

Dated:    **February 13, 2026**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

3