Paul W. Reidl (SBN 155221)
Christopher J. Passarelli (SBN 241174)
Brett J. Leininger (SBN 329579)
**DICKENSON, PEATMAN & FOGARTY**
1500 First Street, Suite 200
Napa, California 94559
Telephone: (707) 252-7122
Facsimile: (707) 255-6876
preidl@dpf-law.com
cpassarelli@dpf-law.com
bleininger@dpf-law.com
*Attorneys for Defendants*

Brian P. Kinder (SBN 212332)
**THE KINDER LAW GROUP, APC**
19200 Von Karman, Fourth Floor
Irvine, California 95612
Telephone: (949) 216-3070
Facsimile: (949) 216-3074
Email: bkinder@tklglaw.com
*Attorney for Plaintiff*

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **APPLE HILL GROWERS,** | Case No. 2:17-cv-02085-DJC-CKD |
| Plaintiff, | **JOINT MOTION TO CONTINUE PRETRIAL CONFERENCE AND TRIAL DATES; ORDER** |
| v. | |
| **EL DORADO ORCHARDS, INC., et al.** | **Current Trial Date**: June 1, 2026 |
| Defendants. | **Proposed New Trial Date**: June 15, 2026 |
| | **Current Pretrial Conference Date**: March 26, 2026 |
| | **Proposed New Pretrial Conference Date**: April 23, 2026 |
| | **Date**:  Thursday, May 21, 2026 |
| | **Time**:  1:30 p.m. |
| | **Place**:  United States District Court, E.D. Cal. Robert T. Matsui U.S. Courthouse 501 I Street, Courtroom 7, 14th Floor Sacramento, CA  95814 (E-filing) |
| | Hon. Daniel J. Calabretta, Presiding |

JOINT MOTION TO CONTINUE PRETRIAL
CONFERENCE AND TRIAL DATES, ORDER

1

Case No. 2:17-cv-02085-DJC-CKD

TO: ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on the 21st day of May, 2026, at the hour of 1:30 p.m. in the Courtroom of the Honorable Judge Daniel J. Calabretta, located at 501 I Street, Courtroom 7, Fourteenth Floor, Sacramento, California 95814, or as early as the Court is able to hear the matter, Plaintiff Apple Hill Growers Association and Defendant El Dorado Orchards, Inc., will jointly move, and do hereby jointly move, this Court for an order continuing: (1) the Pretrial Conference, from March 26, 2026 to April 23, 2026 or such other date thereafter as the Court may order; and (2) the trial of this action, from June 1, 2026 to June 15, 2026 or such other date thereafter as the Court may order.

This Motion is made on the following grounds:

1. At the hearing on December 18, 2025, counsel for the parties informed the Court of a conflict with the current trial date of June 1, 2025. The Court acknowledged the conflict, but deferred until after the parties had an opportunity to attempt to resolve this case matter through a settlement conference. ECF 122.

2. The settlement conference took place on March 5, 2026, but the matter did not settle. ECF 127.

3. The final Pretrial Conference is currently set for March 26, 2026, with a joint pretrial statement due not less than seven (7) days prior to the Pretrial Conference, i.e., by March 19, 2026. ECF 114.

4. The due date of the joint pretrial statement, and the date of the final Pretrial Conference were scheduled very close to the date of the settlement conference. Accordingly, the parties believe that the case will be better prepared for trial if afforded more time to prepare for the pretrial conference.  Moreover, given the three-year lapse between motions for summary judgment and the present, Plaintiff will be seeking an Order from the Court requiring discovery to be supplemented and brought current as well as permitting the deposition of defendant Brad Visman.

5. The trial of this matter is currently set for June 1, 2026. ECF 114.

///

6. As indicated above, and at the hearing on December 18, 2025, Counsel for El Dorado Orchards, Inc. has important personal obligations that conflict with the current trial date that were not known on September 30, 2025, when the Court issued its Minute Order setting trial for June 1, 2026. *See* ECF 114.

This Motion will be, and is, based upon this Notice of Motion, the within Memorandum of Points and Authorities, the Declaration of Christopher Passarelli in support thereof, and all of the exhibits thereto, and on such other and further documentary and oral evidence and matters as may be brought before the Court on this matter.

Respectfully submitted,

**DICKENSON, PEATMAN & FOGARTY**

Dated: March 16, 2026          By:     /s/ Paul W. Reidl
                                        Paul W. Reidl
                                        preidl@dpf-law.com
                                        Christopher J. Passarelli
                                        cpassarelli@dpf-law.com
                                        Brett J. Leininger
                                        bleininger@dpf-law.com
                                        *Attorneys for Defendants*


**THE KINDER LAW GROUP, APC**

Dated: March 16, 2026          By:     /s/ Brian Kinder
                                        Brian P. Kinder
                                        bkinder@tklglaw.com
                                        *Counsel for Plaintiff*

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    ISSUES TO BE DECIDED.

1.    Whether the final Pretrial Conference, and the related joint pretrial statement due date, should be continued by thirty (30) days.

2.    Whether trial of this action should be continued by two weeks.

### II.    PROCEDURAL HISTORY.

This action was filed on October 9, 2017. ECF 1. Following early motion practice, a first amended complaint was filed on November 29, 2019. ECF 17. Further motion practice ensued, and an answer and counterclaim were filed on January 31, 2020. ECF 25. The Court entered a pre-trial Minute Order on April 28, 2021, pursuant to which, in pertinent part, dispositive motions were to be heard by no later than August 25, 2022. ECF 29. General fact discovery closed on June 3, 2022, and was reopened to allow limited depositions until December 2, 2022 ECF 92. The parties filed dispositive motions on July 20 and 21, 2022. ECF 77, 79. Due to intervening discovery disputes, those motions were not heard by the then-presiding judge, and an order reassigning the case, entered on April 4, 2023, vacated the hearing on those motions. ECF 101. On September 8, 2025, the newly-assigned judge, the Honorable Daniel J. Calabretta, entered an order on the motions. ECF 109.

On September 30, 2025, the Court entered a minute order which, in pertinent part: (1) set a final Pretrial Conference for March 26, 2026, with a joint pretrial statement due not less than seven (7) days prior to the Pretrial Conference, i.e., by March 19, 2026; and (2) set this matter for jury trial on June 1, 2026. ECF 114.

On February 4, 2026, the Court entered a minute order which, in pertinent part, set a settlement conference for March 5, 2026. ECF 123.

### III.    RELEVANT FACTS.

As set forth above, *see* Section II, *supra*, although this matter has been pending for some time, it was reassigned relatively recently to Judge Calabretta, ECF 109, who, promptly after the reassignment, issued an order setting the Pretrial Conference and trial of the matter. ECF 114. The final Pretrial Conference is set for March 26, 2026, with a joint pretrial statement due by March 19, 2026, and trial is set for June 1, 2026. ECF 114. Those dates were set on September 25, 2025. ECF

114.

Some months later, on February 4, 2026, the Court set a settlement conference for March 5, 2026. ECF 123.

The due date for the joint pretrial statement, and the Pretrial Conference itself, run up very close to the date of the settlement conference. Passarelli Decl., ¶¶ 3, 6. The parties believe that the case has a better chance of settling, in the wake of the settlement conference, without having to concurrently prepare for the pretrial conference, and will be better prepared for trial if afforded more time to prepare for the pretrial conference. Passarelli Decl., ¶ 8.  In view of the three-year lapse between motions for summary judgment and the present, Plaintiff will also be seeking an Order from the Court requiring discovery to be supplemented and brought current as well as permitting the deposition of defendant Brad Visman. The parties therefore request that the Court continue both the Pretrial Conference and the due date for the joint pretrial statement by thirty (30) calendars days, such that the Pretrial Conference would occur on April 23, 2026, with the joint pretrial statement due not less than seven (7) days prior to the Pretrial Conference, i.e., by April 16, 2026, or such other dates thereafter as the Court may order in its discretion.

In addition, Christopher Passarelli, counsel for Defendant El Dorado Orchards, Inc., has important personal obligations that conflict with the currently-set trial date of June 1, 2026, which obligations were unknown at the time of entry of the Court's September 30, 2025 minute order setting the trial date. *See* Passarelli Decl., ¶¶ 4-5.

Specifically, Mr. Passarelli has two children attending school in Napa, California, schools. Passarelli Decl., ¶ 4. One child is graduating from high school and another is graduating from middle school. *Id*. The graduation dates conflict with the trial date currently set in this matter. *Id*. Mr. Passarelli would like to be able to attend the respective ceremonies. *Id.*

The scheduling conflict is relatively minor, however, accommodating it would require continuing trial by at least two (2) weeks, from the current June 1, 2026 date to June 15, 2026 or later, in the Court's discretion.

The parties have stipulated to the requested continuance, jointly make this motion requesting the said continuance and, accordingly, respectfully request that the Court grant this motion.

JOINT MOTION TO CONTINUE PRETRIAL
CONFERENCE AND TRIAL DATES, ORDER                5                Case No. 2:17-cv-02085-DJC-CKD

IV.    **ARGUMENT.**

    A.    **RELEVANT LEGAL AUTHORITIES.**

        1.    **Legal Standard on Motion to Continue Trial.**

Once entered, a Rule 16 scheduling conference order "controls the course of the action unless the court modifies it." Fed.R.Civ.P. 16(d). A schedule may be modified for good cause and with the judge's consent. Fed.R.Civ.P. 16(b)(4). Trial courts have broad discretion to grant trial continuances. *Danjaq LLC v. Sony Corp.*, 263 F.3d 942, 961 (9th Cir. 2001); *U.S. v. Flynt*, 756 F.2d 1352, 1358 (9th Cir. 1985). In considering requests for trial continuances, courts generally examine four factors: (1) the moving party's diligence in preparing its case for trial, (2) usefulness of the continuance, (3) inconvenience to the Court and the opposing party, and (4) prejudice to the moving party. *See id.*

    B.    **GOOD CAUSE EXISTS FOR A THIRTY-DAY CONTINUANCE OF THE PRETRIAL CONFERENCE AND JOINT PRETRIAL STATEMENT DUE DATE.**

Good cause exists for the Court to continue the Pretrial Conference and the due date for the joint pretrial statement by thirty days.

The due date for the joint pretrial statement, and the Pretrial Conference itself, run up very close to the date of the settlement conference. Passarelli Decl., ¶ 6. The parties believe that the case has a better chance of settling, in the wake of the settlement conference, without having to concurrently prepare for the pretrial conference, and the parties will be better prepared for trial if afforded more time to prepare for the pretrial conference. Passarelli Decl., ¶ 8. Of course, if the case is able to settle, the cost, expense and time required for trial will be avoided, to the benefit of the Court and the parties alike.

Moreover, a continuance of the Pretrial Conference, such that it would be held closer to trial, will more closely comport with the mandate of Rule 16(e), which requires that the final pretrial conference be held "as close to the start of trial as is reasonable." Fed.R.Civ.P. 16(e).

///

///

**C.    GOOD CAUSE EXISTS FOR A TWO-WEEK CONTINUANCE OF THE TRIAL.**

All four of the factors considered on requests for trial continuances support the short two-week trial continuance being jointly requested by the parties.

First, the parties have diligently prosecuted and defended the case, including conducting discovery, pursuing discovery motions, attempting settlement, and filing dispositive cross-motions.

Second, the continuance is useful because it will permit defense counsel to try the case as planned while also tending to his familial obligations.

Third, the short continuance sought is little, if any, inconvenience to the parties and, assuming sufficient space on its calendar, to the Court as well. In this regard, and as more fully set forth above and in the accompanying Declaration of Christopher Passarelli, the parties have promptly moved for a continuance once it was determined by Mr. Passarelli that a conflict has arisen.

Fourth, neither party will be prejudiced by the requested short (two week) continuance for a trial that is still months away and where discovery has been completed.

**D.    CONCLUSION.**

For all of the reasons set forth herein, the Court should grant this Motion. The parties jointly respectfully request that the Court enter an order continuing the Pretrial Conference and the due date for the joint pretrial statement by thirty (30) calendars days, and continuing trial of this action by two weeks.

///
///
///
///
///
///
///
///
///

Respectfully submitted,

**DICKENSON, PEATMAN & FOGARTY**

Dated: March 16, 2026          By:   */s/ Paul W. Reidl*

Paul W. Reidl
preidl@dpf-law.com
Christopher J. Passarelli
cpassarelli@dpf-law.com
Brett J. Leininger
bleininger@dpf-law.com
*Attorneys for Defendants*

**THE KINDER LAW GROUP, APC**

Dated: March 16, 2026          By:   /s/ Brian Kinder

Brian P. Kinder
bkinder@tklglaw.com
*Counsel for Plaintiff*

# ORDER

Good cause appearing, the Court orders as follows:

1.   The Final Pretrial Conference is CONTINUED to **April 23, 2026, at 1:30 p.m.,** to be held via videoconference, with all associated deadlines extended accordingly; and

2.   Trial is CONTINUED to **June 22, 2026, at 8:30 AM**, in Courtroom 7, before District Judge Daniel J. Calabretta.


PURSUANT TO STIPULATION, IT IS SO ORDERED.


Dated:  March 16, 2026                    /s/ Daniel J. Calabretta
                                          THE HONORABLE DANIEL J. CALABRETTA
                                          UNITED STATES DISTRICT JUDGE